**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ESTADOS UNIDOS MEXICANOS, <br>     Plaintiff, <br><br> v. <br><br> SMITH & WESSON BRANDS, INC.; <br> BARRETT FIREARMS MANUFACTURING, <br> INC.; BERETTA U.S.A. CORP.; BERETTA <br> HOLDING S.P.A.; CENTURY INTERNATIONAL <br> ARMS, INC.; COLT'S MANUFACTURING <br> COMPANY LLC; GLOCK, INC.; GLOCK <br> GES.M.B.H.; STURM, RUGER & CO., INC.; <br> WITMER PUBLIC SAFETY GROUP, INC. <br> D/B/A INTERSTATE ARMS, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. NO.: 1:21-CV-11269-FDS |

### DEFENDANT WITMER PUBLIC SAFETY GROUP, INC. D/B/A INTERSTATE ARMS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Witmer Public Safety Group d/b/a Interstate Arms moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss each and every Count of the Plaintiff's Complaint, for the reasons below, and as set forth in the accompanying Memorandum of Law:

1. Plaintiff Estados Unidos Mexicanos ("Mexico" or "Plaintiff") alleges, in its Complaint, that Defendants Smith & Wesson Brands, Inc., Barrett Firearms Manufacturing, Inc., Beretta U.S.A. Corp., Beretta Holdings P.A., Century International Arms, Inc., Colt's Manufacturing Company LLC, Glock, Inc., Glock GES. M.B.H., Sturm, Ruger & Co., Inc. (collectively "Manufacturer Defendants") are firearms' manufacturers[1] and that Witmer Public Safety Group is a wholesaler of firearms it acquires from the Manufacturer Defendants,[2] and that Defendants are, broadly, negligent in the designing, manufacturing, marketing, advertising,

---

[1] (Compl. ¶¶ 31-39.)
[2] (Compl. ¶¶ 40-43.)

promoting, distributing, supplying, and selling of guns in the United States, and that those activities harmed citizens of Mexico as a result of the use of firearms in the illegal activities of drug cartels.

2.  The Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 *et seq*, (the "PLCAA") bars claims against manufacturers or sellers of firearms for damages, restitution, fines, penalties, or any other relief resulting from the criminal or unlawful misuse of a firearm by a third party, unless six strictly construed exceptions apply. The PLCAA's stated purpose is to "preempt general tort law claims" including those arising in nuisance and negligence, unless an exception applies.

3.  Witmer hereby adopts and incorporates by reference all of the arguments contained in the Defendants' Joint Motion to Dismiss. As discussed in the joint brief, and herein, all of the Plaintiff's claims against Witmer should be dismissed per the PLCAA. The only exception to the PLCAA that the Plaintiff has alleged as to Witmer – negligence per se – is not a recognized cause of action under Mass. law. Furthermore, as to each Count of the Plaintiff's Complaint, Witmer states as follows:

4.  Count I of the Plaintiff's Complaint seeks relief for "negligence" and is explicitly precluded by the PLCAA, and therefore, must be dismissed;

5.  Count II of the Plaintiff's Complaint seeks relief for "nuisance," which is a common-law tort explicitly precluded by the PLCAA, and therefore, must be dismissed;

6.  Count III of the Plaintiff's Complaint seeks relief for 'Defective Condition – Unreasonably Dangerous.' Massachusetts does not recognize a stand-alone product liability tort, apart from common-law negligence clams and the breach of warranty claim available under the UCC as adopted by the Commonwealth of Massachusetts. Plaintiff's Complaint has not alleged facts sufficient to establish a breach of any warranty by Witmer, a non-manufacturer, nor any

breach of duty by Witmer relating to the design or manufacture of any firearm, and furthermore, to the extent that relief is sought under a negligence theory for criminal or unlawful misuse of a firearm, it is explicitly precluded by the PLCAA, and therefore, must be dismissed;

7. Count IV of the Plaintiff's Complaint seeks relief under a theory of "negligence per se." Massachusetts does not recognize a cause of action for 'negligence per se," and, accordingly, Count IV of the Plaintiff's Complaint fails to state a claim upon which relief may be granted, and therefore, Count IV must be dismissed;

8. Count V of the Plaintiff's Complaint seeks relief under a theory of "gross negligence." Massachusetts does not recognize a cause of action for "gross negligence;" separate and distinct from the common-law tort of simple negligence, and accordingly, the claim is barred by the PLCAA;

9. Count VI of the Plaintiff's Complaint seeks relief under a theory described as "unjust enrichment," however, does not state a claim for relief under that equitable doctrine, as Plaintiff's Complaint does not allege that Witmer exacted some uncompensated benefit from the Plaintiff, and therefore this count fails to state a claim upon which relief may be granted. To the extent that this count alleges that the "unjust enrichment" was the defendant's profitable and lawful operation of its business despite harm to the plaintiff resulting from unlawful or criminal misuse of firearms it is barred by the PLCAA, and therefore, Count VI must be dismissed;

10. Count VII of Plaintiff's Complaint seeks relief under the Connecticut Unfair Trade Practices Act ("CUTPA"). To the extent that Count VII is intended to state a claim against Witmer, the allegations are insufficient to support a claim for relief under that statute, as Plaintiff has not alleged that Witmer was a Connecticut business or does business in Connecticut or that Witmer sold any firearm in Connecticut, and therefore, Count VII must be dismissed;

11. Count VIII of the Plaintiff's Complaint seeks relief under the Mass. General Laws, Chapter 93A. To the extent that Count VIII of the Plaintiff's Complaint is intended to state a claim against Witmer, the allegations are insufficient to support a claim for relief, as the Plaintiff's Complaint but fails to allege either compliance with the prerequisites to filing suit under Section 9 of Chapter 93A, or that it is a person entitled to sue under Section 11 of that Chapter. Therefore, Count VIII must be dismissed;

12. Count IX of Plaintiff's Complaint seeks punitive or exemplary damages. This Count fails to state a claim for relief because under Massachusetts law, punitive damages may be awarded only by statute, and no statute permits punitive damages under the facts here alleged;

Wherefore, for the reasons above, and as set forth in the accompanying Memorandum of Law, Counts I-IX of the Plaintiff's Complaint are barred by the PLCAA, or fail to state a claim or describe a cognizable cause of action, and therefore, each count must be DISMISSED.

### REQUEST FOR ORAL ARGUMENT

Defendant Witmer Public Safety Group, Inc. requests oral argument on the issues set forth herein.

Defendant Witmer Public Safety Group, Inc.
By its attorneys,

Respectfully submitted,

*/s/ S. Jan Hueber*
**S. Jan Hueber**
Texas State Bar No. 20331150
**LITCHFIELD CAVO LLP**
100 Throckmorton St., Ste. 500
Fort Worth, Texas 76102
Telephone: (817) 945-8025
hueber@litchfieldcavo.com
*Admitted pro hac vice*


/s/ Nora R. Adukonis
Nora R. Adukonis, BBO #675932
**LITCHFIELD CAVO LLP**
6 Kimball Lane, Suite 200
Lynnfield, MA  01940-2682
(781) 309-1500
adukonis@litchfieldcavo.com


### CERTIFICATE OF SERVICE

I, Nora R. Adukonis, hereby certify the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 22, 2021.

*/s/Nora R. Adukonis*
Nora R. Adukonis