UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ESTADOS UNIDOS MEXICANOS,<br>        Plaintiff,<br><br>v.<br><br>SMITH & WESSON BRANDS, INC.;<br>BARRETT FIREARMS MANUFACTURING,<br>INC.; BERETTA U.S.A. CORP.; BERETTA<br>HOLDING S.P.A.; CENTURY INTERNATIONAL<br>ARMS, INC.; COLT'S MANUFACTURING<br>COMPANY LLC; GLOCK, INC.; GLOCK<br>GES.M.B.H.; STURM, RUGER & CO., INC.;<br>WITMER PUBLIC SAFETY GROUP, INC.<br>D/B/A INTERSTATE ARMS,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO.:  1:21-CV-11269-FDS |

**DEFENDANT WITMER PUBLIC SAFETY GROUP, INC. D/B/A INTERSTATE ARMS'
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................... 5
II.     DISMISSAL OF WITMER IS APPROPRIATE................................................................ 6
III.    LEGAL STANDARD.................................................................................................... 6
IV.     PROTECTION OF LAWFUL COMMERCE IN ARMS ACT ("PLCAA") REQUIRES
        DISMISSAL OF WITMER ............................................................................................ 8
        A.      Mexican Statutes..................................................................................... 10
        B.      Gun Control Act Of 1968 ....................................................................... 11
        C.      National Firearms Act............................................................................. 12
        D.      United States Tort Laws.......................................................................... 12
V.      PLAINTIFF'S ALLEGATIONS in COUNTS 1-9 FAIL AND WARRANT DISMISSAL
        ................................................................................................................................ 14
        A.      NEGLIGENCE (Count One) .................................................................. 14
        B.      PUBLIC NUISANCE (Count Two) ........................................................ 14
        C.      DEFECTIVE CONDITION—UNREASONABLY DANGEROUS (Count Three)
                15
        D.      NEGLIGENCE PER SE (Count Four) .................................................... 15
        E.      GROSS NEGLIGENCE (Count Five)...................................................... 16
        F.      UNJUST ENRICHMENT AND RESTITUTION (Count Six).............................. 17
        G.      CONNECTICUT UNFAIR TRADE PRACTICES ACT ("CUTPA") (Count
        Seven) .................................................................................................................. 18
        H.      MASSACHUSETTS CONSUMER PROTECTION ACT ("Chapter 93A") (Count
        Eight)18
                (i).     Estados Unidos Mexicanos seeks relief as a 'sovereign nation' and not as a
                business engaged in  trade or commerce, and therefore lacks standing to sue pursuant
                to G.L. c. 93A § 11. .................................................................................................. 18

                (ii).    Estados Unidos Mexicanos has failed to plead that it mailed or delivered a
                written demand for relief to each prospective respondent, and therefore, cannot
                proceed with suit under G. L. c. 93A § 9.................................................................... 19

                (iii).   Estados Unidos Mexicanos has not alleged any conduct by Witmer Public
                Safety that meets the standards for "unfair" or "deceptive" conduct within G.L. c.
                93A §§ 9 or 11.......................................................................................................... 20

        I.      PUNITIVE DAMAGES (Count Nine)...................................................... 21
VI.     CONCLUSION......................................................................................................... 22

# TABLE OF AUTHORITIES

**Cases**

*All Seasons Servs., Inc. v. Comm'r of Health & Hosps. of Bos.*, 416 Mass. 269 (1993) .............. 18

*Altman v. Aronson*, 231 Mass. 588, 121 N.E. 505 (1919) ............................................................ 15

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ........................................................................................... 6

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988.) .................................................. 7

*Begelfer v. Najarian*, 381 Mass. 177 (1980)................................................................................. 18

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). .................................................................... 6

*Bennett v. United States*, 389 F. Supp. 2d 121 (D. Mass. 2005)................................................... 20

*Brooks v. Martha's Vineyard Transit Auth.*, 433 F. Supp. 3d 65 (D. Mass. 2020)....................... 18

*Carrozza v. CVS Pharmacy, Inc.*, 992 F.3d 44 (1st Cir. 2021)..................................................... 14

*Christopher v. Father's Huddle Cafe, Inc.,* 57 Mass. App. Ct. 217, 782 N.E.2d 517 (2003)....... 15

*Cigna Ins. Co. v. Oy Saunatec, Ltd.,* 241 F.3d 1, (1st Cir. 2001) ................................................. 14

*Cimino v. Milford Keg, Inc*., 385 Mass. 323, 431 N.E.2d 920 (1982).......................................... 15

*Citigroup Glob. Markets, Inc. v. Salerno*, 445 F. Supp. 2d 124 (D. Mass. 2006) ........................ 20

*City of New York v. Beretta U.S.A. Corp*., 524 F.3d 384 (2nd Cir. 2008).................................... 10

*Clean Harbors of Braintree, Inc. v. Bd. of Health of Braintree,* 409 Mass. 834 (1991). ............. 18

*Cont'l Ins. Co. v. Bahnan*, 216 F.3d 150 (1st Cir. 2000). ............................................................. 17

*Corletto v. White*, No. 1882CV00502, 2021 WL 1056286 (Mass. Super. Jan. 28, 2021)............ 15

*Debnam v. FedEx Home Delivery*, 766 F.3d 93 (1st Cir. 2014)..................................................... 17

*DeLellis v. Johnson & Johnson*, No. CV 20-11665-MLW, 2021 WL 3206772 (D. Mass. July 26, 2021)............................................................................................................................................ 14

*Evans v. Cerberus Cap. Mgmt., L.P*., No. CIV.A. 13-13271-GAO, 2014 WL 4794403 (D. Mass. Sept. 24, 2014). ........................................................................................................................... 20

*Frisone v. Bear Stearns & Co*., 1983 WL 1313 (D. Mass. 1983)................................................. 20

*Frullo v. Landenberger*, 61 Mass. App. Ct. 814 (2004). .............................................................. 17

*Fulton v. Gauthier*, 357 Mass. 116, 256 N.E.2d 419 (1970). ...................................................... 16

*Grajales v. P.R. Ports Auth.,* 682 F.3d 40 (1st Cir.2012) ............................................................... 6

*Guzman v. MRM/Elgin,* 409 Mass. 563 (1991). ........................................................................... 13

*Haddad v. Wal-Mart Stores, Inc.,* 455 Mass. 91 (2009).............................................................. 20

*Hiam v. HomeAway.com, Inc*., 267 F. Supp. 3d 338  (D. Mass. 2017), aff'd, 887 F.3d 542 (1st Cir. 2018). ................................................................................................................................... 19

*Ileto v. Glock*, 565 F.3d 1126 (9th Cir. 2009), *cert denied*, 560 U.S. 924 (2010). ...... 11, 12, 15, 16

*Int'l Fid. Ins. Co. v. Wilson*, 387 Mass. 841 (1983). .................................................................... 20

*Juliano v. Simpson,* 461 Mass. 527, 962 N.E.2d 175 (2012)........................................................ 15

*Kunelius v. Town of Stow*, 588 F.3d 1 (1st Cir. 2009). ............................................................ 17, 18

*Mason v. General Motors Corp*., 397 Mass. 183 (1986).............................................................. 14

*Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.,* 412 F.3d 215 (1st Cir.2005) ......... 16

*Morales–Cruz v. Univ. of P.R.,* 676 F.3d 220 (1st Cir.2012). .................................................... 6, 7

*Nordberg v. Town of Charlton*, No. CIV.A. 11-40206-FDS, 2012 WL 2990763 (D. Mass. July 19, 2012)...................................................................................................................................... 20

*Ponte v. Rodriques*, No. CIV.A. 86-0677-S, 1987 WL 13245 (D. Mass. June 15, 1987)............ 15

*Prescott v. Slide Fire Solutions, LP*, 410 F. Supp.3d 1123 (D. Nevada 2019)............................... 8

*Reed v. Zipcar, Inc.,* 883 F. Supp. 2d 329 (D. Mass. 2012), aff'd, 527 F. App'x 20 (1st Cir. 2013)............................................................................................................................................ 16

*Republic of Turkey v. OKS Partners,* 797 F. Supp. 64 (D. Mass. 1992). ..................................... 18

*Roche v. Morgan Collection, Inc*., 882 F. Supp. 2d 247 (D. Mass. 2012)..................................... 16

*Rodi v. S. New England Sch. Of* L., 389 F.3d 5 (1st Cir. 2004)..................................................... 19

*S. Shore Hellenic Church, Inc. v. Artech Church Interiors, Inc*., 183 F. Supp. 3d 197 (D. Mass. 2016)......................................................................................................................................... 18

*Schuster v. Harbor*, 471 F. Supp. 3d 411 (D. Mass. 2020)........................................................... 19

*SEC v. Tambone,* 597 F.3d 436 (1st Cir.2010) (en banc). .............................................................. 7

*Smith v. Jenkins*, 732 F.3d 51 (1st Cir. 2013). .............................................................................. 18

*Tallarico v. Tierney*, 92 Mass. App. Ct. 1102, 87 N.E.3d 1200 (2017)........................................ 17

*Timperio v. Bronx-Lebanon Hospital Center,* 384 F. Supp. 425 (S.D.N.Y. 2019). ..................... 14

*Tomasella v. Nestle USA, Inc.,* 962 F.3d 60 (1st Cir. 2020)................................................... 19, 20

*Town of Westport v. Monsanto* Co., No. 14-12041, 2017 WL 1347671 (D. Mass. Apr. 7, 2017). ............................................................................................................................................... 14

*United States v. Grier*, 354 F.3d 210 (3rd Cir. 2003). .................................................................. 10

*Watkins v. Omni Life Sci., Inc.,* 692 F. Supp. 2d 170 (D. Mass. 2010). ....................................... 16

*Westchester Assocs., Inc. v. Bos. Edison Co.,* 47 Mass. App. Ct. 133 (1999)................................ 20

*Zavras v. Capeway Rovers Motorcycle Club*, 44 Mass.App.Ct. 17, 687 N.E.2d 1263 (1997)..... 16

**Statutes**

15 U.S.C. § 7901......................................................................................................................... 7, 9

15 U.S.C. § 7903................................................................................................................ 8, 9, 11, 14

18 U.S.C. § 921............................................................................................................................... 10

26 U.S.C. § 5861............................................................................................................................. 10

**Treatises**

Restatement (Third) of Torts § 14. ................................................................................................. 8

TO THIS HONORABLE COURT:

Defendant Witmer Public Safety Group, Inc. D/B/A Interstate Arms ("Witmer") files this Memorandum of Law in Support ("Memorandum") of its Motion to Dismiss ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Witmer requests that the Court dismiss each of the claims asserted against Witmer in Plaintiff's Complaint (the "Complaint") and addressed in its Motion and this Memorandum, and would respectfully show the Court the following:

## I.      INTRODUCTION

1.      Plaintiff Estados Unidos Mexicanos ("Mexico" or "Plaintiff") filed its Complaint against certain gun manufacturers and Witmer, a duly licensed distributor of firearms in the United States of America with no operations or business in Mexico. Plaintiff alleges that the Defendants Smith & Wesson Brands, Inc., Barrett Firearms Manufacturing, Inc., Beretta U.S.A. Corp., Beretta Holdings P.A., Century International Arms, Inc., Colt's Manufacturing Company LLC, Glock, Inc., Glock GES. M.B.H., Sturm, Ruger & Co., Inc. (collectively "Manufacturer Defendants") are firearms' manufacturers[1] and that Witmer is a wholesaler of firearms it acquires from the Manufacturer Defendants.[2]

2.      Defendant, Witmer Public Safety Group, is a family-owned business in Pennsylvania started by a former fire fighter. Witmer supports law enforcement, fire fighters, and medical first responders in their professional careers. It is a premier leader in the fire defense industry for its gear and technical equipment that protects America's fire fighters in even the most-challenging of situations. It prides itself on equipping law enforcement with quality gear that

---

[1] Compl. ¶¶ 31-39.
[2] Compl. ¶¶ 40-43.

allows them to perform their jobs to serve and protect the citizenry of the United States. Witmer supplies medical first responders with the tools to save lives when emergencies and tragedies happen.  "Equipping Heroes" is a culture for Witmer. It is not a major wholesaler of firearms, nor is it the United States' oldest gun wholesaler, as Plaintiff asserts in its Complaint.[3]

3.      Contrary to Plaintiff's allegations, Witmer never acquired Interstate Arms Corp. Instead, Witmer acquired certain assets from Interstate Arms Corp. in January 2019 pursuant to an Asset Purchase Agreement. Interstate Arms Corp. remained a separate and distinct legal entity after that sale and was subsequently dissolved by the stockholders of that corporation.[4]

4.      Plaintiff alleges that Defendants were negligent in the designing, manufacturing, marketing, advertising, promoting, distributing, supplying, and selling of guns in the United States, and that those activities harmed citizens of Mexico.[5]

## II.    DISMISSAL OF WITMER IS APPROPRIATE

5.  Witmer should be dismissed because:

- Plaintiff pleads no factual allegations upon which a claim for relief can be granted;
- All of the claims in the Complaint are barred by The Protection of Lawful Commerce in Arms Act ("PLCAA");
- Plaintiff makes vague, overbroad, and all-encompassing claims against "Defendants." It is impossible to determine which causes of action and/or allegations are actually directed at Witmer; and
- Plaintiff's Complaint does not give Witmer fair notice of the allegations and claims against it nor does it make specific, discrete, or direct allegations against Witmer.

## III.    LEGAL STANDARD

6.      Pursuant to Federal Rule of Civil Procedure 12(b)(6), a case must be dismissed when

---

[3] Compl. ¶¶ 40-41. Below, Witmer establishes the standards applicable to this motion.  Only well-pleaded facts showing a plausible claim are to be accepted.  Witmer does not wish to contest any well-pleaded fact at this time, but does wish to show its intention to set the record straight.

[4] On January 23, 2019, Interstate Arms Corp., a Massachusetts corporation changed its name to Interstate Sales Corp. Interstate Sales Corp. was subsequently dissolved on December 26, 2019.

[5] Compl. ¶¶ 507-510.

the allegations asserted in the petition fail "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The United States Supreme Court has addressed the standard of pleading in order to state a claim for relief and avoid dismissal under Federal Rule of Civil Procedure 12(b)(6). In *Bell Atlantic Corp. v. Twombly*[6], the Supreme Court held that the factual allegations in a complaint must move beyond the mere possibility of the existence of a cause of action to establish plausibility of entitlement to relief. The Supreme Court expressly rejected the standard that a plaintiff states a cause of action if the allegations raise the possibility that the plaintiff could establish some set of facts to support recovery.[7]

7.      Likewise, in *Ashcroft v. Iqbal*[8], the United States Supreme Court held that "the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions." Further, "labels and conclusions, a formulaic recitation of the elements of a cause of action, or tender of naked assertions devoid of further factual enhancement do not suffice" to state a claim upon which relief can be granted.[9] Conducting a plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]  For a claim to withstand a motion to dismiss, it need not show that recovery is probable, but it must show "more than a sheer possibility" of liability.[11] The plausibility standard invites a two-step analysis.[12] At the first step, the court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)."[13] At the second step, the court must determine whether the remaining factual content allows a

---

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557–558 (2007).

[7] *Id.* at 561–563. (Emphasis added.)

[8] *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)(Emphasis added).

[9] *See Iqbal at 678.*

[10] *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.

[11] *Id.* at 678, 129 S.Ct. 1937.

[12] *Grajales v. P.R. Ports Auth.,* 682 F.3d 40, 45 (1st Cir.2012).

[13] *Morales–Cruz v. Univ. of P.R.,* 676 F.3d 220, 224 (1st Cir.2012).

"reasonable inference that the defendant is liable for the misconduct alleged."[14]

8.     A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."[15] "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." [16] In this case, Plaintiff asserts a series of summary allegations and legal conclusions devoid of factual support. But, as *Iqbal* and *Twombly* make clear, these allegations are not accepted as true; nor are they sufficient to show a plausible claim for relief. Here, Plaintiff wholly fails to allege a plausible claim. Moreover, that failure is incurable. The Complaint does not contain any allegations that support an inference, much less demonstrably show any fact upon which Witmer is, or may be, liable for any alleged misconduct as required to satisfy Plaintiff's pleading requirements of *Twombly* and *Iqbal.* It is reasonable to assume that Plaintiff would include factual allegations to support its claim in its voluminous 135 page Complaint if it could do so. There are none. Thus, the only reasonable inference is that Plaintiff did not include any such allegations because it could not do so without running afoul of the Court's good faith pleading requirements.

## IV.     THE PROTECTION OF LAWFUL COMMERCE IN ARMS ACT ("PLCAA") REQUIRES DISMISSAL OF WITMER

9.     Plaintiff's claims against Witmer must be dismissed pursuant to the PLCAA, 15 U.S.C. § 7901, et seq. The PLCAA has six enumerated exceptions. Only the ones arguably applicable to Witmer are discussed herein.   However, the enumerated exceptions are:

- Actions brought against a transferor convicted under 18 U.S.C. § 924(h) or a comparable or identical state felony law, by a party directly harmed by the conduct of which the transferee is so convicted.
- An action brought against a seller for negligent entrustment or negligence per se.

---

[14] *Id.*

[15] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988.)

[16] *SEC v. Tambone,* 597 F.3d 436, 442 (1st Cir.2010) (en banc).

- An action in which a manufacturer or seller of a qualified product violated a state or federal law applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought.
- An action for breach of warranty in connection with the purchase of the product.
- An action for death, physical injuries or property damage resulting directly from a defect in design or manufacture when used as intended.
- An action or proceeding commenced by the Attorney General to enforce the provisions of Chapter 44 of Title 18 or Chapter 53 of Title 26.

10.     Of the six exceptions to the PLCAA liability shield, two of them, negligent entrustment and negligence per se, only apply to gun sellers such as Witmer, and not gun manufacturers. Thus, this memorandum will address those exceptions and demonstrate they have no application here.[17] Plaintiff does not assert a claim of negligent entrustment against Witmer and has not alleged any facts that could support such a claim. As such, the negligent entrustment exception to the PLCAA does not apply.

11.     Likewise, Plaintiff fails to state a viable cause of action under the negligence per se exception to the PLCAA. The negligence per se exception applies only where a seller, "[v]iolates a statute that is designed to protect against the type of accident the actor's conduct causes, and the accident victim is within the class of persons the statute is designed to protect."[18] Moreover, Massachusetts does not recognize negligence per se as a cause of action; rather, any alleged statutory violation is merely evidence of common-law negligence, which is barred under the PLCAA.  As discussed below, Plaintiff fails to plead a viable cause of action for negligence per se against Witmer; therefore, the negligence per se exception to PLCAA's liability shield is not applicable to Plaintiff's claims against Witmer.

---

[17] *See* 15 U.S.C. 7903(5)(A)(ii).

[18] Restatement (Third) of Torts § 14. See also *Prescott v. Slide Fire Solutions, LP*, 410 F. Supp.3d 1123, 1134 (D. Nevada 2019)(Allegations in suit by victims of Las Vegas mass shooting, in which shooter utilized a "bump stock" to increase rate of fire, did not support a claim of negligence per se, and negligence per se claim was properly dismissed under PLCAA, as applicable Nevada statutes governing breach of implied warranty of merchantability and deceptive trade practices were not intended to protect against the injuries asserted by Plaintiffs).

12.     One of the exceptions states as follows:

…an action in which a manufacturer or seller of a qualified product knowingly violated a **State or Federal statute** applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought….[19]

13.     Plaintiff references several statutes that one or more Defendants allegedly violated as a basis for the predicate statute exception to the PLCAA under 15 U.S.C. § 7903(A)(iii). The referenced statutes are not predicate statutes under the PLCAA and Plaintiff has failed to allege any facts indicating that Witmer actually violated any applicable predicate statute.

## A.  Mexican Statutes

14.     The PLCAA was enacted to prevent the exact type of lawsuit that the Plaintiff is attempting to pursue against Witmer. The Congressional Findings that describe the purposes of the PLCAA include the following:

Businesses in the United States that are engaged in interstate and foreign commerce through the lawful design, manufacture, marketing, distribution, importation or sale to the public of firearms or ammunition products that have been shipped or transported in interstate or foreign commerce are not, and should not, be liable for the harm caused by those who criminally or unlawfully misuse firearm products or ammunition products that function as designed and intended.[20]

15.     The purposes of this chapter are as follows:

"To prevent the use of such lawsuits to impose unreasonable burdens on interstate and foreign commerce."[21]

16.     Thus, in enacting the PLCAA, Congress intended to protect gun manufacturers and licensed sellers from lawsuits based upon the sale of guns that were shipped or transported in

---

[19] 15 U.S.C. § 7903(5)(A)(iii)(emphasis added).
[20] 15 U.S.C. § 7901(a)(5).
[21] 15 U.S.C. § 7901(b)(4).

connection with both interstate and foreign commerce. It would make no sense to insulate gun manufacturers and sellers from lawsuits in connection with interstate sales; then to subject them to liability for interstate sales of guns that were subsequently transported to a foreign country by unidentified third parties. Allowing lawsuits against domestic firearm sellers for the criminal misuse of guns in a foreign country would impose an unreasonable burden on interstate commerce. Further, it would give greater rights to citizens of foreign nations against federally licensed firearms distributors than United States citizens enjoy.

17.     In Congress' stated Findings and Purposes of PLCAA, it repeatedly used the terms "interstate" and "foreign" in describing the commerce that the PLCAA was enacted to protect. If Congress had intended a foreign statute to serve as a predicate exception to the PLCAA, it could have stated, in the above-referenced section: "… State or Federal or <u>foreign</u> statute." Congress did not do so; therefore, a foreign law or statute cannot serve as a predicate statute for purposes of that exception to the PLCAA.  Subjecting a licensed United States firearms seller to lawsuits from foreign nations, while precluding such lawsuits by United States citizens, is an absurd reading of the statute. If Congress had intended to give citizens of foreign nations or foreign nations themselves greater rights than U.S. citizens, Congress surely would have made such an intent abundantly clear.

**B.  Gun Control Act Of 1968**

18.     The Gun Control Act[22] ("GCA") predates PLCAA by several decades.  Its principal provision is to prohibit the sale of guns without a license. There are no allegations that Witmer was not a licensed firearms distributor. Further, there are no specific factual allegations in the Complaint demonstrating any alleged violation of the GCA by Witmer. As such, the GCA does

---

[22] 18 U.S.C. § 921 *et seq.*

not provide a basis for Plaintiff to avoid PLCCA's liability shield in this case.

## C. National Firearms Act

19.     The National Firearms Act[23] prohibits the transferring, making or possessing of machine guns except as otherwise authorized by law.[24] Plaintiff does not allege that Witmer sold, manufactured, or transferred machine guns in violation of the National Firearms Act. Therefore, in this case, this statute cannot serve as a basis to apply the predicate statute exception to PLCAA's broad liability shield.

## D. United States Tort Laws

20.     In *City of New York v. Beretta U.S.A. Corp.*[25], the plaintiff, City of New York, presented a claim that was nearly identical to the claims presented by the subject Plaintiff, Mexico. In *City of New York*, the plaintiff commenced an action against numerous firearms manufacturers and distributors, alleging that they legally sold guns to buyers with the knowledge that the guns would be diverted to illegal markets.[26] The City alleged various mechanisms by which the defendants facilitated the movement of legally distributed guns into illegal markets, including gun shows; private sales or "kitchen table" sales; straw purchases; multiple sales; intentional illegal trafficking; thefts from FFLs with poor security; and oversupplying of the market.  The City sought injunctive relief of the alleged public nuisance.[27] In the instant case, Mexico has alleged similar conduct in the subject litigation.

21.     In *City of New York*, the 2nd Circuit concluded that the PLCAA applied to the plaintiff's claims and thus, dismissal was required unless the claims fell within one of the

---

[23] 26 U.S.C. § 5861.
[24] See *United States v. Grier*, 354 F.3d 210, 213 (3rd Cir. 2003).
[25] *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384 (2nd Cir. 2008), cert denied, 556 U.S. 1104 (2009).
[26] *Id*. at 389.
[27] *Id*. at 391.

enumerated PLCAA exceptions. The City of New York alleged that the claims fell within a statutory, predicate exception to the PLCAA, based upon the defendants' alleged violation of a New York penal Law regarding criminal nuisance.[28] In support of their Motions to Dismiss, the defendants contended that the PLCAA predicate exception, 15 U.S.C. 7903(A)(iii), only applied to statutes that were applicable to the sale or marketing of firearms, and not to general tort liability statutes. The 2nd Circuit concluded that the term "applicable to" in the predicate exception to PLCAA, means statutes that "… clearly can be said to regulate the firearms industry."[29] Accordingly, the 2nd Circuit dismissed all of the plaintiff's claims and that same result should follow in this case.

22.     Moreover, in *Ileto v. Glock*,[30] the plaintiff brought suit against various manufacturers, sellers, and distributers of firearms following a mass shooting at a summer camp in California. The plaintiff alleged that the defendants violated various California tort laws, including negligence and public nuisance. The defendants moved to dismiss pursuant to the PLCAA, and argued that the plaintiffs failed to allege a requisite predicate statute in support of an alleged knowing violation of a statute applicable to the sale or marketing of firearms. In *Ileto*, the Court referred to the "primary purpose" of PLCAA as being to prohibit causes of action against manufacturers, distributors, dealers and importers of firearms or ammunition products, and their trade associations, for the harm solely caused by the criminal or unlawful misuse of firearm products or ammunition products by others when the product functioned as designed and intended.[31]

23.     The 9th Circuit in *Ileto* cited to PLCAA's aforementioned primary purpose in stating

---

[28] *Id*. at 399.

[29] *Id*. at 402.

[30] *Ileto v. Glock*, 565 F.3d 1126 (9th Cir. 2009), *cert denied*, 560 U.S. 924 (2010).

[31] *Id*. at 1135, citing, 15 U.S.C. 7901(b)(1).

that: "In view of those congressional findings and that statement of purpose, Congress clearly intended to preempt common-law claims, such as general tort theories of liability. Plaintiffs' claims – 'classic negligence and nuisance', are general tort theories of liability that traditionally have been embodied in the common law."[32] The 9th Circuit held as follows: "The purpose of the PLCAA leads us to conclude that Congress intended to preempt general tort law claims such as the Plaintiffs', even though California has codified those claims in its civil code."[33] Thus, all of Plaintiff's various tort claims against Witmer, including those contained in specific state tort statutes, are preempted by PLCAA and should be dismissed.

## V.     PLAINTIFF'S ALLEGATIONS IN COUNTS 1-9 FAIL AND WARRANT DISMISSAL

### A.  NEGLIGENCE (Count One)

24.     As established above, Plaintiff's negligence allegations against Witmer fail. *See* ¶¶ 8-23. Plaintiff attempts to use negligence as a means to hold the gun industry responsible for the acts of third-party criminals. The PLCAA clearly states that a tactic such as this will not be allowed and PLCAA will control, resulting in a complete dismissal of all negligence claims against Witmer.

### B.  PUBLIC NUISANCE (Count Two)

25.     In ¶¶ 18-23, Witmer establishes that Plaintiff's public nuisance claims fail because they are subsumed within and preempted by PLCAA. The developed case law from across the United States, confirms that using allegations of public nuisance against licensed gun manufacturers and sellers to try to impose liability for the actions of criminals is not viable. PLCAA preempts such claims and requires their dismissal.

---

[32] *Id*. at 1135 (internal citations omitted).
[33] *Id*. at 1138.

## C.  DEFECTIVE CONDITION—UNREASONABLY DANGEROUS (Count Three)

26.     The Complaint's Count Three does not plead a breach of warranty claim pursuant to Massachusetts' UCC. Nor does it allege facts sufficient to describe a breach of duty of care in the design or manufacture of a particular product. Further, there is no allegation that Witmer ever designed or manufactured any firearm.  It is well-settled in Massachusetts, that "there is no strict liability in tort apart from liability for breach of warranty under the Uniform Commercial Code[.]"[34] "The Supreme Judicial Court has specifically stated that it is unwilling to hold 'that, apart from liability for breach of warranty under our statute, there may be liability without fault for defective products.'"[35] Furthermore, "Massachusetts law does not allow for the categorical imposition of liability on an entire class of products."[36] "A design defect claim, in other words, cannot be premised on the conclusion that the product should have never existed in the first place."[37]  Nevertheless, Count Three asserts that an entire category of goods "should never have existed in the first place."  Based on *DeLellis* and *Town of Westport,* this assertion is legally wrong. To the extent it can be construed as asserting a claim against Witmer, it should be dismissed.

## D.  NEGLIGENCE PER SE (Count Four)

27.     Negligence per se is one of the six enumerated exceptions to PLCAA, but that exception only applies to firearms sellers.[38] PLCAA does not define negligence per se; therefore, the jurisdiction in which a lawsuit has been commenced determines the elements of such a claim.[39]

---

[34] *Guzman v. MRM/Elgin,* 409 Mass. 563, 569 (1991) (*quoting Swartz v. Gen. Motors Corp*., 375 Mass. 628, 378 N.E.2d 61, 62 (1978)).

[35] *Mason v. General Motors Corp*., 397 Mass. 183 (1986) *as cited and quoted in Carrozza v. CVS Pharmacy, Inc.,* 992 F.3d 44, 59 (1st Cir. 2021); *see also Cigna Ins. Co. v. Oy Saunatec, Ltd.,* 241 F.3d 1, 15 (1st Cir. 2001) ("Negligent design claims, as with all claims of negligence, require a plaintiff to prove that the defendant breached a legally cognizable duty of care and that the breach caused the plaintiff actual harm.").

[36] *DeLellis v. Johnson & Johnson*, No. CV 20-11665-MLW, 2021 WL 3206772, at *7 (D. Mass. July 26, 2021).

[37] *Id.* (citing and quoting *Town of Westport v. Monsanto* Co., No. 14-12041, 2017 WL 1347671, at *4 (D. Mass. Apr. 7, 2017)).

[38] 15 U.S.C. § 7903(5)(a)(ii).

[39] *Timperio v. Bronx-Lebanon Hospital Center,* 384 F. Supp. 425, 434 (S.D.N.Y. 2019)(Because PLCAA does not

---

Negligence per se is not a recognized cause of action under Massachusetts law. "The Commonwealth does not follow the doctrine of negligence per se, whereby the standard of lawful conduct in a criminal statute also sets a standard of care for tort actions and thus violation of a statute, without more, may establish a breach of duty."[40] Rather, "…violation of a statute ... is only 'some evidence' of the defendant's negligence as to all consequences the statute was intended to prevent."[41] "A duty of care must already exist before a plaintiff can use a defendant's statutory violation to support a claim of tort liability.[42]

28.     Thus, under Massachusetts law, negligence per se does not exist as a separate cause of action. Rather, any alleged statutory violation is simply some evidence of a common-law negligence claim.  But PLCAA directly prohibits common law negligence claims. Therefore, Plaintiff's negligence per se claims against Witmer must be dismissed.[43] Further, even if negligence per se was a viable cause of action in Massachusetts, this claim should still be dismissed.  Plaintiff fails to identify any specific statute that Witmer allegedly violated that was enacted to protect Plaintiff. Further, there is no allegation of how Witmer's alleged statutory violation could have proximately caused Plaintiff's alleged injuries.

### E. GROSS NEGLIGENCE (Count Five)

29.     "[G]ross negligence is merely a degree of negligence, not different in kind or effect from ordinary negligence."[44] The distinction between "gross negligence" and ordinary negligence

---

define negligence per se, the Court must look to New York law to determine the elements of such a claim.)

[40] *Juliano v. Simpson,* 461 Mass. 527, 532, 962 N.E.2d 175, 179–80 (2012) (internal citations omitted).

[41] *Id*. (quoting *Bennett v. Eagle Brook Country 180 Store, Inc.*, 408 Mass. 355, 358–359, 557 N.E.2d 1166 (1990)) quoting *Cimino v. Milford Keg, Inc*., 385 Mass. 323, 327, 431 N.E.2d 920 (1982))).

[42] *Id.*

[43] *Ileto v.Glock,* 5656 F.3d 1126, 1135 (9th Cir. 2009), cert. denied, 560 U.S. 924 (2010).

[44] *Altman v. Aronson*, 231 Mass. 588, 121 N.E. 505 (1919) *as cited and discussed in Ponte v. Rodriques*, No. CIV.A. 86-0677-S, 1987 WL 13245, at *5 (D. Mass. June 15, 1987); *see also Corletto v. White*, No. 1882CV00502, 2021 WL 1056286, at *3 (Mass. Super. Jan. 28, 2021) (granting summary judgment on "gross negligence" claim where the plaintiff had a claim for negligence, there would be no reason to consider higher gross negligence standard).

has relevance in certain contexts and for certain causes of action[45]. However, none of those contexts or causes of action are at issue here.

30.    Plaintiff's Complaint does not describe any of the handful of scenarios in which a distinction between "gross negligence" and "ordinary negligence" is relevant. Furthermore, even if "gross negligence" were a stand-alone cause of action in Massachusetts, the distinction between "gross" and "simple" negligence is irrelevant, as the PLCAA bars both.[46]

### F. UNJUST ENRICHMENT AND RESTITUTION (Count Six)

31.    Count Six should be dismissed because Plaintiff fails to plead facts demonstrating that Plaintiff conferred any benefit on Witmer under circumstances in which retention of the benefit would be inequitable. "Unjust enrichment is an equitable stopgap for occasional inadequacies in contractual remedies at law."[47] "Unjust enrichment requires a plaintiff to prove that 1) she conferred a benefit upon the defendant, 2) the defendant accepted the benefit and 3) the defendant's retention of the benefit would be inequitable without payment for its value."[48] Unadorned, conclusory recitals of these elements are insufficient to survive a motion to dismiss.[49] In this case, Plaintiff fails to allege facts that would support a claim for unjust enrichment or restitution against Witmer.  Count Six should be dismissed.

---

[45] *See, e.g  Christopher v. Father's Huddle Cafe, Inc.,* 57 Mass. App. Ct. 217, 230, 782 N.E.2d 517, 529 (2003) (punitive damages are available in wrongful death on where there was gross negligence); *Zavras v. Capeway Rovers Motorcycle Club*, 44 Mass.App.Ct. 17, 687 N.E.2d 1263 (1997) (plaintiff seeking to avoid pre-accident liability release must establish gross negligence); *Fulton v. Gauthier*, 357 Mass. 116, 117, 256 N.E.2d 419, 420 (1970) (plaintiff who was passenger required to establish gross negligence to recover from driver under former statutory regime))

[46] See *Ileto*, 565 F.3d 1126, 1161, n.16 (discussing legislative history and omission of causes of action that "seek under a gross negligence or simple negligence standard [to] create a duty on the part of sellers and manufacturers…)

[47] *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.,* 412 F.3d 215, 234 (1st Cir.2005) *as cited in Watkins v. Omni Life Sci., Inc.,* 692 F. Supp. 2d 170, 179 (D. Mass. 2010).

[48] *Reed v. Zipcar, Inc.,* 883 F. Supp. 2d 329, 334 (D. Mass. 2012), aff'd, 527 F. App'x 20 (1st Cir. 2013).

[49] *Roche v. Morgan Collection, Inc*., 882 F. Supp. 2d 247, 259 (D. Mass. 2012) (allegations that plaintiff "conferred a benefit upon Defendants by performing her work for them," "Defendants had an appreciation or knowledge of the benefit," "Defendants accepted and retained the benefit," "[u]nder the circumstances, it is inequitable for Defendant[s] to retain the benefit without payment to Plaintiff" were insufficient to survive Motion to Dismiss.").

## G.  CONNECTICUT UNFAIR TRADE PRACTICES ACT ("CUTPA") (Count Seven)

32.    The Connecticut Unfair Trade Practices Act, ("CUTPA"), is a Connecticut statute that applies to Connecticut citizens and businesses. Plaintiff does not allege that Witmer was a Connecticut business, that Witmer does business in Connecticut, or that Witmer sold any firearm in Connecticut. Therefore, CUTPA has no applicability to Witmer, and the Complaint fails to state a viable CUTPA cause of action against Witmer.

## H.  MASSACHUSETTS CONSUMER PROTECTION ACT ("Chapter 93A") (Count Eight)

33.    The Complaint does not seem to assert a claim against Witmer under G.L. c. 93A § 9.  The fact that this is unclear is itself a basis for dismissal. If Plaintiff is asserting such a claim, it must be dismissed because Plaintiff lacks standing to assert it, and because Plaintiff failed to satisfy the required procedural prerequisites.  G.L. c. 93A §§ 9 and 11 provide separate, mutually exclusive causes of action for violations of G.L. c. 93A § 1.[50] Chapter 93A "distinguishes between 'consumer' and 'business' claims, the former actionable under § 9, the latter actionable under § 11."[51]

> ### (i).    Plaintiff seeks relief as a ʹsovereign nationʹ and not as a business engaged in  trade or commerce, and therefore lacks standing to sue pursuant to G.L. c. 93A § 11.

34.    G.L. c 93A § 11 "creates a cause of action **only** if both parties were engaged in 'trade or commerce' when they took part in the transactions giving rise to the suit."[52] In making

---

[50] *Kunelius v. Town of Stow*, 588 F.3d 1, 16 (1st Cir. 2009)(citing *Frullo v. Landenberger*, 61 Mass. App. Ct. 814, 821 (2004)).

[51] *Frullo*, 61 Mass. App. Ct. at 821 *see also Cont'l Ins. Co. v. Bahnan*, 216 F.3d 150, 156 (1st Cir. 2000) ("Withal, section 11 affords no relief to consumers and, conversely, section 9 affords no relief to persons engaged in trade or commerce.").

[52] *Debnam v. FedEx Home Delivery*, 766 F.3d 93, 96 (1st Cir. 2014) *Emphasis added*.

an inquiry into the applicability of § 11 to a particular case, a court must first determine whether there was "a commercial transaction between a person engaged in trade or commerce [and] another person engaged in trade or commerce, [and if] so, then the court must determine 'whether the individuals were acting in a 'business context.'"[53] This determination requires consideration of "the nature of the transaction, the character of the parties involved, and the activities engaged in by the parties."[54] Churches, non-profits, government and quasi-government entities do not act in "trade or commerce" simply by pursuing their core missions or legislative mandates.[55]

35.     Plaintiff refers to itself as "the Government," and alleges that it is a "is a sovereign nation that shares a border with the United States" that "brings this action in its own behalf."[56] The Complaint asserts that Plaintiff suffered a loss of "money or property" including "significant expenses for police, emergency, health, prosecution, corrections, and other services, as well as other extensive economic losses."[57] Where enumerated, these economic losses are described in terms of increased expenses associated with satisfying Plaintiff's duties as the government of a foreign nation.[58] Plaintiff seeks redress as a sovereign nation, not an entity engaged in 'trade or commerce' and therefore cannot pursue a claim under § 11.[59]

> ### (ii).     Plaintiff failed to plead that it mailed or delivered a written demand for relief to each prospective respondent, and therefore, cannot proceed with suit under G. L. c. 93A § 9.

---

[53] *Tallarico v. Tierney*, 92 Mass. App. Ct. 1102, 87 N.E.3d 1200 (2017).

[54] *Begelfer v. Najarian*, 381 Mass. 177, 191 (1980).

[55] *See, e.g. S. Shore Hellenic Church, Inc. v. Artech Church Interiors, Inc*., 183 F. Supp. 3d 197, 201 (D. Mass. 2016) (Church); *Kunelius v. Town of Stow*, 588 F.3d 1, 18 (1st Cir.2009) (non-profit); *All Seasons Servs., Inc. v. Comm'r of Health & Hosps. of Bos.*, 416 Mass. 269, 272 (1993) (non-profit municipal hospital not engaged in trade or commerce); *Brooks v. Martha's Vineyard Transit Auth*., 433 F. Supp. 3d 65, 78 (D. Mass. 2020) (quasi-government transit authority not engaged in trade or commerce).

[56] Pl. Compl. ¶30.

[57] Pl. Compl. ¶556.

[58] Pl. Compl. ¶¶448-450.

[59] *See Clean Harbors of Braintree, Inc. v. Bd. of Health of Braintree,* 409 Mass. 834, 841 (1991) (town acting in governmental capacity was not entitled to bring an action under section eleven); *Republic of Turkey v. OKS Partners,* 797 F. Supp. 64, 68 (D. Mass. 1992) (Republic of Turkey was a person "other than a person entitled to bring action under section eleven" and therefore may pursue claim under § 9).

36.     G. L. c. 93A § 9 "requires that a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent."[60] "One function of the demand letter 'is to encourage negotiation and settlement by notifying prospective defendants of claims arising from allegedly unlawful conduct" and therefore must "set out specifically any activities ... as to which they seek relief."[61] "The statutory notice requirement is not merely a procedural nicety, but, rather, 'a prerequisite to suit."[62] "Furthermore, 'as a special element' of the cause of action, it must be alleged in the plaintiff's complaint.*"[63] Plaintiff's Complaint does not allege compliance with the pre-suit demand requirement of G. L. c. 93A § 9. Therefore, Plaintiff cannot pursue a claim pursuant to § 9, and the claim should be dismissed.

### (iii).   Plaintiff has not alleged any conduct by Witmer Public Safety that meets the standards for "unfair" or "deceptive" conduct within G.L. c. 93A §§ 9 or 11.

37.     "Massachusetts consumer protection law prohibits 'unfair or deceptive acts or practices in the conduct of any trade or commerce but does not itself' 'provide standards for determining what constitutes an unfair or deceptive act.'"[64] "[A] practice or act will be unfair under [Chapter 93A], if it is (1) within the penumbra of a common law, statutory, or other established concept of unfairness; (2) immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to [consumers,] competitors or other business people."[65]

38.     The Complaint does not describe any particular "unfair" or "deceptive" act

---

[60] *Smith v. Jenkins*, 732 F.3d 51, 73 (1st Cir. 2013).

[61] *Schuster v. Harbor*, 471 F. Supp. 3d 411, 424–25 (D. Mass. 2020).

[62] *Rodi v. S. New England Sch. Of* L., 389 F.3d 5, 19 (1st Cir. 2004).

[63] *Id.*

[64] *Hiam v. HomeAway.com, Inc*., 267 F. Supp. 3d 338, 347–48 (D. Mass. 2017), aff'd, 887 F.3d 542 (1st Cir. 2018) (internal citations and quotations omitted).

[65] *Tomasella v. Nestle USA, Inc.,* 962 F.3d 60, 79 (1st Cir. 2020) (citing and quoting *Heller Fin. v. Ins. Co. of N. Am*., 410 Mass. 400 (1991)).

attributed to Witmer. Rather, the Complaint only alleges that Witmer was a dealer that transacted

business with other defendants[66], that it sells "military-style weapons"[67], and that *Interstate Sales*

"has sold guns traced to crime scenes in Mexico."[68] The Complaint does not describe a business

"practice" it contends is unfair. Rather, it appears to allege that the business itself - selling

'military-style weapons' to legal purchasers - is unfair, not because of any misleading or

extortionate practice designed to generate an unfair advantage to Defendant, but because of the

nature of Defendant's business without more. This does not state a claim under G.L. c. 93A.[69]

## I. PUNITIVE DAMAGES (Count Nine)

39.     Count Nine should be dismissed because there is no Massachusetts statute that

would allow for an award of punitive or exemplary damages to Plaintiff. Under Massachusetts

law, punitive damages may be awarded only by statute.[70] Massachusetts law does not provide for

an award of punitive damages for negligence.[71]

40.     Although G.L. c 229 § 2 permits recovery of punitive damages in a wrongful death

action brought pursuant to G.L. c. G.L. c 229 § 1, suit may only be brought by the executor or

administrator of an estate on behalf of the statutory beneficiaries.[72] The wrongful death statute

does not permit suit by "by individual persons suing in their own right."[73] Because there is no legal

---

[66] Pl. Compl. ¶¶32-37.

[67] Pl. Compl. ¶¶121, 330.

[68] Pl. Compl. ¶¶121-195. Interstate Sales is not a party to this Complaint nor is it related to Witmer.

[69] *See Tomasella v. Nestle USA, Inc.,* 962 F.3d at 79 (selling chocolate manufactured with forced labor is not violation of G.L. c. 93A); *Westchester Assocs., Inc. v. Bos. Edison Co.,* 47 Mass. App. Ct. 133, 138 (1999).

[70] *Int'l Fid. Ins. Co. v. Wilson*, 387 Mass. 841, 856, n. 20 (1983) (citing *Boott Mills v. Boston & Maine R.R.*, 218 Mass. 582, 589 (1914)); *see also Citigroup Glob. Markets, Inc. v. Salerno*, 445 F. Supp. 2d 124, 126 (D. Mass. 2006) (*citing Johnson v. Andrews*, 1994 WL 455013, at 3 (D.Mass.1994); *Frisone v. Bear Stearns & Co.*, 1983 WL 1313, at 5 (D. Mass. 1983)).

[71] *Haddad v. Wal-Mart Stores, Inc.,* 455 Mass. 91, 110 (2009) (noting that Massachusetts, unlike other states, does not permit punitive damages awards for negligence).

[72] *Bennett v. United States*, 389 F. Supp. 2d 121, 123 (D. Mass. 2005); *see also Nordberg v. Town of Charlton*, No. CIV.A. 11-40206-FDS, 2012 WL 2990763, at *4 (D. Mass. July 19, 2012), *citing Marco v. Green*, 415 Mass. 732, 735 (1993)).

[73] *Evans v. Cerberus Cap. Mgmt., L.P.*, No. CIV.A. 13-13271-GAO, 2014 WL 4794403, at *1 (D. Mass. Sept. 24, 2014) (citing *Hallett v. Town of Wrentham*, 398 Mass. 550, 555 (1986) and *Gaudette v. Webb*, 362 Mass. 60 (1972)).

basis for Plaintiff's claim for exemplary and/or punitive damages, Count Nine should be dismissed.

## VI.   CONCLUSION

41.   Witmer Public Safety Group is in the business of helping first responders make America safer. To this end, it supplies first responders in the fire, law enforcement, and emergency medical services arenas.  It does not sell or traffic guns illegally or irresponsibly to any entity. Dismissal of Plaintiff's claims against Witmer is warranted and appropriate since there are no claims asserted against Witmer upon which relief can be granted. Plaintiff's Complaint must contain more than mere legal labels and conclusions.  To be viable, it must recite specific factual allegations sufficient to raise the claimed right to relief beyond the level of mere speculation. Plaintiff does not do that here, and there is no showing of an entitlement to relief. For the foregoing reasons, all of the claims asserted in the Complaint against Witmer should be dismissed with prejudice.

Respectfully submitted,

Defendant Witmer Public Safety Group, Inc.
By its attorneys,

Respectfully submitted,


*/s/ S. Jan Hueber*
**S. Jan Hueber**
Texas State Bar No. 20331150
**LITCHFIELD CAVO, LLP**
100 Throckmorton St., Ste. 500
Fort Worth, Texas 76102
Telephone: (817) 945-8025
hueber@litchfieldcavo.com
*Admitted pro hac vice*


/s/ Nora R. Adukonis
Nora R. Adukonis, BBO #675932
LITCHFIELD CAVO, LLP
6 Kimball Lane, Suite 200
Lynnfield, MA  01940-2682
(781) 309-1500
adukonis@litchfieldcavo.com


## CERTIFICATE OF SERVICE

I, Nora R. Adukonis, hereby certify the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 22, 2021.

*/s/Nora R. Adukonis*
Nora R. Adukonis