**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ESTADOS UNIDOS MEXICANOS,<br><br>Plaintiff,<br><br>v.<br><br>SMITH & WESSON BRANDS, INC.; BARRETT FIREARMS MANUFACTURING, INC.; BERETTA U.S.A. CORP.; BERETTA HOLDING S.P.A.; CENTURY INTERNATIONAL ARMS, INC.; COLT'S MANUFACTURING COMPANY, LLC; GLOCK, INC.; GLOCK GES M.B.H.; STURM, RUGER & CO., INC.; WITMER PUBLIC SAFETY GROUP, INC. d/b/a INTERSTATE ARMS;<br><br>Defendants. | Case No.: 1:21-CV-11269-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CENTURY INTERNATIONAL ARMS, INC.'S
SEPARATE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

100749597

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ....................................................................................................... ii

**PRELIMINARY STATEMENT** ..................................................................................................1

**BACKGROUND** ...........................................................................................................................3

**STANDARD** ..................................................................................................................................3

**ARGUMENT** .................................................................................................................................4

    I.    <u>There is No General Jurisdiction Over Century</u> ..........................................................5

    II.    <u>There is No Specific Jurisdiction Over Century</u> ........................................................6

          A.    **Plaintiff's Lawsuit Does Not Arise Out of or Relate to Century's Contact With Massachusetts** ..........................................................7

          B.    **It is Not Foreseeable That Century Would Be Subject to Jurisdiction in Massachusetts for the Claims Asserted in This Case** ..........................................................................9

          C.    **Exercising Specific Jurisdiction Over Century in This Case Would Not Be Fair or Reasonable** ......................................................10

**CONCLUSION** ............................................................................................................................12

## TABLE OF AUTHORITIES

**CASES**

*A Corp. v. All Am. Plumbing, Inc.*,
　812 F.3d 54 (1st Cir. 2016) ............................................................................................................4

*Adelson v. Hananel*,
　652 F.3d 75 (1st Cir. 2011) ......................................................................................................7, 11

*Astro-Med, Inc. v. Nihon Kohden Am., Inc.*,
　591 F.3d 1 (1st Cir. 2009) ............................................................................................................4

*Badia v. Hamanasi Adventure & Dive Resort*,
　2017 WL 551817 (D. Mass. Feb. 10, 2017) .................................................................................8

*Baskin-Robbins Franch'g LLC v. Alpenrose Dairy, Inc.*,
　825 F.3d 28 (1st Cir. 2016) ..........................................................................................................4

*BlueTarp Fin., Inc. v. Matrix Constr. Co.*,
　709 F.3d 72 (1st Cir. 2013) ..........................................................................................................4

*BNSF Ry. Co. v. Tyrell*,
　137 S. Ct. 1549 (2017) ..............................................................................................................5, 6

*Burger King Corp. v. Rudzewicz*,
　471 U.S. 462 (1985) ......................................................................................................................9

*Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*,
　295 F.3d 59 (1st Cir. 2002) ..........................................................................................................7

*Chen v. U.S. Sports Acad., Inc.*,
　956 F.3d 45 (1st Cir. 2020) .......................................................................................................3, 5

*Chouinard v. Marigot Beach Club & Dive Resort*,
　2021 WL 2256318 (D. Mass. June 3, 2021) .................................................................................8

*Copia Comms., LLC v. AMResorts, L.P.*,
　812 F.3d 1 (1st Cir. 2016) ............................................................................................................9

*Costa v. FCA US LLC*,
　2021 WL 2338963 (D. Mass. June 8, 2021) .........................................................................4, 5, 6

*Daimler AG v. Bauman*,
　571 U.S. 117 (2011) ..............................................................................................................4, 5, 6

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*,
   290 F.3d 42 (1st Cir. 2002)..........................................................................................4, 7

*Foster-Miller, Inc. v. Babcock & Wilcox Can.*,
   46 F.3d 138 (1st Cir. 1995)...............................................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011)..........................................................................................................5

*Harlow v. Children's Hosp.*,
   432 F.3d 50 (1st Cir. 2005)..............................................................................................7

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984)..........................................................................................................6

*Hyewoong Yoon v. Seyeon Lee*,
   433 F. Supp. 3d 18 (D. Mass. 2019) ..............................................................................12

*Imamura v. Gen. Elec. Co.*,
   371 F. Supp. 3d 1 (D. Mass. 2019) ................................................................................12

*Kader v. Sarepta Therapeutics, Inc.*,
   2016 WL 1337256, at *11 (D. Mass. Apr. 5, 2016) .......................................................1

*KPM Analytics N. Am. Corp. v. Blue Sun Scientific, LLC*,
   2021 WL 2982866 (D. Mass. July 15, 2021)........................................................ 4, 9, 11

*Monkton Ins. Servs., Ltd. v. Ritter*,
   768 F.3d 429 (5th Cir. 2014) ...........................................................................................5

*N. Laminate Sales, Inc. v. Davis*,
   403 F.3d 14 (2005)............................................................................................................7

*Noel v. Walt Disney Parks & Resorts U.S., Inc.*,
   2011 WL 1326667 (D. Mass. Mar. 31, 2011).................................................................1

*Perkins v. Benguet Consol. Mining Co.*,
   342 U.S. 437 (1952)..........................................................................................................6

*Phillips v. Prairie Eye Center*,
   530 F.3d 22 (1st Cir. 2008) ..............................................................................................7

*PFIP, LLC v. Planet Fitness Enter., Inc.*,
   2004 WL 2538489 (D.N.H. Nov. 10, 2004) ...................................................................9

100749597

*Platten v. H.G. Berm. Exempted Ltd.*,
    437 F.3d 118 (1st Cir. 2006) ............................................................................................... 4

*PREP Tours, Inc. v. Am. Youth Soccer Org.*,
    913 F.3d 11 (1st Cir. 2019) ................................................................................................. 7

*Pritzker v. Yari*,
    42 F.3d 53 (1st Cir. 1994) .................................................................................................11

*Sawtelle v. Farrell*,
    70 F.3d 1381 (1st Cir. 1995) ........................................................................................4, 10

*Scottsdale Capital Advisors Corp. v. The Deal, LLC*,
    887 F.3d 17 (1st Cir. 2018) ................................................................................................. 7

*Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*,
    2019 WL 1767394 (D. Mass. Apr. 22, 2019) ...................................................................11

*Ticketmaster-N.Y., Inc. v. Alioto*,
    26 F.3d 201 (1st Cir. 1994) ...............................................................................................11

*Tuteur v. Crosley-Corcoran*,
    961 F. Supp. 2d 329 (D. Mass. 2013) .................................................................................1

*United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*,
    960 F.2d 1080 (1st Cir. 1992) .................................................................................4, 6, 10

*United States v. Swiss Am. Bank, Ltd.*,
    274 F.3d 610 (1st Cir. 2001) ......................................................................................... 6, 8

## **R**ULES

Fed. R. Civ. P. 12 ..................................................................................................................1, 3, 12

## **S**TATUTES

Mass. Gen. L. ch. 223A, § 3 ............................................................................................................4

Defendant Century International Arms, Inc. ("Century") respectfully submits this Memorandum of Law in Support of its Separate Motion to Dismiss for Lack of Personal Jurisdiction[1] in accordance with Rule 12(b)(2) of the Federal Rules of Civil Procedure ("Rule").[2]

## PRELIMINARY STATEMENT

The plaintiff, Estados Unidos Mexicanos ("Mexico"), has filed a 135-page, 560-paragaph Complaint alleging that firearms lawfully manufactured and sold by the named defendants (as well as firearms manufactured by other unnamed entities)[3] have been illegally trafficked into Mexico by unidentified third parties and ultimately utilized in crimes committed by drug cartels. In essence, Mexico contends that these federally-licensed manufacturers and distributors of firearms should be responsible for the criminal activity of Mexican drug cartels.

Importantly, Mexico filed this lawsuit despite acknowledging in its pleadings that (1) the manufacturing defendants shipped their lawfully manufactured firearms to federally-licensed

---

[1] The parties submitted an Assented-To Motion Regarding Briefing Schedule and Page Limits for Anticipated Motions to Dismiss by Defendants, which was granted. (Dkt. No. 19, 20.) Accordingly, all served defendants are filing a joint motion to dismiss pursuant to Rule 12(b). (*See* Dkt. No. 19, ¶ 3.) Additionally, each served defendant may also file a separate motion to dismiss on grounds specific to that particular defendant (such as personal jurisdiction or counts alleged against only a single defendant). (*Id.* ¶ 4.) While Century contends that this matter should be dismissed with prejudice in accordance with the legal authorities set forth in the Joint Motion to Dismiss, Defendant nonetheless raises the issue of personal jurisdiction and is contemporaneously filing this motion in accordance with Rule 12(b)(2).

[2] Defendant Century respectfully contends that since the joint motion presents incontrovertible bases to dismiss all served defendants, that motion can rightfully be decided prior to addressing any of the separate motions to dismiss for lack of personal jurisdiction. *See Tuteur v. Crosley-Corcoran*, 961 F. Supp. 2d 329, 331 (D. Mass. 2013) (deciding to address the merits of a plaintiff's claim prior to addressing the challenge to personal jurisdiction when the merits can be readily resolved); *Noel v. Walt Disney Parks & Resorts U.S., Inc.*, 2011 WL 1326667, at *9 (D. Mass. Mar. 31, 2011) (deciding a Rule 12(b)(6) motion and not considering the personal jurisdiction motion).

[3] Although not acknowledged by Plaintiff in the Complaint, it is worth noting that "Operation Fast and Furious" also allowed an untold number of firearms to enter Mexico. From 2006 to 2011, the operation, which was run by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), purposefully instructed licensed firearms dealers to sell weapons to illegal straw buyers in an effort to track the guns to Mexican drug cartels and leaders and arrest them. See U.S. Dep't of Justice, *A Review of ATF's Operation Fast & Furious & Related Matters*, oig.justice.gov, *available at*, https://oig.justice.gov/reports/2012/s1209.pdf (last reviewed Nov. 1, 2021). Courts can rightly take judicial notice of public records published on a government website. *See Kader v. Sarepta Therapeutics, Inc.*, 2016 WL 1337256, at *11 (D. Mass. Apr. 5, 2016).

distributors;[4] (2) the alleged recovery of firearms in Mexico is due to multiple incidents of criminal conduct by unidentified third parties (illegal procurement of firearms through unknown intermediaries, illegal smuggling across the southern border into Mexico, illegal possession in Mexico, and then ultimate utilization in crimes); and (3) the alleged criminal activity is far removed from Defendants' lawful manufacturing and sales (sales to federally-licensed firearms distributors, which sell to federally-licensed firearms dealers, which in turn sell to individuals who must pass background checks and otherwise comply with federal and state rules, then the rifles are illegally sold and illegally smuggled into Mexico, and then illegally utilized in criminal activity by cartels).

Aside from the tenuous theories of liability, the named defendants are incorporated, and have principal places of business, in differing States (Nevada, Massachusetts, Tennessee, Maryland, Vermont, Florida, Delaware, Pennsylvania, Connecticut, and Georgia). Nonetheless, Mexico has attempted to bring suit against all of these defendants in one jurisdiction – Massachusetts. To do so, Mexico makes the boilerplate claim that all defendants "regularly conduct business in this district," including sales to Defendant Witmer Public Safety Group d/b/a Interstate Arms ("Witmer"), which then lawfully sells the firearms to other federally-licensed distributors or dealers. Mexico alleges that after these lawful transfers, over an unspecified period of time and due to an unknown series of unspecified events (legal and illegal) by any number of unknown third parties in unknown locations, firearms were criminally utilized in Mexico.

---

[4] The ATF is responsible for licensing, overseeing, and regulating persons and entities engaged in the manufacturing, importing, and dealing in firearms. The initial licensing process involves multiple levels of review, background checks, and interviews. *See* ATF, *Apply for a License*, atf.gov, *available at* www.atf.gov/firearms/apply-license (last accessed Nov. 1, 2021). A Federal Firearms License ("FFL") is only issued after ATF vetting. *Id.* Additionally, the ATF monitors and inspects FFL-holders and has the ability to revoke or deny a federal license to sell firearms. *See* ATF, *Firearms Compliance Inspections*, atf.gov, *available at* www.atf.gov/firearms/compliance-inspections (last accessed Nov. 1, 2021). In other words, the transfer and sale of firearms is heavily regulated, monitored, and controlled by the ATF. Thus, when a manufacturer of a firearm sells to a licensed distributor, the manufacturer has been assured that the distributor was fully vetted by the ATF and is in compliance with federal laws and regulations.

2

100749597

Simply, the Complaint fails to plead sufficient facts to establish a cognizable basis for either general or specific personal jurisdiction over Century in this forum. Since it is undisputed that Century cannot be considered "at home" in Massachusetts, there is no legal basis to assert general jurisdiction. Further, boilerplate and generalized allegations of "conducting business" in Massachusetts are insufficient to meet Plaintiff's burden to establish specific personal jurisdiction over Defendant Century. Indeed, given the allegations of criminal acts by unknown persons and entities that are far removed from Century's alleged sales in Massachusetts, there is no demonstrable nexus between Plaintiff's claims and Century's alleged contacts with Massachusetts. Since Plaintiff's claims do not arise from Century's connections with Massachusetts, there is no basis for specific personal jurisdiction over Century.

## BACKGROUND

In terms of personal jurisdiction allegations, Mexico alleges that (1) Century "regularly conducts business in this district, including by regularly making substantial sales to [Witmer] in Middlesex County"; (2) Witmer then lawfully sells firearms to "other distributors and dealers"; and (3) then, over an unspecified period of time and due to an unknown series of unspecified chain of illegal events by unknown third parties, the firearms were criminally utilized by cartel members in Mexico. (Dkt. No. 1, Plt. Compl., ¶¶ 35, 41, 44.) Although the Complaint alleges that Century firearms have been recovered in Mexico, there is no allegation that any such firearm was distributed through Witmer or ever entered the borders of Massachusetts. (*See generally id.*, ¶¶ 1-560.)

## STANDARD

Under Rule 12(b)(2), dismissal of an action against a defendant is warranted when there is a lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "The burden of proving that personal jurisdiction may be exercised in the forum state lies squarely with the plaintiff." *Chen v. U.S.*

3

*Sports Acad., Inc.*, 956 F.3d 45, 54 (1st Cir. 2020); *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002); *see also Costa v. FCA US LLC*, 2021 WL 2338963, at *4 (D. Mass. June 8, 2021). To satisfy its prima facie burden, the plaintiff must "proffer evidence which, taken at face value, suffices to show all facts essential to personal jurisdiction." *Foster-Miller, Inc. v. Babcock & Wilcox Can.*, 46 F.3d 138, 145-46 (1st Cir. 1995); *see also Baskin-Robbins Franch'g LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016). While a court will construe the allegations in the light most favorable to the plaintiff, a plaintiff may not "rely on unsupported allegations in [its] pleadings" but instead "must put forward evidence of specific facts to demonstrate that jurisdiction exists." *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016); *Platten v. H.G. Berm. Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006).

## ARGUMENT[5]

A District Court may exercise two types of personal jurisdiction over a defendant: general and specific jurisdiction. *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 9 (1st Cir. 2009). General jurisdiction broadly subjects the defendant to suit in the forum on all matters, including those unrelated to the defendant's contacts with the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 128 (2011); *BlueTarp Fin., Inc. v. Matrix Constr. Co.*, 709 F.3d 72, 79 (1st Cir. 2013). Specific

---

[5] "In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state." *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995). Thus, to establish personal jurisdiction over a defendant, a plaintiff must satisfy the requirements of the Massachusetts long-arm statute and the Due Process Clause of the Fourteenth Amendment. *KPM Analytics N. Am. Corp. v. Blue Sun Scientific, LLC*, 2021 WL 2982866, at *7 (D. Mass. July 15, 2021). This is a two-step analysis. *Id.* The Massachusetts long-arm statute, Mass. Gen. L. ch. 223A, § 3, provides a list of eight contacts with the State which can provide a basis for personal jurisdiction "as to a cause of action in law or equity arising from" the specified contact. In this instance, Mexico's Complaint fails to specify which prong is allegedly applicable. Nonetheless, given the allegations, it appears that Plaintiff would rely on Section 3(a): "transacting any business in this commonwealth." However, "the long-arm statute also demands that plaintiffs' cause of action arise from the defendant's transaction of business in the commonwealth." *United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1087 (1st Cir. 1992). "The statute's relatedness requirement mirrors a key constitutional requirement for the exercise of specific jurisdiction." *Id.* As discussed below (*see* Argument Section II), Plaintiff cannot satisfy the "relatedness" prong of the due process analysis, which means Plaintiff likewise cannot satisfy the requirements of the Massachusetts long-arm statute.

4

jurisdiction, by contrast, depends on "an affiliation[n] between the forum and the underlying controversy." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). In this case, Mexico has failed to meet its burden of establishing either general or specific personal jurisdiction over Century.

## I.     THERE IS NO GENERAL JURISDICTION OVER CENTURY.

"[G]eneral jurisdiction requires affiliations 'so continuous and systematic as to render [a defendant] essentially at home in the forum State.'" *Daimler*, 571 U.S. at 132 n. 11 (quoting *Goodyear*, 596 U.S. at 919); *Costa*, 2021 WL 2338963 at *4. As the First Circuit has explained, "[i]n recent years, the Supreme Court has refined this inquiry, emphasizing that the focus of the general jurisdiction analysis is not merely whether an out-of-forum corporation's 'in-forum contacts can be said to be in some sense continuous and systematic.'" *Chen*, 956 F.3d at 57 (quoting *Daimler*, 571 U.S. at 139-40, and *Goodyear*, 564 U.S. at 919). "Instead, the lodestar of the inquiry is whether the corporation's general business contacts with the forum are sufficiently continuous and systematic 'as to render [it] essentially at home in the forum State.'" *Chen*, 956 F.3d at 57 (quoting *Goodyear*, 564 U.S. at 919). "The paradigmatic examples of locales in which a defendant corporation is considered at home are its state of incorporation and the state that houses its principal place of business." *Chen*, 956 F.3d at 57; *see also BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017).

Only in rare and exceptional situations would a corporation's general business operations in a state in which it is neither incorporated nor headquartered "be so substantial of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n. 19; *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) ("It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of

business."). An example of such a situation would be where a company temporarily relocated its entire enterprise to another forum, which then functioned as the nerve center of the company's operations. *BNSF Ry.*, 137 S. Ct. at 1558 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)).

Here, it is undisputed that Defendant Century is a Vermont corporation with a principal place of business in Florida. (*See* Dkt. No. 1, Plt. Compl., ¶ 35.) As such, Century cannot be considered "at home" for purposes of establishing general personal jurisdiction in this forum. *Daimler*, 571 U.S. at 128. Additionally, the allegations in the Complaint are plainly insufficient to demonstrate that this is a rare or exceptional case where Century's business operations are so substantial that Century could be considered at home in Massachusetts. *BNSF Ry.*, 137 S. Ct. at 1558; *Costa*, 2021 WL 2338963 at *4. Accordingly, there is no basis for general personal jurisdiction over Century.

## II.  THERE IS NO SPECIFIC JURISDICTION OVER CENTURY.

"Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). Importantly, a court can exercise specific jurisdiction when the plaintiff's claim "arises out of" or is "directly related to" defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). When specific jurisdiction is asserted, the First Circuit has developed a three-prong test for analyzing the due process considerations: first, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities; second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state; and third, the exercise of jurisdiction must, in light of the "Gestalt" factors, be reasonable. *United Elec. Radio*

*& Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992); *see also Daynard*, 290 F.3d at 60.  All three factors must be satisfied to subject a defendant to specific personal jurisdiction.  *Scottsdale Capital Advisors Corp. v. The Deal, LLC*, 887 F.3d 17, 20 (1st Cir. 2018).  In this case, Mexico cannot satisfy this standard.

> **A.     Plaintiff's Lawsuit Does Not Arise Out of or Relate to Century's Contact With Massachusetts.**

To meet the relatedness requirement of specific jurisdiction, the claim underlying the litigation must arise out of the defendant's in-state activities.  *United Elec.*, 960 F.2d at 1089.  Importantly, there must be a *material* connection between a defendant's state contacts and the causes of action.  *Harlow v. Children's Hosp.*, 432 F.3d 50, 60-61 (1st Cir. 2005) (explaining that contacts relevant to the specific jurisdiction analysis are those to which the cause of action is related).  "There must be more than just an attenuated connection between the [defendant's contacts and the claim; the defendant's in-state conduct must form an important, or at least material, element of proof in the plaintiff's case."  *Phillips v. Prairie Eye Center*, 530 F.3d 22, 27 (1st Cir. 2008).

Indeed, to satisfy due process considerations, this material connection must be "something like a 'proximate cause' nexus."  *Harlow*, 432 F.3d at 61 (quoting *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*, 295 F.3d 59, 65 (1st Cir. 2002)).  In other words, there must be a "'demonstrable nexus' between the plaintiff's claims and the activities in the forum that properly may be attributed to the defendants, such that 'the litigation is founded directly on those activities.'"  *PREP Tours, Inc. v. Am. Youth Soccer Org.*, 913 F.3d 11, 18 (1st Cir. 2019) (quoting *Adelson v. Hananel*, 652 F.3d 75, 81 (1st Cir. 2011)); *see also N. Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 25 (1st Cir. 2005).  When there is no demonstrable nexus and the connection between the forum contacts and the cause of action is too attenuated, there can be

no finding of specific jurisdiction.  *See Swiss Am. Bank*, 274 F.3d at 623.

Moreover, with tort claims, the "relatedness inquiry . . . focuses on whether the defendant's *in-forum* conduct caused the injury or gave rise to the cause of action."  *Id.* at 622; *see also Badia v. Hamanasi Adventure & Dive Resort*, 2017 WL 551817, at *4 (D. Mass. Feb. 10, 2017).  Thus, the alleged connections with the forum must "give birth" to the plaintiff's claims and not merely be a step in a purported causal chain.  *Chouinard v. Marigot Beach Club & Dive Resort*, 2021 WL 2256318, at *12 (D. Mass. June 3, 2021).

Given the well-settled legal tenets, there is no basis for specific jurisdiction over Century in Massachusetts.  To be clear, the Complaint alleges that Century lawfully sold firearms to Witmer and that Witmer then lawfully sold firearms to other federally-licensed distributors and retailers.  After that point, the Complaint is silent as to the prolonged and attenuated sequence of events that allegedly resulted in some firearms being recovered in Mexico.  Notably, after Century's lawful sale to a federally-licensed distributor, every subsequent alleged event necessarily involved conduct unrelated to, and independent of, Century:

- Lawful sales to unidentified federally-licensed distributors.
- Lawful sales to unidentified federally-licensed retailers.
- Lawful sales to unidentified individuals who pass background checks and comply with state and federal laws.
- Unlawful straw sales or thefts involving unidentified individuals.
- Unlawful transfer or sale by these unidentified individuals to other unidentified individuals.
- Unlawful smuggling of firearms into Mexico.
- Unlawful transferring and possession of firearms in Mexico.
- Unlawful and criminal conduct by members of drug cartels in Mexico which resulted in injury to Mexican citizens and indirectly harmed Mexico.

(Dkt. No. 1, Plt. Compl., ¶ 41.)  The foregoing independent and separate acts (both legal and illegal) of unidentified third parties that would be required for a firearm to be recovered in Mexico demonstrate that Plaintiff's cause of action against Century does not have a demonstrable nexus

8

with Century's alleged contacts with Massachusetts.

Moreover, despite the length of the Complaint, there is no allegation that any Century firearm recovered in Mexico was actually distributed through Witmer or entered the borders of Massachusetts. (*See generally id.*, ¶¶ 1-560.) In other words, there is no connection or link between any forum related activity by Century and Mexico's causes of action. This omission is fatal to establishing specific jurisdiction over Century, and the conclusory allegation of "regularly conducting business" in Massachusetts is simply insufficient to meet Plaintiff's burden of establishing specific personal jurisdiction over Century in this case.

### B. It is Not Foreseeable That Century Would Be Subject to Jurisdiction in Massachusetts for the Claims Asserted in this Case.

"In determining whether the purposeful availment condition is satisfied, [the] key focal points are the voluntariness of the defendants' relevant Massachusetts contacts and the foreseeability of the defendants falling subject to Massachusetts's jurisdiction." *Copia Comms., LLC v. AMResorts, L.P.*, 812 F.3d 1, 5 (1st Cir. 2016). The two factors to consider are "voluntariness" and "foreseeability." *Id.* The requirement of "voluntariness" "depends upon the extent to which the defendants voluntarily took action that made it foreseeable they might be required to defend themselves in court in [the forum state]." *PFIP, LLC v. Planet Fitness Enter., Inc.*, 2004 WL 2538489, at *7 (D.N.H. Nov. 10, 2004). The issue of foreseeability "ensures that a defendant will not be hailed into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or due to the "unilateral acts of another or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). "When inquiring whether Defendants has purposefully availed itself of the forum, however, the only relevant contacts are those that gave rise to the cause of action." *KPM Analytics N. Am. Corp. v. Blue Sun Scientific, LLC*, 2021 WL 2982866, at *10 (D. Mass. July 15, 2021).

9

Although Plaintiff alleges that Century sold firearms to a federally-licensed distributor in Massachusetts, it was not foreseeable that Century would be subject to jurisdiction in Massachusetts for items allegedly smuggled into a foreign country by unidentified third parties. As more fully articulated in Argument Section I, Century's sales to Massachusetts were lawful transactions and the gravamen of Plaintiff's purported claims relate to multiple instances of intentional criminal conduct by unrelated and unidentified third parties that are far removed from this initial lawful transaction. Moreover, there is no well-pleaded allegation in the Complaint that any of the Century firearms allegedly recovered in Mexico were actually distributed through Witmer or even entered Massachusetts at any point in time. Given this backdrop, it is not foreseeable that lawful sales of firearms to Witmer would result in Century having to defend against a lawsuit by the Mexican government brought in the Commonwealth of Massachusetts. Thus, based on the four corners of the pleadings, Mexico cannot meet its burden of establishing purposeful availment as to the specific claims in this case.

### C. Exercising Specific Jurisdiction Over Century in This Case Would Not Be Fair or Reasonable.

While the Court need not look to the reasonableness prong in this instance,[6] it is worth noting that exercising specific personal jurisdiction over Century would not be fair or reasonable in this instance. The third prong of the specific personal jurisdiction assessment asks whether a defendant has "engaged in any purposeful activity related to the forum that would make the existence of jurisdiction fair, just, or reasonable." *United Elec.*, 960 F.2d at 1089. To make this assessment, courts in the First Circuit look to the "Gestalt" factors, which "put into sharper perspective the reasonableness and fundamental fairness of exercising jurisdiction in particular

---

[6] The third factor for specific personal jurisdiction (fairness) need not be assessed when either of the first two prongs have not been satisfied. *See, e.g.*, *Sawtelle v. Farrell*, 70 F.3d 1381, 1394 (1st Cir. 1995).

10

situations." *Pritzker v. Yari*, 42 F.3d 53, 64 (1st Cir. 1994).  The five factors to consider are:

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

*Adelson*, 510 F.3d at 51.  When a plaintiff's showing in support of the first two prongs for specific jurisdiction (relatedness and purposeful availment) are weak, "the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994).

Here, the forum lacks any interest in adjudicating Mexico's claims against Century and there is simply no discernable or reasonable basis to permit Mexico to pursue claims against Century in Massachusetts.  Importantly, neither Plaintiff nor Century are citizens of Massachusetts, and the Complaint does not seek damages for any harm or injury that purportedly occurred in Massachusetts.  *Adelson*, 510 F.3d at 51 (noting that a state would have interest in cases where the plaintiff is a resident of that state); *KPM Analytics*, 2021 WL 2983866 at *12 (noting that a forum state would have interest in asserting jurisdiction over a defendant who causes tortious injury within its borders).  In fact, the Complaint does not even allege any illegal conduct within the Commonwealth of Massachusetts.  In other words, the forum state has no interest in adjudicating Mexico's claims against Century.

Further, while a plaintiff's choice of forum is typically a consideration, when a plaintiff is not a resident of the chosen forum, it is not a strong consideration.  *Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, 2019 WL 1767394, at *5 (D. Mass. Apr. 22, 2019) (noting that a plaintiff's choice of forum is provided less deference when the plaintiff is not a resident of the forum).  Similarly, since Mexico is a foreign plaintiff, the choice of venue is afforded even less deference.  *See*

*Hyewoong Yoon v. Seyeon Lee*, 433 F. Supp. 3d 18, 26 (D. Mass. 2019) (explaining that a foreign plaintiff's choice of venue receives less deference); *see also Imamura v. Gen. Elec. Co.*, 371 F. Supp. 3d 1, 11 (D. Mass. 2019) ("The plaintiff's choice of forum also receives less deference if it appears motivated by forum shopping.").

The final factor - the common interests of all sovereigns in promoting substantive social policies – appears to weigh strongly in favor of Defendant. Specifically, through this lawsuit, Mexico – a foreign nation – is seeking to hold Defendants liable for the lawful manufacturing and sale of firearms *in the United States*. In this way, Mexico is seeking to not only infringe upon the policies, laws, and Constitution of the United States but entirely displace the established policies of the United States. This is simply not permissible, and Mexico's stated purpose in bringing this lawsuit underscores the conclusion that dismissal is warranted.

After weighing the implicated factors, it would not be reasonable or fair to find personal jurisdiction over Century in this matter.

## CONCLUSION

For all of the foregoing reasons, Mexico has failed to meet its burden of establishing personal jurisdiction over Century in this case. As such, Plaintiff's Complaint against Century should be dismissed pursuant to Rule 12(b)(2).

Dated:  November 22, 2021

[SIGNATURE ON SUBSEQUENT PAGES]

Respectfully submitted,

The defendant,
CENTURY INTERNATIONAL ARMS, INC.,

By its attorneys,

**MORRISON MAHONEY LLP**

*/s/ Joseph G. Yannetti*
Joseph G. Yannetti, BBO# 669008
250 Summer Street
Boston, MA  02210
(617) 439-7500
jyannetti@morrisonmahoney.com

and

**PISCIOTTI LALLIS ERDREICH**

*/s/ Danny C. Lallis*
Anthony M. Pisciotti (Pro Hac Vice)
Danny C. Lallis (Pro Hac Vice)
Ryan L. Erdreich (Pro Hac Vice)
30 Columbia Turnpike, Suite 205
Florham Park, NJ 07932
(973) 245-8100
apisciotti@pisciotti.com
dlallis@pisciotti.com
rerderich@pisciotti.com

13

## CERTIFICATE OF SERVICE

I hereby certify that, on November 22, 2021, the foregoing document was served upon all counsel of record through this Court's electronic filing system as identified in the Notice of Electronic Filing, and paper copies will be sent to those indicated as nonregistered participants.

>*/s/ Joseph G. Yannetti*
>Joseph G. Yannetti, BBO# 669008
>MORRISON MAHONEY LLP
>250 Summer Street
>Boston, MA  02210
>(617) 439-7500
>jyannetti@morrisonmahoney.com