## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

ESTADOS UNIDOS MEXICANOS,    )
    )
            Plaintiff,    )    **CIVIL ACTION NO.: 1:21-cv-11269FDS**
    )
   v.    )
    )
SMITH & WESSON BRANDS, INC.;    )
BARRETT FIREARMS    )
MANUFACTURING, INC.; BERETTA    )
U.S.A. CORP; BERETTA HOLDINGS    )
S.P.A.; CENTURY INTERNATIONAL    )
ARMS, INC.; COLTS MANUFACTURING)
COMPANY LLC; GLOCK, INC.; GLOCK  )
GES.M.B.H; STURN, RUGER & CO.,    )
INC.; WITMER PUBPLIC SAFETY    )
GROUP, INC. D/B/A INTERSATE ARMS, )
    )
           Defendants.    )
_____)

### BERETTA U.S.A. CORP.'S
### MEMORANDUM OF LAW IN SUPPORT OF ITS
### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ........................................................................................................... 1

LEGAL STANDARD..................................................................................................... 2

ARGUMENT ................................................................................................................. 2

I.     THE COURT LACKS PERSONAL JURISDICTION OVER BERETTA ...................... 2

     A.     Beretta Is Not Subject To Jurisdiction Under The Massachusetts Long-Arm Statute…………………………………………………………………………..3

          1.     Subsections 3(a) And 3(b) Do Not Confer Jurisdiction Because Plaintiff's Claims Do Not Arise Out Of Massachusetts Business Transactions.............. 4

          2.     Subsections 3(c) And 3(d) Do Not Confer Jurisdiction Over Beretta. ........... 7

     B.     The Exercise Of Jurisdiction Does Not Comport with Due Process ...................... 8

          1.     Beretta Is Not Subject To General Personal Jurisdiction In Massachusetts... 8

          2.     Beretta Is Not Subject To Specific Personal Jurisdiction In Massachusetts... 8

II.     CONCLUSION............................................................................................................ 13

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## <u>CASES</u>

*A Corp. v. All Am. Plumbing, Inc.*,
   812 F.3d 54 (1st Cir. 2016) ................................................................................2, 12

*Asahi Metal Indus. Co. Ltd. v. Superior Court*,
   480 U.S. 102 (1987) ..............................................................................................12

*Doe v. JetBlue Airways Corp.*,
   No. 20-cv-11623-ADB, 2021 U.S. Dist. LEXIS 145125 (D. Mass. Aug. 3,
   2021) ........................................................................................................................6

*Bos. Post Partners II, LLP v. Paskett*,
   No. 15-cv-13804, 2016 WL 3746474 (D. Mass. July 8, 2016) ................................7

*Bristol-Myers Squibb Co. v. Superior* Court *of California, San Francisco City.*,
   137 S. Ct. 1773 (2017) ........................................................................................9, 10

*Brown v. Aero Glob. Logistics, LLC*,
   No. 19-cv-12153-DJC, 2020 U.S. Dist. LEXIS 86750 (D. Mass. May 18,
   2020) ........................................................................................................................7

*Cestari v. Viaair, LLC*,
   No. CV 15-13402-MLW, 2016 WL 4941986 (D. Mass. Sept. 15, 2016) ................9

*Chen v. United States Sports Acad., Inc.*,
   956 F.3d 45 (1st Cir. 2020) ..........................................................................2, 8, 9

*Cossart v. United Excel Corp.*,
   804 F.3d 13 (1st Cir. 2015) ....................................................................................5

*Crocker v. Hilton Int'l Barbados, Ltd.*,
   976 F.2d 797 (1st Cir. 1992) ..................................................................................8

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
   141 S. Ct. 1017 (2021) ................................................................................8, 9, 10, 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915, 131 S. Ct. 2846 (2011) ................................................................8, 9

*Harness v. AngioDynamics, Inc.*,
   No. 21-cv-10233-ADB, 2021 U.S. Dist. LEXIS 185267 (D. Mass. Sep. 28,
   2021) ........................................................................................................................4

*Harnish v. Crook*,
　2018 U.S. Dist. LEXIS 64424 (D. Mass. Apr. 17, 2018) ......................................................11

*Katz v. Spiniello Cos.*,
　244 F. Supp. 3d 237 (D. Mass. 2017) ..............................................................................11, 12

*Kingston v. AngioDynamics*,
　No. 21-cv-10234-DJC, 2021 U.S. Dist. LEXIS 133249 (D. Mass. July 16,
　2021) .........................................................................................................................................10

*L&W Supply Corp. v. Morgan Materials*,
　No. 93-12147-RGS, 1994 U.S. Dist. LEXIS 10978 (D. Mass. Aug. 3, 1994) ....................5, 8

*Lewis v. Walt Disney Parks & Resorts U.S., Inc.*,
　No. 18-CV-11947-DJC, 2019 WL 1505964 (D. Mass. April 5, 2019) ...........................4, 7, 9

*Medici v. Lifespan Corp.*,
　239 F. Supp. 3d 355 (D. Mass. 2017) .....................................................................................13

*Merced v. JLG Indus., Inc.*,
　170 F. Supp. 2d 65 (D. Mass. 2001) .........................................................................................4

*Noonan v. Winston Co.*,
　902 F. Supp. 298 (D. Mass 1995) ..............................................................................................7

*Nowak ex rel. Nowak v. Tak How Invs., Ltd.*,
　94 F.3d 708 (1st Cir. 1996) .....................................................................................................12

*O'Grady v. Safety-Kleen Sys.*,
　No. 1:19-cv-11814-ADB, 2020 U.S. Dist. LEXIS 54859 (D. Mass. Mar. 30,
　2020) ......................................................................................................................................5, 7

*Pettit v. AngioDynamics, Inc.*,
　No. 21-cv-10568-ADB, 2021 U.S. Dist. LEXIS 185274 (D. Mass. Sep. 28,
　2021) ...........................................................................................................................................4

*Phillips v. Prairie Eye Ctr.*,
　530 F.3d 22 (1st Cir. 2008).................................................................................................2, 13

*Sawtelle v. Farrell*,
　70 F.3d 1381 (1st Cir. 1995)..............................................................................................12, 13

*SCVNGR, Inc. v. Punchh, Inc.*,
　478 Mass. 324, 85 N.E.3d 50 (Mass. 2017)...............................................................................3

*Stanton v. AM General Corp.*,
　1998 Mass. App. Div. 40 (1998)................................................................................................3

*Tatro v. Manor Care, Inc.*,
    416 Mass. 763, 625 N.E.2d 549 (Mass. 1994)..........................................................................5

*Workgroup Tech. Corp. v. MGM Grand Hotel, LLC*,
    246 F. Supp. 2d 102 (D. Mass. 2003) ......................................................................................6

**Statutes**

Mass. Gen. Laws Ch. 223A § 3 .............................................................................................3, 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)................................................................................................................1

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendant Beretta U.S.A. Corp. ("Beretta") respectfully submits this memorandum of law in support of its motion to dismiss the Complaint of Plaintiff Estados Unidos Mexicanos ("Mexico") for lack of personal jurisdiction.

## INTRODUCTION

There is no basis for this Court to exercise personal jurisdiction over Beretta in this case. Plaintiff is the government of Mexico. Beretta is a Maryland corporation with its corporate home, headquarters, and principal place of business in Maryland. Compl. ¶ 33. And the harm for which Plaintiff seeks redress all occurred in Mexico.

Mexico claims financial harm due to the "epidemic of gun violence" within its own borders, Compl. ¶ 146, and further alleges that this harm was caused by Beretta's failure to impose restrictions on U.S. distributors for the downstream sales of firearms. Compl. ¶ 145. Plaintiff alleges that, as a result of Beretta's omissions, the U.S. distributors resold firearms to a series of licensed domestic dealers, who eventually resold the guns to domestic customers. Compl. ¶ 377-9. Some of these domestic customers then allegedly smuggled the guns into Mexico, where cartels and criminals used them to commit crimes against Mexican citizens and government officials. *Id.* ¶ 252, 378-79. Plaintiff further alleges that, as a result of this violence, the Mexican government has incurred "costs for providing, for example, extraordinary health care, law enforcement and military and services, criminal justice administration, public assistance, and other social services and public programs." *Id.* ¶ 447-9. Mexico asserts the following claims against Beretta: simple negligence (Count One), public nuisance (Count Two), defective design (Count Three), negligence per se (Count Four), gross negligence (Count Five), and unjust enrichment (Count Six). Compl. ¶¶ 506-41.

Plaintiff asks this Court to exercise personal jurisdiction over Beretta based on Beretta's lawful sale of firearms to Interstate Arms (now known as Witmer Public Safety) ("Interstate"), a

Massachusetts-based distributor. But there are no factual allegations in Mexico's Complaint that in any way connect Beretta's lawful sales in Massachusetts to the financial and economic harm Plaintiff claims to have suffered in its own country.  Plaintiff does not allege that the criminals in Mexico used, received, or purchased the firearms that Beretta sold in Massachusetts.  Nor does Plaintiff allege that any "straw" sales occurring in other states resulted from Beretta's sales of firearms in Massachusetts.  As to the allegations involving Beretta's omissions in failing to police downstream purchasers, Plaintiff does not, and cannot, allege that those corporate decisions (involving sales and marketing policies) occurred in the forum. Plaintiff, therefore, cannot plausibly allege that its injuries arose from any activities that Beretta directed toward Massachusetts.  This Court, therefore, cannot exercise personal jurisdiction over Beretta.

## LEGAL STANDARD

Plaintiff bears the burden to demonstrate that personal jurisdiction exists over Beretta. *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016) (citing *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008)). The Court takes the allegations in the complaint as true and construes those facts in the light most favorable to the plaintiff. *Prairie Eye Ctr.*, 530 at 24.  A plaintiff cannot rely on the "unsupported allegations in [its] pleadings," but must "put forward evidence of specific facts to demonstrate that jurisdiction exists." *A Corp., Inc.*, 812 F.3d at 54 (citations and quotations omitted).

## ARGUMENT

## I.  THE COURT LACKS PERSONAL JURISDICTION OVER BERETTA

A Massachusetts court cannot exercise personal jurisdiction over Beretta, a non-domiciliary, unless Plaintiff can establish that jurisdiction is both authorized by the state's long-arm statute and consistent with the due process clause of the Constitution.  *Chen v. United States Sports Acad., Inc.*, 956 F.3d 45, 54 (1st Cir. 2020).  Typically the statutory analysis precedes the

constitutional inquiry. *SCVNGR, Inc. v. Punchh, Inc.*, 478 Mass. 324, 85 N.E.3d 50, 52 (Mass. 2017).

A.     **Beretta Is Not Subject To Jurisdiction Under The Massachusetts Long-Arm Statute.**

The Massachusetts long-arm statute provides eight grounds on which a nonresident defendant may be subjected to personal jurisdiction arising from various activities occurring within or outside of the Commonwealth.  *See* Mass. Gen. Laws Ch. 223A § 3.  Relevant here, these activities include[1]:

(a) transacting any business in [the] commonwealth;

(b) contracting to supply services or things in [the] commonwealth;

(c) causing tortious injury by an act or omission in [the] commonwealth; and

(d) causing tortious injury in [the] commonwealth by an act or omission outside of [the] commonwealth if [the party] regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in [the] commonwealth[.]  *Id.*

Plaintiff must not only demonstrate that Beretta was either transacting business or contracted to supply services or things in the forum, but also that Plaintiff's claims *arose from those contacts. See Stanton v. AM General Corp.*, 1998 Mass. App. Div. 40, *2 (Mass. Dist. Ct. App. 1998) (finding no jurisdiction under Section 3 where the plaintiff's injuries did not arise from defendant's transaction of business in the forum).

---

[1]Plaintiff does not allege that Beretta "ha[s] an interest in, us[es] or possess[es] real property in [the] commonwealth; contract[s] to insure any person, property or risk located within [the] commonwealth at the time of contracting; maintain[s] a domicile in [the] commonwealth … ; [or] ha[s] been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support or property settlement[] …" *See* Mass. Gen. Laws Ch. 223A § 3(e)-(h).

1.     **Subsections 3(a) And 3(b) Do Not Confer Jurisdiction Because Plaintiff's Claims Do Not Arise Out Of Massachusetts Business Transactions.**

The "arising from" clause "requires a showing of a 'but for' causation." *See Lewis v. Walt Disney Parks & Resorts U.S., Inc.*, No. 18-CV-11947-DJC, 2019 WL 1505964, at *4 (D. Mass. April 5, 2019) (citation omitted). Plaintiff must "adduce specific evidence suggesting that Defendants' business activities in Massachusetts were the first step in a chain leading to her injuries." *Pettit v. AngioDynamics, Inc.*, No. 21-cv-10568-ADB, 2021 U.S. Dist. LEXIS 185274, at *15 (D. Mass. Sep. 28, 2021) (dismissing case for lack of personal jurisdiction).

Here, Mexico has not alleged that its claims arise from Beretta transacting any business or contracting to supply products in Massachusetts. Plaintiff merely alleges that Beretta sells firearms to Interstate, a distributor in Massachusetts. Compl. ¶ 33. Plaintiff then also alleges that Interstate sells the guns to a "system of gun dealers located throughout the U.S." *Id.* at 41. Plaintiff further alleges that "local gun dealers" sold Beretta guns to "straw" purchasers in Texas, Arizona, and Illinois. *Id.* at 163, 169, 175, 181, 198, 202, 223. Critically, however, Mexico does not allege that the guns sold to Interstate in Massachusetts were the same guns sold to the "straw" purchasers in Texas, Arizona, and Illinois. Nor does it allege that any "straw" sales occurred in Massachusetts or that Beretta made any ineligible sales in Massachusetts. There is simply no link between Beretta's alleged sales to Interstate and the "straw" sales allegedly made in Texas, Arizona, and Illinois. Mexico's allegations are, therefore, insufficient to establish this Court's personal jurisdiction over Beretta. *See, e.g.*, *Harness v. AngioDynamics, Inc.*, No. 21-cv-10233-ADB, 2021 U.S. Dist. LEXIS 185267, at *11 (D. Mass. Sep. 28, 2021) (concluding that there is no jurisdiction under 3(a) where plaintiff did not show that the specific device that injured him was designed or sold in Massachusetts); *Merced v. JLG Indus., Inc.*, 170 F. Supp. 2d 65, 71-2 (D. Mass. 2001)

(finding no jurisdiction under Section 3(a) where injury did not arise from defendant's sales of products in Massachusetts).

Similarly, while Plaintiff alleges that Beretta guns were found in Mexico, Compl. ¶ 461, Plaintiff does not allege that the guns used in Mexico were sold, received, or purchased in Massachusetts. Indeed, Mexico does not even allege that the guns recovered in its own country were sold by Beretta to Interstate. For these reasons, Plaintiff cannot establish that Plaintiff's business or services in Massachusetts constituted the first step in the chain of events that resulted in Plaintiff's injury. *See L&W Supply Corp. v. Morgan Materials*, No. 93-12147-RGS, 1994 U.S. Dist. LEXIS 10978, at *8 (D. Mass. Aug. 3, 1994) (no jurisdiction under 3(a) where plaintiff "has not submitted evidence that it had any local dealings with [out-of-state manufacturer], or that the allegedly defective chemicals were the subject of a transaction in Massachusetts between [manufacturer] and anyone else.); *O'Grady v. Safety-Kleen Sys.*, No. 1:19-cv-11814-ADB, 2020 U.S. Dist. LEXIS 54859, at *10 (D. Mass. Mar. 30, 2020) (concluding that there was no jurisdiction under 3(c) where plaintiff "has not alleged that [defendant's] contacts with Massachusetts formed the first step in a train of events that caused the injuries or even that any of the alleged injuries took place in Massachusetts.") (quotations omitted).

Furthermore, Beretta's sales to Interstate cannot be a "but for" cause of any of the claims that Plaintiff asserted against them. Where courts have found the requisite nexus, the link between the contracts and the actions of the defendant was more compelling than what Plaintiff has alleged here. *See, e.g.*, *Cossart v. United Excel Corp.*, 804 F.3d 13, 19 (1st Cir. 2015) (finding that plaintiff's claim arose from work "performed in Massachusetts under his employment contract with [defendant] and out of the sales office officially registered in Massachusetts by [defendant]."); *see Tatro v. Manor Care, Inc.*, 416 Mass. 763, 771, 625 N.E.2d 549, 554 (Mass. 1994) (concluding

that but for the hotel's direct solicitations and acceptance of reservations, the plaintiff would not have been injured in California); *see Workgroup Tech. Corp. v. MGM Grand Hotel, LLC*, 246 F. Supp. 2d 102, 112 (D. Mass. 2003) (finding that but for the telephone calls, emails, and faxes between parties, the contract would not have been consummated).  Here, Plaintiff does not allege that but for Beretta's sales in Massachusetts, Plaintiff would not have suffered the alleged injuries. To the contrary, Mexico *admits* that most of the firearms recovered in its own country were not produced or sold by Beretta.

Specifically, Plaintiff admits that:

1) firearms produced and sold by *all* defendants make up less than "half" of "all crime guns recovered in Mexico." Compl. ¶ 434, 435;

2) many firearms are smuggled into Mexico "from outside the U.S." *Id.*; and

3) Beretta accounted for only 5.8% of all "crime guns" recovered in Mexico. *Id.* ¶ 434.

By Mexico's own self-serving account, the cartels and other criminals within its borders have access to millions of illegal firearms that Beretta did not produce or sell.  As a result, Plaintiff cannot plausibly allege that cartel violence was made possible by the challenged action of Beretta. *See Doe v. JetBlue Airways Corp.*, No. 20-cv-11623-ADB, 2021 U.S. Dist. LEXIS 145125, at *17 (D. Mass. Aug. 3, 2021).

Furthermore, to the extent that Plaintiff contends that the alleged failures to enact policies may be a "but for" cause of the injuries in Mexico,[2] any such purported omissions or failures to act, which Beretta denies, necessarily occurred *outside* of Massachusetts. Beretta is incorporated in Maryland and Plaintiff has not alleged, nor could it, that Beretta's failure to enact policies

---

[2] *E.g.*, Compl. ¶ 229, which implies that restrictions and policies to prevent "straw" sales might have prevented the alleged harm from occurring.

occurred in Massachusetts.  Indeed, Plaintiff does not allege that *any* of the elements of its claims against Beretta took place in Massachusetts.  Thus, Mexico has not met its burden to show that, but for Beretta's transactions in the forum, the injuries would not have occurred. *See Brown v. Aero Glob. Logistics, LLC*, No. 19-cv-12153-DJC, 2020 U.S. Dist. LEXIS 86750, at *9 (D. Mass. May 18, 2020); *see Bos. Post Partners II, LLP v. Paskett*, No. 15-cv-13804, 2016 U.S. Dist. LEXIS 88811, at *20 (D. Mass. July 8, 2016) (finding claims did not arise out of defendant's contacts with the forum where the underlying conduct occurred out of state).

## 2.    Subsections 3(c) And 3(d) Do Not Confer Jurisdiction Over Beretta.

Jurisdiction over Beretta under Section 3(c) and 3(d) of the Massachusetts long-arm statute also fails for the following reasons. First, "section 3(c) requires a well-pleaded allegation that a defendant did some act in the Commonwealth that caused the plaintiff harm." *Noonan v. Winston Co.*, 902 F. Supp. 298, 306 (D. Mass 1995). Mexico, in its complaint, does not allege that Beretta committed any tortious acts in Massachusetts.  *See O'Grady v. Safety-Kleen Sys.*, No. 1:19-cv-11814-ADB, 2020 U.S. Dist. LEXIS 54859, at *9 (D. Mass. Mar. 30, 2020) (listing cases); *Paskett*, No. 15-cv-13804, 2016 U.S. Dist. LEXIS 88811, at *22 (D. Mass. July 8, 2016) ("The conduct that caused [the] injuries occurred entirely outside of Massachusetts, and accordingly Section 3(c) does not provide a proper basis for jurisdiction under the long-arm statute.).

Pursuant to Section 3(d), a court may assert personal jurisdiction over defendants who commit tortious acts outside Massachusetts only if the defendant either "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered" in Massachusetts.  Mass. Gen. Laws Ch. 223A § 3(d).  Jurisdiction under this section, however, *requires* that the injury occur in the state. *See Lewis v. Walt Disney Parks & Resorts U.S., Inc.*, No. 18-CV-11947-DJC, 2019 WL 1505964, at *3 (D. Mass. April 5, 2019) (holding that § 3(d) did not apply because accident and injury occurred in

Florida); *see L&W Supply Corp. v. Morgan Materials*, No. 93-12147-RGS, 1994 U.S. Dist. LEXIS 10978, at ( (D. Mass. Aug. 3, 1994) (same, where "the allegedly defective adhesive was used in homes located in Georgia."); *see Crocker v. Hilton Int'l Barbados, Ltd.*, 976 F.2d 797, 800 (1st Cir. 1992) (same, although plaintiffs' experienced trauma upon return to Massachusetts, plaintiffs' were suing for damages stemming from out-of-state sexual assault). Here, Plaintiff alleges that the injuries occurred in Mexico. *See* Compl. ¶ 361, 376, 465, 473-4. For these reasons, Plaintiff cannot meet its *prima facie* burden establishing that Beretta is subject to personal jurisdiction in Massachusetts under any part of Section 3 of the Massachusetts long-arm statute.

### B.    The Exercise Of Jurisdiction Does Not Comport With Due Process.

Even if the Massachusetts long-arm statute were to confer jurisdiction under Section 3, which it clearly does not, the exercise of personal jurisdiction over Beretta would still not satisfy constitutional due process.

### 1.    Beretta Is Not Subject To General Personal Jurisdiction In Massachusetts.

General jurisdiction allows the court to exercise personal jurisdiction over defendants on all claims brought by plaintiff. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citation omitted). A court may assert "general jurisdiction" over a defendant whose contacts with the forum "are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846 (2011); *see Chen v. United States Sports Acad., Inc.*, 956 F.3d 45, 54 (1st Cir. 2020). Here, again, Plaintiff has not alleged—and cannot allege—that Beretta is "at home" in Massachusetts. *See* Compl. ¶ 44.

### 2.    Beretta Is Not Subject To Specific Personal Jurisdiction In Massachusetts.

To establish specific jurisdiction over a defendant, a plaintiff would have to show "an affiliation between the forum State and the underlying controversy, principally, an activity or an occurrence that takes place in the forum and is therefore subject to the State's regulation." *Ford*, 141 S. Ct. at 1025 (quoting *Bristol-Myers Squibb Co. v. Superior* Court *of California, San Francisco City.*, 137 S. Ct. 1773, 1780 (2017)). Specifically, a plaintiff is required to show that: (1) the plaintiff's claim directly arises from or relates to the defendant's activities in the forum; (2) the defendant's forum-state contacts must "represent a purposeful availment of the privilege of conducting activities in that state"; and (3) the exercise of specific jurisdiction in the forum must be reasonable under the circumstances. *Chen*, at 59 (citations and quotations omitted). "The Court must find that *all three* are present to assert personal jurisdiction over a defendant." *See Lewis v. Walt Disney Parks & Resorts U.S., Inc.*, No. 18-CV-11947-DJC, 2019 WL 1505964, at *4 (D. Mass. April 5, 2019).

The first element—that the "claim must directly arise from or relate to the defendant's activities in the forum," *Chen*, at 59—"requires the plaintiff to show a demonstrable nexus between its claims and the defendant's forum-based activities, such that the litigation itself is founded directly on those activities." *Cestari v. Viaair, LLC*, No. CV 15-13402-MLW, 2016 WL 4941986, at *9 (D. Mass. Sept. 15, 2016) (citations and quotations omitted).

Accepting the allegations in Mexico's Complaint as true, Beretta could not be subject to specific personal jurisdiction consistent with the Due Process Clause. As noted above, there are no allegations that connect Beretta's lawful sales to Interstate to the claims asserted in this case. Plaintiff cannot establish specific personal jurisdiction over Beretta. *Bristol-Myers Squibb Co. v. Superior* Court *of California, San Francisco City.*, 137 S. Ct. 1773, 1781 (2017) (citing *Goodyear*

*Dunlop*, 564 U.S. at 930 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales").

In *Bristol-Myers Squibb*, residents and nonresidents filed a civil action in a California state court against Bristol-Myers Squibb ("BMS"), asserting a variety of state-law claims based on injuries allegedly caused by a drug called Plavix. *Id.* at 1777.[3]  The Supreme Court concluded that California state courts did not have specific jurisdiction over BMS with regards to the claims brought by nonresident plaintiffs because there was not an "adequate link between the State and the nonresidents' claims." *Id.* at 1781–82.  The court reached this conclusion even though BMS sold Plavix in California, deriving "more than $900 million from those sales," *id.* at 1778, and had a contract with a California company to distribute Plavix nationally. *Id.* at 1783.  Because "[t]he relevant plaintiffs [were] not California residents and [did] not claim to have suffered harm in that State" and "all the conduct giving rise to the nonresidents' claims occurred elsewhere," California state courts did not have specific jurisdiction over defendants with respect to those claims. *Id.* at 1782; *see Ford v. Montana*, at 1031 (reaffirming decision in *Bristol Meyers Squibb* and explaining that the relatedness prong was not satisfied in that case because the plaintiffs were not residents of the forum, did not use the drugs, or suffer injuries in the forum).

Plaintiff's claims here suffer the exact same jurisdictional defects that defeated jurisdiction in *Bristol-Myers Squibb*.  Plaintiff certainly did not purchase or use Beretta firearms in Massachusetts, and Plaintiff was not injured by Beretta firearms in Massachusetts.   In its Complaint, Mexico expressly alleges that its injuries resulted from the intervening criminal activities of unnamed third parties—outside of Massachusetts and, indeed, outside of the United States.  Plainly, this is a case with no natural ties to this forum.  *See, e.g., Ford*, at 1031*; Kingston*

---

[3] The plaintiffs brought claims for violations of California's products liability law, negligent misrepresentation, and misleading advertising. *Id.* at 1778.

*v. AngioDynamics*, No. 21-cv-10234-DJC, 2021 U.S. Dist. LEXIS 133249, at *21-22 (D. Mass. July 16, 2021) (finding that plaintiff, who lived in Kentucky and was allegedly injured by a device there, had failed to demonstrate that defendants were subject to specific jurisdiction in Massachusetts); *Katz v. Spiniello Cos.*, 244 F. Supp. 3d 237, 245 (D. Mass. 2017) (finding no specific jurisdiction where defendant's forum contacts did not relate to allegations regarding product defects and inadequate warnings); *Harnish v. Crook*, No. 17-11744-JGD, 2018 U.S. Dist. LEXIS 64424, at *5 (D. Mass. Apr. 17, 2018) (holding that no specific jurisdiction exists in Massachusetts for a personal injury claim where, "the accident took place in international waters off the coast of Rhode Island, Crook [the Defendant] is a Rhode Island resident and his boat was registered in Rhode Island."  Thus, the Plaintiff's claims does not "arise out of, or relate to" activities in Massachusetts.").

Furthermore, Plaintiff's allegations against Beretta concern its alleged failure to 1) impose downstream sales restrictions on distributors, 2) design safe guns, and 3) refrain from certain marketing practices.  Compl, ¶¶ 96, 98, 104.  But, according to Mexico's own allegations in its Complaint, any such alleged omissions must involve entirely out-of-state conduct.  As Plaintiff *has* pled, Beretta's headquarters is in Maryland.  Compl. ¶ 33.  And Plaintiff *has not* pled—and could not plead—that any part of Beretta's corporate, design, or manufacturing functions occur in Massachusetts.  Subjecting Beretta to suit in Massachusetts would "offend traditional notions of fair play and substantial justice" and violate Beretta's due process rights.  *See Ford v. Montana*, at 1024. (quotations and citation omitted).

Finally, even if Mexico could show that its claims relate to Beretta's actions in the forum, it would still be unable to assert jurisdiction over Beretta because it could not satisfy the constitutional "reasonableness" test.  The "reasonableness" inquiry examines five "Gestalt"

factors: "(1) the defendant's burden of appearing [in the forum state], (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies." *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 61 (1st Cir. 2016) (citations omitted); *see Asahi Metal Indus. Co. Ltd. v. Superior Court*, 480 U.S. 102, 113 (1987) (listing similar factors).

Aside from the first factor, which appears to be neutral, the other factors weigh against jurisdiction in this forum. For instance, the second factor weighs strongly against the Plaintiff because Plaintiff is a non-resident. *See Nowak ex rel. Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 718 (1st Cir. 1996) ("Massachusetts has a strong interest in protecting its citizens from out-of-state solicitations for goods or services that prove to be unsafe, and it also has an interest in providing its citizens with a convenient forum in which to assert their claims."); *see Asahi Metal*, 480 U.S. at 114 (1987) (concluding that because the plaintiff was not a California resident, the forum had "diminished" legitimate interests in the dispute). Here, Massachusetts cannot be said to have any interest in adjudicating an out-of-state dispute—between two non-resident parties—where the alleged injuries occurred in Mexico. This is particularly so given that the Complaint lacks any allegations connecting the firearms used in Mexico to the sale of guns in Massachusetts.

The third factor also weighs against jurisdiction: although "a plaintiff's choice of forum must be accorded a degree of deference with respect to the issue of its own convenience," *Sawtelle v. Farrell*, 70 F.3d 1381, 1395 (1st Cir. 1995), Plaintiff could also obtain convenient and effective relief elsewhere. *See, e.g.*, *Katz v. Spiniello Companies*, 244 F. Supp. 3d 237, 248-49 (D. Mass 2017) ("Plaintiffs are not citizens of the Commonwealth, the Court does not discern any specific reason why Massachusetts would be a particularly more convenient forum when compared to other

alternatives."); *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 30 (1st Cir. 2008). Plaintiff is a foreign government and litigating the case in Massachusetts would present the same burdens as litigating the case in any other state. Texas, for example, is a state where Plaintiff asserts "straw" sales occurred; Texas is far closer to Mexico than Massachusetts; and Plaintiff directly alleges that guns are smuggled through the southern border. *See Medici v. Lifespan Corp.*, 239 F. Supp. 3d 355, 371 (D. Mass. 2017) (observing that it would not be difficult for plaintiff to travel to another state to litigate the dispute). Presumably Texas would be a more convenient forum for Plaintiff.[4]

For these reasons, Mexico has not established this Court's personal jurisdiction over Beretta.

## II.   <u>CONCLUSION</u>

For the foregoing reasons, all of the claims asserted in the complaint against Beretta should be dismissed with prejudice.

## <u>LOCAL RULE 7.1(a)(2) CERTIFICATION</u>

Beretta's counsel hereby certifies that, on or about November 19, 2021, they have conferred in good faith with Plaintiff's counsel in order to resolve or narrow the issues presented in the above motion. The parties did not agree on the resolution of any part of the motion.

---

[4]The fourth Gestalt factor (the most effective resolution) also weighs against Plaintiff, because Plaintiff is located in Mexico and the majority of all witnesses and documents are outside of the Commonwealth. Similarly, the fifth Gestalt factor (the interests of all sovereigns in promoting substantive social policies) is absent where, as here, Plaintiff is not a citizen of Massachusetts. *Sawtelle*, 70 F.3d at 1395 (1st Cir. 1995) (noting that policy implicated is the ability of a state to provide a convenient forum for its residents in assessing this factor).

Dated: November 22, 2021                    Respectfully submitted,


                                            COZEN O'CONNOR


                                            By: _____
                                                Michael S. Savino, Esq.
                                                Michael B. de Leeuw, Esq. (*pro hac vice*
                                                admission pending)
                                                John K. McDonald
                                                3 WTC, 175 Greenwich Street, 55th Floor
                                                New York, New York 10007
                                                Phone - (212) 908-1233
                                                MSavino@cozen.com
                                                Mdeleeuw@cozen.com

                                                -and-

                                                John K. McDonald, Esq. (*pro hac vice*
                                                admission pending)
                                                One Liberty Place
                                                1650 Market Street
                                                Suite 2800
                                                Philadelphia, PA 19103
                                                Phone - (215) 864-8046
                                                JMcDonald@cozen.com

                                            *Attorneys for Beretta U.S.A. Corp.*

<u>**CERTIFICATE OF SERVICE**</u>

I, Michael S. Savino, attorney for defendant Beretta U.S.A. Corp. hereby certify that, on the 22nd day of November, 2021, a true copy of the foregoing was filed through the ECF System and sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be served by first-class mail, postage prepaid, upon anyone indicated as a non-registered participant.

_____
Michael S. Savino, Esq.
