**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

ESTADOS UNIDOS MEXICANOS,
*Plaintiff,*

*vs.*

SMITH & WESSON BRANDS, INC., et al.,
*Defendants.*

Civil Action No. 1:21-CV-11269-FDS

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT WITMER PUBLIC SAFTEY GROUP, INC.
D/B/A INTERSTATE ARMS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

LEGAL STANDARD ..................................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

I.  PLCAA DOES NOT PRECLUDE THE GOVERNMENT'S CLAIMS AGAINST INTERSTATE ARMS. ................................................................................ 3

    A.  PLCAA's Terms Do Not Reach the Government's Claims. ................................. 3

    B.  The Government's Claims Are Within PLCAA's Statutory Exceptions. ............................................................................................................ 3

II. THE COMPLAINT SUFFICIENTLY ALLEGES CLAIMS AGAINST INTERSTATE ARMS. ........................................................................................... 4

    A.  PLCAA Does Not Bar the Government's Negligence (Count One) or Public Nuisance (Count Two) Claims. ................................................................... 4

    B.  The Complaint Adequately Alleges a Defective-Design Claim Against Interstate Arms (Count Three). ............................................................................. 5

    C.  The Complaint Adequately Alleges a Negligence Per Se Claim Against Interstate Arms (Court Four). ................................................................................. 8

    D.  The Complaint Adequately Alleges a Gross Negligence Claim Against Interstate Arms (Count Five). ................................................................................ 8

    E.  The Complaint Adequately Alleges an Unjust Enrichment Claim Against Interstate Arms (Count Six). ................................................................................. 9

    F.  The Complaint Adequately Alleges a Punitive Damages Claim Against Interstate Arms (Count Nine). .............................................................................. 11

CONCLUSION ............................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Altman v. Aronson*, 121 N.E. 505 (Mass. 1919) ............................................................... 8, 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 2

*Back v. Wickes Corp.*, 378 N.E.2d 964 (Mass. 1978) ..................................................... 5, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 2, 3

*Bennett v. Eagle Brook Country Store, Inc.*, 557 N.E.2d 1166 (Mass. 1990) ..................... 8

*Big Bob's Flooring Outlet of America, Inc. v. Elyachar,* No. 20-11379-TSH, 2021 WL 4477438 (D. Mass. Sep. 30, 2021) ............................................................................... 2

*Chapman ex rel. Estate of Chapman v. Bernard's Inc.*, 167 F. Supp. 2d 406 (D. Mass. 2001) ..... 5

*Christopher v. Father's Huddle Café, Inc.*, 782 N.E.2d 517 (Mass. App. Ct. 2003) .......... 9

*City of Boston v. Smith & Wesson Corp.*, No. 199902590, 2000 WL 1473568 (Mass. Super. July 13, 2000) ................................................................................................. 10, 11

*City of L.A. v. Wells Fargo & Co.*, 22 F. Supp. 3d 1047 (C.D. Cal. 2014) ....................... 11

*DeLellis v. Johnson & Johnson*, No. 20-11665-MLW, 2021 WL 3206772 (D. Mass. July 26, 2021) ........................................................................................................... 6

*Figueroa v. Cactus Mexican Grill LLC*, No. 21-10445-FDS, 2021 WL 5868277 (D. Mass. Dec. 10, 2021) ........................................................................................................... 2

*Gillespie v. Papale*, 541 F. Supp. 1042 (D. Mass. 1982) ................................................... 9

*Gillespie v. Sears, Roebuck & Co.*, 386 F.3d 21 (1st Cir. 2004) ........................................ 7

*Greenwald v. Chase Manhattan Mortg. Corp.*, 241 F.3d 76 (1st Cir. 2001) ................... 11

*Haglund v. Philip Morris Inc.*, 847 N.E.2d 315 (Mass. 2006) ....................................... 5, 7

*Hocking Water Ass'n v. E.I. du Pont de Nemours & Co.*, 91 F. Supp. 3d 940 (S.D. Ohio 2015) 11

*In re Stryker LFIT V40 Femoral Head Products Liability Litigation*, 2017 WL 3815937 (D. Mass. Aug. 31, 2017) ............................................................................................. 7

*Lally v. Volkswagen Aktiengesellschaft*, 698 N.E.2d 28 (Mass. App. Ct. 1998) ............... 5

*Little Rhode Island v. Lead Indus. Ass'n, Inc.,* No. 99-5226, 2001 WL 345830 (R.I. Super. April 2, 2001) .................................................................................................................................. 11

*Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc*., 552 F.3d 47 (1st Cir. 2009) .......... 10

*Massachusetts v. Mylan Lab'ys,* 357 F. Supp. 2d 314 (D. Mass. 2005) ....................................... 11

*O'Hara v. Diageo-Guinness, USA, Inc.*, 306 F. Supp. 3d 441 (D. Mass. 2018) .......................... 10

*O'Neil v. Electrolux Home Prod., Inc.*, No. CIV. A. 06-10433-DPW, 2008 WL 2066948 (D. Mass. May 14, 2008) ................................................................................................................ 9

*Provanzano v. MTD Productions Co.*, 215 F. Supp. 3d 134 (D. Mass. 2016) ............................... 5

*Renaud v. New York, New Haven, & Hartford R.R. Co*., 92 N.E. 710 (Mass. 1910) .................... 9

*Rhodes v. Ocwen Loan Servicing, LLC*, 44 F. Supp. 3d 137 (D. Mass. 2014) .............................. 3

*Ruiz v. Bally Total Fitness Holding Corp*., 496 F.3d 1 (1st Cir. 2007) ......................................... 3

*Sorenson v. H & R Block, Inc*., 2002 WL 31194868 (D. Mass. Aug. 27, 2002) ........................... 8

*Taupier v. Davol, Inc.*, 490 F. Supp. 3d 430 (D. Mass. 2020) .................................................. 5, 6

*White v. Smith & Wesson*, 97 F. Supp. 2d 816 (N.D. Ohio 2000) ......................................... 10, 11

*Zavras v. Capeway Rovers Motorcycle Club, Inc*., 687 N.E.2d 1263 (Mass. App. Ct. 1997) ....... 9

**Statutes**

15 U.S.C. § 7903 ............................................................................................................................ 3

**Other Authorities**

41 C.J.S. Implied Contracts § 9 .................................................................................................. 10

9 Mass. Jurisprudence § 2:5 (1993) ............................................................................................ 10

Fed. R. Civ. P. 12 ...................................................................................................................... 1, 2

Restatement of Restitution § 1 .................................................................................................... 10

# INTRODUCTION

Plaintiff Estados Unidos Mexicanos ("the Government") submits this opposition to the separate motion to dismiss filed by Witmer Public Safety Group, Inc. D/B/A Interstate Arms ("Interstate Arms"). For background facts and related legal arguments, we refer to and incorporate by reference the Government's opposition to the joint motion to dismiss.[1] Here we address Interstate Arms's arguments as to whether the Protection of Lawful Commerce in Arms Act ("PLCAA") requires dismissal and whether the Government sufficiently pleaded its claims against Interstate Arms as required by Fed. R. Civ. P. 12(b)(6).

Interstate Arms is a wholesaler distributor of guns located in Billerica, Massachusetts that supplies firearm dealers nationwide with firearms and related products, including "military-style weapons." Complaint ("Compl.") ¶ 41. It makes substantial purchases from all but one of the manufacturing Defendants. *Id.* ¶¶ 1, 41. Pursuant to those Defendants' distribution policies, it markets, distributes, and sell guns in ways it knows routinely arm the drug cartels in Mexico. *Id.* ¶ 3. Its policy is to sell to any dealer that has a United States federal license, despite red flags indicating that the buyer flouts the law and helps move its guns into Mexico. *Id.* ¶ 7. Interstate Arms refuses to monitor or discipline its dealer systems *in any way* to prevent this rampant gun trafficking. *Id.*

Interstate Arms's motion to dismiss the Complaint seeks impunity for this conduct. It denies that it helps move guns into Mexico, and contends that, even if it did, PLCAA precludes this lawsuit. Interstate Arms is wrong on the facts—the Complaint plausibly alleges that it "actively facilitate[s] the unlawful trafficking of [its] guns to drug cartels and other criminals in

---

[1] *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Joint Motion to Dismiss ("Opp. Jnt. Mem.").

Mexico." Compl. ¶ 1. And it is wrong on the law—PLCAA precludes only specifically identified lawsuits asserting injuries that occur in the United States resulting from the misuse of guns in the United States, and in any event does not shield gun companies where, as here, they knowingly violate statutes applicable to gun sales.

Interstate Arms is also wrong about the adequacy of the Complaint. Interstate Arms contends that the Government failed to plead valid claims under Massachusetts law, but Massachusetts's choice-of-law rule selects the substantive law of *Mexico* to apply here. And under that law, all of the Government's claims are valid. Notably, Interstate Arms offers no choice-of-law analysis to the contrary. It is unnecessary, or at least premature, for the Court to address the validity of the Government's claims under Massachusetts law. Only Interstate and Barrett Manufacturing contend that certain of the common claims are invalid under Massachusetts law. Regardless, except as noted below, the Complaint plausibly pleads claims under Massachusetts law.

The Court should deny Interstate Arms's motion to dismiss.

**LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must state a claim that is plausible on its face."[2] "A claim is facially plausible if the factual content 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[3] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . . [f]actual allegations must be enough to raise a right to relief above the

---

[2] *Figueroa v. Cactus Mexican Grill LLC*, No. 21-10445-FDS, 2021 WL 5868277, at *2 (D. Mass. Dec. 10, 2021) (Saylor, J.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] *Big Bob's Flooring Outlet of America, Inc. v. Elyachar,* No. 20-11379-TSH, 2021 WL 4477438, at * 2 (D. Mass. Sep. 30, 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009)).

speculative level . . . ."[4] At this stage in the litigation, the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom."[5]

ARGUMENT

I. **PLCAA DOES NOT PRECLUDE THE GOVERNMENT'S CLAIMS AGAINST INTERSTATE ARMS.**

    A. **PLCAA's Terms Do Not Reach the Government's Claims.**

As set out fully in the Government's opposition to the joint motion to dismiss, PLCAA does not bar the Government's claims against Interstate Arms.[6] It precludes only certain lawsuits for the "[damages] resulting from"—the "harm caused by"—the "criminal or unlawful misuse" of guns.[7] It does not bar the Government's claims for injuries incurred in Mexico resulting from gun misuse that is unlawful under Mexican law.

    B. **The Government's Claims Are Within PLCAA's Statutory Exceptions.**

Even if PLCAA reached the Government's claims, it would not bar with them. PLCAA provides no protections where, as here, Defendants—including Interstate Arms—knowingly violate U.S. federal and state statutes applicable to the sale or marketing of guns.[8] The Complaint alleges in detail that Interstate knowingly violates, either directly or as an abettor and conspirator, federal statutes on gun exports, Compl. ¶¶ 63-65, straw purchases, *id.* at ¶ 69, 248-250, and the bans on selling machineguns, *id.* at ¶ 68, 70-72, 301-313, and selling without a

---

[4] *Twombly*, 550 U.S. at 555.

[5] *Rhodes v. Ocwen Loan Servicing, LLC*, 44 F. Supp. 3d 137, 139 (D. Mass. 2014) (quoting *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007)).

[6] *See* Opp. to Jnt. Mem. 7-20.

[7] *See id.* at 7.

[8] 15 U.S.C. § 7903(5)(A)(iii).

3

license. *Id.* at ¶ 67. Again, this issue is fully briefed by the Government in its opposition to Defendants' joint motion to dismiss.[9] As set forth therein, PLCAA does not provide a basis for dismissal of the Government's claims because even if PLCAA reaches these claims, they fall within PLCAA's enumerated exceptions.

## II.   THE COMPLAINT SUFFICIENTLY ALLEGES CLAIMS AGAINST INTERSTATE ARMS.

The Complaint alleges that the Government's claims are governed by "the substantive law of Mexico, including its tort law." Compl. ¶ 21; *see also id*. at ¶¶ 22, 29, 60-62. And the Government has submitted an expert report confirming that its claims are valid under Mexican law.[10] Interstate Arms has not provided any choice-of-law analysis to the contrary and has not addressed the validity of the claims under Mexican law. Rather, Interstate Arms moves for dismissal of several of the Government's claims under Massachusetts law. To the extent the Court decides to reach those claims in the absence of a choice of law analysis, these claims are adequately pleaded under Massachusetts law, and dismissal is not warranted.[11]

### A.   PLCAA Does Not Bar the Government's Negligence (Count One) or Public Nuisance (Count Two) Claims.

---

[9] *See* Opp. to Jnt. Mem. 20-28.

[10] Shadowen Dec., Ex. 2, Plaintiff's First Expert Report on Tort Law of Mexico ("First Tort Law Report").

[11] Interstate Arms moves to dismiss Counts Seven and Eight—alleging claims under the Connecticut Unfair Trade Practices Act ("CUTPA") and Massachusetts Chapter 93A respectively—but this request is entirely unnecessary. The Government does not assert these claims against Interstate Arms, rather only against Defendant Colt's Manufacturing, Inc. and Smith & Wesson Brands, Inc., respectively. The Government also acknowledges that, as to Interstate Arms, it would have no independent claims for negligence per se or punitive damages for its common law counts under Massachusetts law, if that were the law that applies. *See infra.*

4

Initially, Interstate Arms renews its misguided attempt to invoke PCLAA. But as demonstrated previously, PLCAA by its own terms does not preclude the Government's claims where the injury and the criminal misuse of the guns occurs abroad.[12] And even if it did, all of the Government's claims are preserved since PLCAA's predicate exception is satisfied, as well as other exceptions.[13] There is nothing, then, that supports Interstate Arms's attempt to dismiss the Government's negligence and public nuisance claims.

### B. The Complaint Adequately Alleges a Defective-Design Claim Against Interstate Arms (Count Three).

The Complaint plausibly alleges facts sufficient to state a breach of warranty claim under Massachusetts law related to Interstate Arms's sale of "military-style weapons."[14] To prove defective design under a breach of warranty theory, a plaintiff must show that the product at issue "was not fit for ordinary purposes because of a defect that made it unreasonably dangerous."[15] "The 'ordinary purposes' contemplated by M.G.L. c. 106, § 2–314 include both

---

[12] *See* Opp. to Jnt. Mem. 7-20.

[13] *Id*. at 20-28.

[14] Compl. ¶ 41. Massachusetts "recognizes liability for breach of an implied warranty of merchantability under the Uniform Commercial Code as the functional equivalent of strict liability in other jurisdictions." *Taupier v. Davol, Inc.*, 490 F. Supp. 3d 430, 439 (D. Mass. 2020) (internal quotations and citation omitted). "[A]s a matter of social policy, the warranty of merchantability imposes a 'special responsibility' on the seller toward 'any member of the consuming public who may be injured' by its product." *Id.* (quoting *Haglund v. Philip Morris Inc.*, 847 N.E.2d 315, 321 (Mass. 2006) (other citation omitted)).

[15] *Chapman ex rel. Estate of Chapman v. Bernard's Inc.*, 167 F. Supp. 2d 406, 416 (D. Mass. 2001). The requisite elements for a breach of implied warranty claim include "that 1) defendant manufactured or sold the product that injured plaintiff, 2) a defect or unreasonably dangerous condition existed so that it was not suitable for the ordinary uses for which goods of that kind were sold, 3) plaintiff was using the product in a manner that defendant intended or that could reasonably have been foreseen and 4) the defect or unreasonably defective condition was a legal cause of plaintiff's injury. *Provanzano v. MTD Productions Co.*, 215 F. Supp. 3d 134, 138 (D. Mass. 2016) (citing *Lally v. Volkswagen Aktiengesellschaft*, 698 N.E.2d 28, 43 (Mass. App. Ct. 1998)).

those uses which the manufacturer intended and those which are reasonably foreseeable."[16] "Although the manufacturer is not obliged 'to design against bizarre unforeseeable accidents,' it "must anticipate the environment in which the product will be used, and it must design against the reasonably foreseeable risks attending the product's use in that setting.'"[17]

The Complaint clearly alleges that the Manufacturer Defendants, whose guns Interstate distributed, Compl. ¶ 41, made and sold the guns that were trafficked into Mexico and caused injury to the Government.[18] These guns were defectively designed by Defendants as military-assault weapons, making them "unreasonably dangerous." Specifically, they are designed to be easily modified to fire automatically; to easily obliterate serial numbers, to evade law enforcement detection; and to be fired by anyone who obtains the weapons, enabling easy transfers on the criminal market. Compl. ¶¶ 280-318, 353-366. The Complaint alleges facts demonstrating that the Manufacturer Defendants were made aware of these defects and the foreseeable risks that these weapons would be used in a manner that resulted in the very type of injuries that the Government incurred. Compl. ¶¶ 281, 286-87, 290-291, 297-98, 335-340. That these defects proximately caused the Government's injuries is discussed in detail in its response to Defendants' joint motion to dismiss.[19]

Interstate Arms asserts that the Government improperly alleges that an entire category of goods "should have never existed in the first place."[20] But as instructed in *DeLellis*, the

---

[16] *Chapman*, 167 F. Supp. 2d at 416 (citing *Back v. Wickes Corp.*, 378 N.E.2d 964, 969 (Mass. 1978)).

[17] *Taupier*, 490 F. Supp. 3d at 439 (quoting *Back*, 378 N.E.2d at 969).

[18] *See* Compl. ¶ 42.

[19] *See* Opp. to Jnt. Mem. 29-40.

[20] Interstate Mem. 15.

6

Government has pleaded "that there was a feasible alternative design for the product that would have reduced or prevented the harm."[21] The Complaint alleges that the guns could easily have been designed to avoid the defects. Specifically, Manufacturer Defendants "could make guns not accept high-capacity magazines that exacerbate the danger of assault weapons." Compl. ¶ 317. They "could include safety features to prevent the unauthorized use of their guns." *Id*. at ¶¶ 353-362. And they could "make guns whose serial numbers cannot be obliterated or defaced. Compl. ¶¶ 363-366.

Finally, "[i]n Massachusetts, distributors may be held liable for breach of warranty, under either a theory of defective design or a failure to warn."[22] Distributors of a manufacturer's product "are liable for injuries caused by defects in a product where the [user], at the time of the injury, was 'using the product in a manner that the defendant . . . distributor reasonably could have foreseen.'"[23] The Complaint plausibly alleges that Interstate Arms, along with Manufacturer Defendants, could reasonably foresee significant danger in designing and selling military-style weapons for civilians. Compl. ¶¶ 14, 41, 121, 195, 330, 335-340, 521. Thus, Interstate Arms's assertion that "there is no allegation that [Interstate Arms] ever designed or manufactured any firearm," Interstate Mem. 15, is of no moment.

Accordingly, there is no basis for dismissal of this claim under Mexican or Massachusetts law.

---

[21] *DeLellis v. Johnson & Johnson*, No. 20-11665-MLW, 2021 WL 3206772, *7 (D. Mass. July 26, 2021) (internal quotations and citation omitted); *see also Gillespie v. Sears, Roebuck & Co.*, 386 F.3d 21, 26 (1st Cir. 2004) ("An essential element of . . . a design flaw claim is that there be a safer alternative design.").

[22] *In re Stryker LFIT V40 Femoral Head Products Liability Litigation*, 2017 WL 3815937, at * 2 (D. Mass. Aug. 31, 2017) (citing *Haglund*, 847 N.E.2d at 322 (other citations omitted)).

[23] *Id.* (quoting *Haglund,* 847 N.E.2d at 322) (other citations omitted)

7

### C. The Complaint Adequately Alleges a Negligence Per Se Claim Against Interstate Arms (Court Four).

As with its other claims, the Government's negligence per se claim is viable under Mexican law.[24] Interstate Arms provides no choice-of-law analysis pointing to Massachusetts law. If that law did apply, the Government concedes it would have no separate claim for negligence per se against Interstate Arms. However, while Massachusetts does not expressly recognize it as a separate tort, it provides that violation of a statute is "some evidence of the defendant's negligence as to all consequences the statute was intended to prevent."[25] The statutory violations are those predicate violations referenced above and set forth in full in the Government's memorandum in opposition to the joint motion to dismiss.[26]

### D. The Complaint Adequately Alleges a Gross Negligence Claim Against Interstate Arms (Count Five).

The Complaint alleges facts sufficient to establish Interstate Arms's gross negligence under Massachusetts law.[27] The Supreme Judicial Court drew the distinction between ordinary and gross negligence more than a hundred years ago.[28] Since then, courts applying Massachusetts law have continuously distinguished negligence from gross negligence.[29]

---

[24] First Tort Law Report ¶ 31.   Notably, only Barrett and Interstate Arms seek dismissal of this claim under Massachusetts law; the other Defendants do not.

[25] *Sorenson v. H & R Block, Inc.*, 2002 WL 31194868, at *10 (D. Mass. Aug. 27, 2002), *aff'd*, 107 F. App'x 227 (1st Cir. 2004) (citing *Bennett v. Eagle Brook Country Store, Inc.*, 557 N.E.2d 1166, 1168 (Mass. 1990)).

[26] Opp. Jt. Mtn. 20-28.

[27] Notably only Barrett and Interstate Arms seek dismissal of this claim under Massachusetts law; the other Defendants do not.

[28] *Altman v. Aronson*, 121 N.E. 505, 506 (Mass. 1919) ("Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence.").

[29] *See, e.g.*, *Gillespie v. Papale*, 541 F. Supp. 1042, 1046 (D. Mass. 1982); *Renaud v. New York, New Haven, & Hartford R.R. Co.*, 92 N.E. 710 (Mass. 1910); *Zavras v. Capeway Rovers*

8

Although no court applying Massachusetts law has expressly determined whether gross negligence is a separate claim from ordinary negligence, the courts have recognized that "[t]here is a legal distinction between ordinary negligence and gross negligence."[30]

The Government has sufficiently pleaded the higher standard required for a gross negligence claim. Interstate Arms's conduct as alleged all too clearly exhibits "the want of even scant care."[31] Moreover, "the injury likely to ensue from a failure to do that which ought to be done is a fatal or very serious one."[32]

### E. The Complaint Adequately Alleges an Unjust Enrichment Claim Against Interstate Arms (Count Six).

As with its other claims, the Government's claim for unjust enrichment is viable under Mexican law.[33] Interstate Arms provided no choice-of-law analysis to counter the Complaint assertion that the law of Mexico applies.

Regardless, the Complaint alleges facts sufficient to state a claim against Interstate Arms for unjust enrichment under Massachusetts law.[34] "The equitable doctrine of unjust enrichment entitles a plaintiff to restitution for any benefit knowingly retained by the defendant at his expense when it would be inequitable for the defendant to retain that benefit

---

*Motorcycle Club, Inc.*, 687 N.E.2d 1263, 1265 (Mass. App. Ct. 1997); *Christopher v. Father's Huddle Café, Inc.*, 782 N.E.2d 517, 529 (Mass. App. Ct. 2003).

[30] *O'Neil v. Electrolux Home Prod., Inc.*, No. CIV. A. 06-10433-DPW, 2008 WL 2066948, at *10 (D. Mass. May 14, 2008).

[31] *Altman*, 121 N.E. 506.

[32] *Renaud*, 92 N.E. at 710.

[33] First Tort Law Report ¶¶ 80-84.

[34] Notably, only Barrett and Interstate Arms seek dismissal of this claim under Massachusetts law; the other Defendants do not.

9

without paying the plaintiff."[35] Plaintiff need allege only "unjust enrichment of one party and unjust detriment to another party."[36] The Government has plainly done so here, alleging wrongful conduct by Interstate Arms; *see, e.g.*, Compl. ¶¶ 3, 5, 7, 8, 15, *passim*; resultant harm to the Government; *see, e.g.*, *id.* ¶¶ 535, 536, 538, 540, 541; and consequent unjust enrichment of Interstate Arms; *see, e.g.*, *id.* ¶¶ 534, 537, 539.

A defendant receives a benefit by not bearing an expense that it causes.[37] Interstate Arms receives such a benefit here when the Government "pa[ys] for what may be called the Defendants' externalities – the costs of the harm caused by Defendants' failure to incorporate safety devices into their handguns and negligent marketing practices."[38] For example, the court in *City of Boston v. Smith & Wesson Corp.* upheld an unjust-enrichment claim where "Plaintiffs allege[d] that they have conferred a benefit upon Defendants by paying for the costs of the harm caused by Defendants' conduct ("externalities"). . . . Plaintiffs further allege that Defendants undertook the alleged wrongful conduct for the purpose of increasing their profits. Thus, Plaintiffs state a claim for unjust enrichment."[39]

Entire sections of the Complaint here are devoted to alleging these elements in detail. Interstate Arms intentionally participates in the unlawful design, distribution, and marketing

---

[35] *O'Hara v. Diageo-Guinness, USA, Inc.*, 306 F. Supp. 3d 441, 466 (D. Mass. 2018), *on reconsideration*, 370 F. Supp. 3d 204 (D. Mass. 2019).

[36] *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 552 F.3d 47, 57 (1st Cir. 2009).

[37] *See, e.g.*, *Massachusetts Eye and Ear Infirmary*, 552 F.3d at 66 (citing 41 C.J.S. Implied Contracts § 9 for proposition that 'benefit' for purposes of an unjust enrichment claim "is any form of advantage that has a measurable value, including the advantage of being saved from an expense or loss."); 9 Mass. Jurisprudence § 2:5 (1993) ("A person confers a benefit upon another if he in any way adds to the other's security or advantage.") (citing Restatement of Restitution § 1, cmt b).

[38] *White v. Smith & Wesson*, 97 F. Supp. 2d 816, 829 (N.D. Ohio 2000) ("City of Cleveland").

[39] No. 199902590, 2000 WL 1473568, at *18 (Mass. Super. July 13, 2000).

practices with respect to "military-style weapons" in order to increase its profits. *See, e.g.*, Compl. ¶¶ 41, 280-395, all of which causes the Government to incur enormous uncompensated expense. *See, e.g., id*. ¶¶ 434-505.

Interstate Arms apparently contends that the Government's incurring the costs of its externalities does not confer an "uncompensated benefit" on Interstate Arms. *See* Interstate Mem. 17. To the extent Interstate Arms is arguing that unjust enrichment requires something approaching privity between the parties, or that plaintiff transfer a benefit directly to the defendant, it is wrong. An unjust-enrichment claim "does not require any contractual or fiduciary relationship between the parties"[40] and "does not require that a defendant receive direct payments from a plaintiff."[41] Instead, courts applying Massachusetts, as well as other U.S. state law, hold that a defendant is unjustly enriched when a third party bears the costs of correcting harm that the defendant caused.[42]

Accordingly, there is no basis for dismissal of this claim under Mexican or Massachusetts law.

### F. The Complaint Adequately Alleges a Punitive Damages Claim Against Interstate Arms (Count Nine).

As with its other claims, the Government's claim for punitive damages is viable under Mexican law.[43] If Interstate had provided a choice-of-law analysis dictating the application of

---

[40] *Greenwald v. Chase Manhattan Mortg. Corp.*, 241 F.3d 76, 78 n.1 (1st Cir. 2001).

[41] *Massachusetts v. Mylan Lab'ys,* 357 F. Supp. 2d 314, 323 (D. Mass. 2005).

[42] *See, e.g.*, *City of Boston,* 2000 WL 1473568, at *18; *Hocking Water Ass'n v. E.I. du Pont de Nemours & Co.*, 91 F. Supp. 3d 940, 986 (S.D. Ohio 2015); *City of L.A. v. Wells Fargo & Co.*, 22 F. Supp. 3d 1047, 1061 (C.D. Cal. 2014); *White*, 97 F. Supp. 2d at 829; *Little Rhode Island v. Lead Indus. Ass'n, Inc.,* No. 99-5226, 2001 WL 345830, at *15 (R.I. Super. April 2, 2001).

[43] First Tort Law Report ¶¶ 49-56.

11

Massachusetts law, the Government concedes it would have no separate claim for punitive damages against Interstate Arms under the common law counts.

## CONCLUSION

For the reasons stated above, the Court should deny Interstate Arms's motion to dismiss in its entirety.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Plaintiff hereby requests oral argument.

Dated: January 31, 2022

Respectfully submitted,

/s/ *Steve D. Shadowen*
Steve D. Shadowen (pro hac vice)
Richard M. Brunell (BBO# 544236)
Nicholas W. Shadowen (pro hac vice)
SHADOWEN PLLC
1135 W. 6th Street, Suite 125
Austin, TX 78703
Phone: 855-344-3298
sshadowen@shadowenpllc.com
rbrunell@shadowenpllc.com
nshadowen@shadowenpllc.com

/s/ *Jonathan E. Lowy*
Jonathan E. Lowy (pro hac vice)
BRADY
840 First Street, N.E. Suite 400
Washington, DC 20002
Phone: 202-370-8104
jlowy@bradyunited.org

## CERTIFICATE OF SERVICE

I, Steve D. Shadowen, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing systems may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.

Dated: January 31, 2022                             Respectfully Submitted,

                                                    /s/ *Steve D. Shadowen*
                                                    Steve D. Shadowen