# Exhibit 55

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | |
|---|---|
| LYNSAY R. FOX, as Administrator and Personal Representative of the Estate of BRADLEY M. FOX and LYNSAY R. FOX, on her own behalf | : No. 2014-24619 |
| v. | |
| L & J SUPPLY, LLC, d/b/a IN SITE FIREARMS & LAW ENFORCEMENT SUPPLIES, L & J SUPPLY, LLC, and LUKE J. KELLY III |  2014-24619-0189  11/26/2018 12:33 PM  # 12075539<br>Rcpt#Z3530572 Fee:$0.00 Order<br>Main (Public)<br>MontCo Prothonotary |

### ORDER: MOTION FOR SUMMARY JUDGMENT REGARDING BAR TO ALL CLAIMS BY THE PROTECTION OF LAWFUL COMMERCE IN ARMS ACT FILED BY DEFENDANTS LUKE J. KELLY, III AND L & J SUPPLY, LLC

**AND NOW**, this 26th day of November 2018, upon consideration of the Motion for Summary Judgment Regarding Bar to all Claims by the Protection of Lawful Commerce in Arms Act Filed by Defendants Luke J. Kelly, III and L & J Supply, LLC ("Motion") and Brief in support, Plaintiff's Response in opposition and Memorandum of Law in support, this Court's thorough review of the extensive record as well as the relevant and applicable law and the Court having heard Oral Argument on Tuesday, October 30, 2018, it is hereby **ORDERED** that Defendants' Motion is **DENIED**.[1]

---

[1] This Court concludes that the "predicate exception" provided by 15 U.S.C. § 7903(5)(iii) applies to this case, thereby removing the entire action out from under the statutory immunity provided in the Protection of Lawful Commerce in Arms Act. *See* 15 U.S.C. §§ 7901-7903. Addressing Defendants' second question presented, our Superior Court recently reiterated the applicable standard as follows:

**BY THE COURT:**

_____
THOMAS P. ROGERS, J.

Copies of the above Order sent on 11/26/18 to the following:
**By Interoffice Mail:**
Denise S. Vicario, Esquire, Chief Deputy Court Administrator
Elizabeth A. Catalano, Second Deputy, Court Administration, Civil Division
**By First-Class Mail:**
Hope S. Freiwald, Esquire, Counsel for Plaintiff, Lynsay R. Fox as
    Administrator and Personal Representative of the Estate of Bradley M.
    Fox, and Lynsay R. Fox, on her own behalf
Jonathan E. Lowy, Esquire, *Pro Hac Vice* Counsel for Plaintiff,
    Lynsay R. Fox as Administrator and Personal Representative of the
    Estate of Bradley M. Fox, and Lynsay R. Fox, on her own behalf
Edward J. McGinn, Esquire, Counsel for Defendants, L & J Supply, LLC
    and Luke J. Kelly, III
Joseph J. Baldassari, Esquire, Counsel for Defendant, Luke J. Kelly, III

_____
Judicial Assistant

---

> [S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Moreover, when any court considers a motion for summary judgment, it is required to accept all the facts of record as well as the reasonable inferences from those facts in favor of the non-moving party. Additionally, the trial court "must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt."

*Krolczyk v. Goddard Systems, Inc.*, 164 A.3d 521, 526 (Pa.Super. 2017) (internal citations omitted). This Court concludes that there remain genuine issues of material fact precluding summary judgment.