# Exhibit 56

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF SPARTANBURG | ) | |
| | ) | |
| Cindy Coxie, | ) | Civil Action No. 2018-CP-42-04297 |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | **Form 4** |
| | ) | **SCRCP Rule 21(b)(6) Motion To Dismiss** |
| Academy, Ltd., d/b/a Academy | ) | **Denied** |
| Sports and Outdoors; and, Dustan | ) | |
| Lawson, | ) | |
| | ) | |
| DEFENDANT | ) | |

*CHECK ONE*:

[ ] JURY VERDICT. This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

[X] DECISION BY THE COURT. This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

[ ] ACTION DISMISSED. (*CHECK REASON*): [ ] Rule 12(b), SCRCP; [ ] Rule 41(a), SCRCP (Vol. Nonsuit); [ ] Rule 43(k),SCRCP(Settled); [ ] Other _____.

[ ] ACTION STRICKEN (*CHECK REASON*): [ ] Rule 40(j), SCRCP; [ ] Bankruptcy; [ ] Binding Arbitration, subject to right to restore to confirm, vacate or modify arbitration award;

[ ] Other _____.

**IT IS ORDERED AND ADJUDGED:** [ ] See attached order; [X] Statement of judgment by the Court:

This matter came before the Court on the defendant Academy's Motion to Dismiss pursuant to SCRCP Rule 12(b)(6), asserting that the plaintiff has failed to state facts sufficient to constitute a cause of action.

The standard of review which this Court is required to apply in ruling on a SCRCP Rule 12(b)(6) motion is well-established in South Carolina and is not contested by the parties. A ruling on a 12(b)(6) motion to dismiss must be based solely upon the allegations set forth in the complaint. If the facts alleged in the complaint and the inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case, then a court must deny the motion. The relevant question is whether, in viewing the complaint in a light most favorable to the plaintiff, and with every reasonable doubt resolved in the plaintiff's favor, the complaint states a valid claim for relief. See *Dye v. Gainey*, where "every" doubt is resolved in the plaintiff's favor when ruling on a 12(b)(6) motion. *Dye v. Gainey*, 320 S.C. 65, 67-68, 463 S.E.2d 97, 98-99 (Ct. App. 1995). The complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action. A judgment on the pleadings against the plaintiff is not proper where there is an issue of fact raised by the complaint which, if resolved in favor of the plaintiff, would entitle him to judgment. All well-pleaded factual allegations are deemed admitted for the purpose of considering the motion for judgment on the pleading. Where



allegations in the complaint give rise to competing inferences on a question of material facts, dismissal under 12(b)(6) is not appropriate. In sum, under a 12(b)(6) analysis, the allegations of the complaint must be considered to be true.

Accordingly, a court considering a 12(b)(6) motion must base its ruling solely upon the allegations set forth on the face of the complaint. However, if matters outside the pleadings are presented during the course of a 12(b)(6) motion, and are not excluded by a court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56. Furthermore, if converted to a Rule 56 motion, all parties shall be given reasonable notice to present all material made pertinent to such a motion by that same rule.

As a general rule, important questions of novel impression should not be decided on a motion to dismiss. Where, however, the dispute is not as to the underlying facts but to the interpretation of law, and where the development of the record will not aid in the resolution of the issues, it is proper to decide novel issues on a motion to dismiss.

After reviewing the twenty-eight-page complaint, wherein monetary and injunctive relief are sought, and after considering the written and oral arguments presented by counsel, the present motion cannot be granted. The plaintiff's Complaint presents facts which, at this juncture, are deemed true, and when those facts are viewed in the light most favorable to the plaintiff and all reasonable inferences drawn therefrom are done so in a manner most favorable to the plaintiff, this Court cannot rule that, as a matter of law, the provisions of PLCAA prevent the case from moving forward.

Additionally, this court cannot rule that either the plaintiff's claims for negligence per se or negligent entrustment, as a matter of law, should be dismissed. In *State Farm Fire & Cas. Ins. Co. v. Sproull*, Judge Quattlebaum noted that,

> The South Carolina Supreme Court has never determined whether the negligent entrustment factors set forth in *Gadson* limit the claim in South Carolina to situations only involving an intoxicated driver. Instead, in *Gadson*, the South Carolina Supreme Court only stated that it declined to adopt a broader definition of negligent entrustment as set forth in the Restatement based on the set of facts before the Court. *State Farm Fire & Cas. Ins. Co. v. Sproull*, 329 F. Supp. 3d 238, 247 (D.S.C. 2018).

In another case, *Whitlaw v. Kroger Co.*, the Court found that a statute designed to protect the general public could be the basis for a negligence per se claim if the causal link is established. *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991). Therefore, under South Carolina law the claims of negligent entrustment and negligence per se, are novel as applied to the facts alleged in the present complaint and require a developed factual record in the present case.

This case presents many novel issues of law and analysis. Defendant Academy acknowledges the novelty of this case and the arguments presented to this Court where, in its Reply in Support of the Motion to Dismiss, the defendant states that there is no binding precedent from the United States or South Carolina Supreme Courts. The defendant further



advises this Court that it is free to make its own determination of how the PLCAA exceptions to immunity should be applied. Again, this is a novel case where a more-developed record will assist in evaluating the application of the PLCAA, its immunity provisions, and its predicate exception to Academy's actions. As evinced by the factual arguments made in the memoranda, it is this court's impression that many of the parties' disputes are founded largely upon factual matters that will require development and argument that goes beyond the four corners of the complaint.

The better approach for all of the claims alleged in the complaint is to remain consistent with the standard of review required by a SCRCP Rule 12(b)(6) analysis and to allow a more thorough record to be developed.

As part of the arguments presented, this Court was asked to take judicial notice of certain sections of the indictment issued against Mr. Lawson. While in certain situations, judicial notice of indictments is appropriate, for the purposes of a 12(b)(6) motion this Court declines to do so as to avoid the issues related to notice, addressed supra, occasioned by a 12(b)(6) motion's conversion to a Rule 56 motion. Additionally, given sixteen-plus years of experience with criminal trial and pleas, it is this Court's impression that indictments are, generally speaking, documents drafted to provide notice of the crime being prosecuted against an accused and to establish a court's jurisdiction. As a matter of course, as with the present indictment, facts are stated broadly. Nevertheless, even if this Court took judicial notice of the contents of the indictment, the present motion would still be denied due to the allegation asserted in the Complaint that Academy violated federal and state law. Also this Court notes that the allegations in the complaint can reasonably be read to include allegations against Academy that involve conduct going beyond the sale of guns to the co-defendant Lawson.

Since this Court's present decision makes no final ruling on the merits, no other formal order will be issued by this Court.

**THIS ORDER:**      Ends the case [ ]; Does not end the case [X]

Dated at Spartanburg, South Carolina, this the ___29th___ day of ___July___ 2019.

_____
J MARK HAYES
PRESIDING JUDGE

This judgment was entered on the _____ day of _____, 2018, and a copy mailed first class this _____ day of _____, 2018 to attorneys of record or to parties (where appearing *pro se*) as follows:

_____
CLERK OF COURT

ELECTRONICALLY FILED - 2019 Jul 29 4:01 PM - SPARTANBURG - COMMON PLEAS - CASE#2018CP4204297

Plaintiff's Attorney:

J. David Standeffer
PO Box 35, 2124 North 81 Highway
Anderson, SC 29622

Defendants' Attorneys:

| Matthew A. Abee | Chadwick S. Devlin | D. Lawrence Kristinick, III |
|---|---|---|
| 1320 Main St., 17th Floor | PO Box 11070 | PO Box 11070 |
| Columbia, SC 29201 | Columbia, SC 29211 | Columbia, SC 29211 |