## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ESTADOS UNIDOS MEXICANOS,

                Plaintiff,

      v.

SMITH & WESSON BRANDS, INC.; BARRETT FIREARMS MANUFACTURING, INC.; BERETTA U.S.A. CORP.; CENTURY INTERNATIONAL ARMS, INC.; COLT'S MANUFACTURING COMPANY, LLC; GLOCK, INC.; STURM, RUGER & CO., INC.; WITMER PUBLIC SAFETY GROUP, INC. D/B/A INTERSTATE ARMS,

                Defendants.

CIVIL ACTION
NO. 1:21-cv-11269-FDS

**MOTION OF MASSACHUSETTS, CALIFORNIA, CONNECTICUT, DELAWARE, THE DISTRICT OF COLUMBIA, HAWAI'I, ILLINOIS, MARYLAND, MICHIGAN, MINNESOTA, NEW JERSEY, NEW MEXICO, NEW YORK, AND OREGON FOR LEAVE TO FILE A BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

      The Amici States—Massachusetts, California, Connecticut, Delaware, the District of Columbia, Hawai'i, Illinois, Maryland, Michigan, Minnesota, New Jersey, New Mexico, New York, and Oregon—respectfully move for leave to submit the attached *amici curiae* brief in support of plaintiff Estados Unidos Mexicanos's opposition to the defendants' motions to dismiss. As grounds, the Amici States state the following:

      1.     This Court has inherent authority to accept amicus submissions. *See Verizon New England, Inc. v. Main Pub. Utils. Comm'n*, 229 F.R.D. 335, 338 (D. Me. 2005) ("Although the Federal Rules of Civil Procedure are silent on the standard for appointing amicus curiae, 'the district court retains the inherent authority to appoint amicus curiae to assist it in a proceeding.'")

1

(quoting *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306 (D. Me. 2003)); *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) ("[D]istrict courts have inherent authority to appoint or deny amici.") (quoting *Smith v. Chrysler Fin. Co.*, *L.L.C.*, 2003 WL 328719, at *8 (D.N.J. Jan. 15, 2003)). Indeed, district courts "frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved," particularly when the amici have unique information or a unique perspective that can inform the Court. *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005); *see Ruthardt v. United States*, 164 F. Supp. 2d 232, 235 n.1 (D. Mass. 2001) (noting that court granted leave to file amicus brief); *Strahan v. Coxe*, 939 F. Supp. 963, 966-67 (D. Mass. 1996) (same).

2.     The Amici States' attached brief meets these standards. As co-equal sovereigns in our constitutional system, the Amici States have a strong interest in preserving the remedies afforded by our state common law and by our state statutes. We also have a paramount interest in preserving all lawful tools—including statutory and common law remedies for unlawful conduct—to deter gun violence within our borders. We therefore submit this brief to explain why the defendants' construction of the Protection of Lawful Commerce in Arms Act (PLCAA), 15 U.S.C. §§ 7901–7903, strays far from the plain text of the statute, from the intent of Congress in enacting the statute, and from norms of statutory construction fundamental to our federal system of government. In particular, we explain that PLCAA preserves the right of plaintiffs to bring actions alleging knowing violations of state statutes applicable to the sale or marketing of firearms, including generally applicable consumer protection statutes. We further explain that the defendants' construction of PLCAA, premised on the notion that PLCAA permissibly dictates to

States how we may provide remedies for harms to our residents, would give rise to serious Tenth Amendment concerns.

3.     Pursuant to Local Rule 7.1(a)(2), the Amici States have conferred in good faith with counsel for the parties on this motion. The plaintiff has assented to the filing of this motion. The defendants take no position on the filing of this motion. Pursuant to Local Rule 7.1(d), no request for oral argument is made.

The Amici States thus respectfully request that this Court grant this motion for leave to file this *amici curiae* brief.

Respectfully submitted,

MAURA HEALEY
Attorney General for the Commonwealth of Massachusetts,

/s/ Elizabeth N. Dewar
Elizabeth N. Dewar, BBO # 680722
State Solicitor
Office of the Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2204
bessie.dewar@mass.gov

Date: January 31, 2022

**ROB BONTA**
Attorney General of California
1300 I Street
Sacramento, CA 95814

**WILLIAM TONG**
Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106

**KATHLEEN JENNINGS**
Attorney General of Delaware
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801

**KARL A. RACINE**
Attorney General for the District of Columbia
400 6th Street NW, Suite 8100
Washington, DC 20001

**HOLLY T. SHIKADA**
Attorney General of Hawai'i
425 Queen Street
Honolulu, HI 96813

**KWAME RAOUL**
Attorney General of Illinois
100 West Randolph Street
Chicago, IL 60601

3

**BRIAN E. FROSH**
Attorney General of Maryland
200 Saint Paul Place
Baltimore, MD 21202

**DANA NESSEL**
Attorney General of Michigan
P.O. Box 30212
Lansing, Michigan 48909

**KEITH ELLISON**
Attorney General of Minnesota
102 State Capitol
75 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, MN 55155

**ANDREW J. BRUCK**
Acting Attorney General of New Jersey
Richard J. Hughes Justice Complex
25 Market Street
Trenton, NJ 08625

**HECTOR BALDERAS**
Attorney General of New Mexico
408 Galisteo Street
Santa Fe, NM 87501

**LETITIA A. JAMES**
Attorney General of New York
28 Liberty Street
New York, NY 10005

**ELLEN F. ROSENBLUM**
Attorney General of Oregon
1162 Court Street NE
Salem, OR 97301

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on January 31, 2022.

/s/ Elizabeth N. Dewar
Elizabeth N. Dewar
State Solicitor

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

I certify that, on January 27 and January 28, 2022, I contacted counsel for the plaintiff and the defendants, respectively, in an attempt in good faith to reach agreement on this motion. Plaintiff's counsel indicated that the plaintiff assents to this motion. Defendants' counsel indicated that the defendants take no position on this motion.

/s/ Elizabeth N. Dewar
Elizabeth N. Dewar
State Solicitor