UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ESTADOS UNIDOS MEXICANOS, | ) |
| Plaintiff, | ) CIVIL ACTION NO.: 1:21-cv-11269FDS |
| v. | ) |
| SMITH & WESSON BRANDS, INC.; BARRETT FIREARMS MANUFACTURING, INC.; BERETTA U.S.A. CORP; BERETTA HOLDINGS S.P.A.; CENTURY INTERNATIONAL ARMS, INC.; COLTS MANUFACTURING COMPANY LLC; GLOCK, INC.; GLOCK GES.M.B.H; STURN, RUGER & CO., INC.; WITMER PUBPLIC SAFETY GROUP, INC. D/B/A INTERSATE ARMS, | ) |
| Defendants. | ) |

**BERETTA U.S.A. CORP.'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

**Table of Contents**

Page

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ..................................................................................................................... 2

A.     Beretta Is Not Subject To Jurisdiction Under The Massachusetts Long-Arm Statute. ...... 2

      1.     Subsection 3(a) Does Not Confer Jurisdiction Because Plaintiff's Claims Do Not Arise Out Of Massachusetts Business Transactions. ............................................. 2

      2.     Beretta's Sales In Massachusetts Are Not The "But For" Cause Of Plaintiff's Alleged Injuries In Mexico ................................................................................. 3

      3.     Beretta's Corporate Activities, Including The Decisions Involving Distribution and Sales Policies, Occur Outside the Forum ........................................................ 5

B.     The Exercise Of Jurisdiction Does Not Comport With Due Process. ............................... 6

      1.     Beretta Is Not Subject To Specific Personal Jurisdiction In Massachusetts ........... 6

      2.     The Exercise of Jurisdiction is Unreasonable .......................................................... 8

C.     Jurisdictional Discovery Should Be Denied .................................................................... 10

CONCLUSION ........................................................................................................................ 12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bos. Post Partners II, LLP v. Paskett*,
 No. 15-cv-13804, 2016 U.S. Dist. LEXIS 88811 (D. Mass. July 8, 2016) ..............................5

*Bristol-Myers Squibb*, 137 S. Ct. 1773, 1781 (2017)........................................................................8

*Brown v. Aero Glob. Logistics, LLC*,
 No. 19-cv-12153-DJC, 2020 U.S. Dist. LEXIS 86750 (D. Mass. May 18,
 2020) .................................................................................................................................2, 3, 4

*Daimler v. Bauman*,
 134 S. Ct. 746, 187 L. Ed.2d 624 (2014) ..................................................................................8

*Doe v. JetBlue Airways Corp.*,
 No. 20-cv-11623-ADB, 2021 U.S. Dist. LEXIS 145125 (D. Mass. Aug. 3,
 2021) .........................................................................................................................................4

*Doull v. Foster*,
 163 N.E. 3d 976 (Mass. 2021) ..................................................................................................3

*Ericson v. Conagra Foods, Inc.*,
 No. 20-CV-11022-ADB, 2020 WL 6912105 (D. Mass. Nov. 24, 2020)............................8, 10

*Ford v. Montana*,
 141 S. Ct. 1017 (2021).........................................................................................................6, 7

*Hamilton v. Beretta Corp.*,
 750 N.E. 2d 1055 (N.Y. Ct. App. 2001) .................................................................................11

*Harrell v. Repp*, 759 F. Supp. 2d 128 (D. Mass. 2010) .................................................................11

*Katz v. Spiniello Companies*,
 244 F. Supp. 3d 237 (D. Mass. 2017) .......................................................................................9

*Kingston v AngioDynamics*,
 No. 21-cv-10234-DJC, 2021 U.S. Dist. LEXIS 133249 (D. Mass. July 16,
 2021) .........................................................................................................................................7

*Kuan Chen v. United States Sports Acad., Inc.*,
 956 F.3d 45 (1st Cir. 2020)........................................................................................................4

*Lewis v. Walt Disney Parks & Resorts U.S., Inc.*,
  No. 18-CV-11947-DJC, 2019 WL 1505964 (D. Mass. April 5, 2019) .................................3, 4

*Merced v. JLG Indus., Inc.*,
  193 F. Supp. 2d 290, 295 (D. Mass. 2001) ................................................................................9

*Negron-Torres v. Verizon Commc'ns, Inc.*,
  478 F.3d 19 (1st Cir. 2007)..................................................................................................10, 11

*O'Grady v. Safety-Kleen Sys.*,
  No. 1:19-cv-11814-ADB, 2020 U.S. Dist. LEXIS 54859 (D. Mass. Mar. 30, 2020) ................................................................................................................................................5

*Pajak v. Rohm & Haas Co.*,
  387 F. Supp. 3d 138 (D. Mass. 2019) .......................................................................................7

*Rodriguez v. Samsung Elecs. Co.*,
  827 F. Supp. 2d 47 (D. Mass. 2011) ......................................................................................7, 8

*People ex rel Spitzer v. Sturm, Ruger & Co. Inc.*,
  761 N.Y.S. 2d 192 (N.Y. App. Div. 2003) ...............................................................................11

*Sun Life Assurance Co. of Canada v. Sun Bancorp, Inc.*,
  946 F. Supp. 2d 182 (D. Mass. 2012) ......................................................................................12

*Ticketmaster-New York v. Alioto*, 26 F.3d 201 (1st Cir. 1994)........................................................9

*United States v. Swiss Am. Bank, Ltd.*,
  274 F.3d 610 (1st Cir. 2001)....................................................................................................11

*Walters v. AngioDynamics, Inc.*,
  No. 21-cv-11225, 2021 U.S. Dist. LEXIS 208158 (D. Mass. Oct. 28, 2021) ...........................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)..................................................................................................................1

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendant Beretta U.S.A. Corp. ("**Beretta**") respectfully submits this reply memorandum of law in support of its motion to dismiss the Complaint of Plaintiff Estados Unidos Mexicanos ("**Mexico**") for lack of personal jurisdiction.

## PRELIMINARY STATEMENT

Plaintiff's Opposition Brief ("**Opposition**" or "**Opp.**") not only fails to rebut (or even respond to) several dispositive arguments in Beretta's Opening Brief in Support of its Motion to Dismiss ("**Opening Brief**"), but the Opposition actually reinforces Beretta's case for dismissal. Notably, Plaintiff fails to address the lack of any connection between a) Beretta's alleged sales activities in Massachusetts and b) Plaintiff's alleged injuries in Mexico. Plaintiff also *admits* that those alleged injuries would still have occurred even if Beretta did not sell or distribute firearms in Massachusetts. Plaintiff also does not—and cannot—refute the fact that Beretta's policy-making occurs outside of Massachusetts.

Because Plaintiff's claims against Beretta allegedly "arise out of or relate to" vaguely alleged "distribution policies" and the alleged sale of firearms, these are the only relevant activities for specific personal jurisdictional purposes. As discussed below, this Court's exercise of specific jurisdiction over Beretta is not supported by the Massachusetts long-arm statute or the fundamental due process requirement because Plaintiff has not plausibly alleged that any of its claims arise from Beretta's forum-based activities. And Mexico's extensive "expert report," submitted at the eleventh hour, does not even address the primary jurisdictional issue before the Court—whether Beretta's contacts within Massachusetts are sufficiently related to Plaintiff's causes of actions to subject Beretta to specific jurisdiction in this case.

# ARGUMENT

## A. Beretta Is Not Subject To Jurisdiction Under The Massachusetts Long-Arm Statute.

### 1. Subsection 3(a) Does Not Confer Jurisdiction Because Plaintiff's Claims Do Not Arise Out Of Massachusetts Business Transactions.

Plaintiff has not shown that any of its claims arise from Beretta's lawful sales activities in Massachusetts. First, the Complaint is devoid of any specific facts supporting its allegations that Beretta's lawful sales into the forum are connected to Plaintiff's alleged injuries in Mexico. Tellingly, there is no allegation that any "straw sales" occurred in Massachusetts or that Beretta made any illicit or improper sales in Massachusetts. Indeed, Mexico has advanced no allegations that any Massachusetts-based distributors illegally sold guns in Massachusetts.

Plaintiff eschews this deficiency and instead relies solely on its allegation that Beretta sells guns to Witmer Public Safety Group, Inc. ("**Witmer**"), formerly known as Interstate Arms, in Massachusetts. (Opp. at 9). But, as noted in Beretta's Opening Brief, Plaintiff does not plead that the guns used by criminals in Mexico were among those sales. And it is irrelevant for personal jurisdiction purposes whether Beretta sells firearms in the state—particularly if Plaintiff's injuries did not arise from those sales. *See Walters v. AngioDynamics, Inc.*, No. 21-cv-11225, 2021 U.S. Dist. LEXIS 208158, at *12 (D. Mass. Oct. 28, 2021) ("Defendants have a presence in Massachusetts and conduct some business here, including marketing, research and development, and regulatory activities. Importantly, however, none of this evidence demonstrates that Defendants conduct business activities related to the Device in Massachusetts."); *see Brown v. Aero Glob. Logistics, LLC*, No. 19-cv-12153-DJC, 2020 U.S. Dist. LEXIS 86750, at*9 (D. Mass. May 18, 2020).

Second, Plaintiff's "expert report" from Lucy Allen, which is characterized by Mexico as "compelling proof" on the relatedness requirement, purports to show that some firearms from

Massachusetts are trafficked into Mexico, but does nothing to satisfy, or even address, the long-arm's "arising under" requirement. Plaintiff presents no evidence, nor any plausible allegations, that any of these sales are connected in any way to Plaintiff's alleged injuries in Mexico. *See Lewis v. Walt Disney Parks & Resorts U.S., Inc.*, No. 18-CV-11947-DJC, 2019 WL 1505964, at *3 (D. Mass. April 5, 2019); *Brown v. Aero Glob. Logistics, LLC*, No. 19-cv-12153-DJC, 2020 U.S. Dist. LEXIS 86750, at *9 (D. Mass. May 18, 2020). In fact, nothing in Mexico's "expert report" explains whether and how its claims are causally connected to Beretta's business contacts in Massachusetts. (ECF. No. 108, Exhibit 1). Indeed, the report does not provide any evidence that any of the guns that caused Plaintiff's alleged injuries originated from Massachusetts or that any of Beretta's guns were used in the alleged criminal activity in Mexico. And neither Plaintiff nor its expert identifies a single Beretta firearm that originated in Massachusetts and was subsequently used in criminal activities in Mexico.

### 2. Beretta's Sales In Massachusetts Are Not The "But For" Cause Of Plaintiff's Alleged Injuries In Mexico

Plaintiff also fails to argue that Beretta's activities in Massachusetts are the "but for" cause of its injuries. Nor could it. Indeed, Plaintiff *admits* that the vast majority of the firearms recovered in Mexico were not produced or sold by Beretta—*in fact, according to Plaintiff, the majority of crime guns recovered in Mexico were not produced by the Defendants as a whole!* (Compl. at 435) ("Defendants collectively account for 47.9% of all crime guns recovered in Mexico, they account for about 68.4% of the recovered crime guns that originated in the U.S."); (Compl. at 437). In its opposition, Plaintiff improperly cites to *Doull v. Foster*, 163 N.E. 3d 976, 986 (Mass. 2021), for the proposition that the Massachusetts long-arm statute does not require that Beretta be the sole cause of Plaintiff's injuries. (Opp. at 12). But *Doull* did not involve any personal jurisdictional analysis. And courts routinely dismiss cases for the failure to satisfy the "but for" inquiry. *See,*

*e.g.*, *Lewis v. Walt Disney Parks & Resorts U.S., Inc.*, No. 18-CV-11947-DJC, 2019 WL 1505964, at *3 (D. Mass. April 5, 2019); *Brown v. Aero Glob. Logistics, LLC*, No. 19-cv-12153-DJC, at *9 (D. Mass. May 18, 2020) ("Plaintiffs have not met their burden to show that, 'but for' these alleged transactions, Brown would not have been injured as a result of the faulty loading dock during the delivery of parts to Papa's Dodge.")

Furthermore, the allegations that a) Beretta lawfully sells guns in Massachusetts and b) some of those guns statistically flow into Mexico would not establish that Beretta's conduct is the "but for" cause of Plaintiff's alleged harm. First, as noted, there is no allegation that the harm about which Mexico complains involves any Beretta firearms sold to Witmer (Interstate Arms). The single, conclusory statement in the complaint—that Beretta's "policies" "resulted in guns that each of them sold to Defendant Interstate Arms in Middlesex County being trafficked into Mexico and used in criminal activities there, causing the harm about which the Government complains," (Compl. at 42)—is extremely vague and cannot be sufficient to support jurisdiction. *See Kuan Chen v. United States Sports Acad., Inc.*, 956 F.3d 45, 54 (1st Cir. 2020).

Moreover, Beretta sells its guns nationally to licensed distributors. (Opp. at 2). And Plaintiff even recognizes that Beretta sells its firearms across the United States. (*Id.*). Accordingly, Plaintiff cannot show that "but for" Beretta's sales in Massachusetts, the alleged harm would not have occurred. *See Doe v. JetBlue Airways Corp.*, No. 20-cv-11623-ADB, 2021 U.S. Dist. LEXIS 145125, at *17 (D. Mass. Aug. 3, 2021) (holding that jurisdiction did not exist under 3(a) where defendant's conduct was not the but for cause of Plaintiff's claims); *see Lewis v. Walt Disney Parks & Resorts U.S., Inc.*, No. 18-CV-11947-DJC, 2019 WL 1505964, at *3 (D. Mass. April 5, 2019) (same).

### 3. Beretta's Corporate Activities, Including The Decisions Involving Distribution and Sales Policies, Occur Outside the Forum

Plaintiff—again without any detail or citation—argues that Beretta "imposes its unlawful distribution policies" in Massachusetts. (Opp. at 9, 11). But this wholly unsupported general allegation is irrelevant. Plaintiff admits as it must that Beretta is not based in Massachusetts, and Plaintiff has absolutely no allegations (or anything in its "expert report") that provides support for the theory that Beretta takes corporate actions in Massachusetts. Plaintiff does not allege that Beretta has any offices or engages in any corporate decision-making in Massachusetts. (*See generally* Compl.). Accordingly, the imposition of any "policies" on distributors did not occur *in the forum* and could not have given rise to Plaintiff's claims. *See Bos. Post Partners II, LLP v. Paskett*, No. 15-cv-13804, 2016 U.S. Dist. LEXIS 88811, at *20 (D. Mass. July 8, 2016) (finding claims did not arise out of defendant's contacts with the forum where the underlying conduct occurred out of state); *O'Grady v. Safety-Kleen Sys.*, No. 1:19-cv-11814-ADB, 2020 U.S. Dist. LEXIS 54859, at *10 (D. Mass. Mar. 30, 2020) ("[Plaintiff] has not alleged that [defendant's] contacts with Massachusetts formed the first step in a train of events that caused the injuries or even that any of the alleged injuries took place in Massachusetts." (quotations omitted)).

For similar reasons, Plaintiff cannot show that "but for" Beretta's policy-making, the harm would not have occurred. Even assuming *arguendo* that Beretta's policy-making occurs in Massachusetts, Mexico would still have to show that its alleged injuries would not have occurred "but for" those policies imposed in Massachusetts. But Plaintiff admits that Beretta's distribution chain is national. (Opp. at 2 ("Beretta is a national firearms manufacturer that does business throughout the United States")). And Plaintiff does not allege that the Massachusetts-based distributors are the only national distributors to whom Beretta sells. Accordingly, even if Beretta

5

required a different sales strategy of the distributors in Massachusetts, the alleged "straw sales" could still occur in the other states.

### B. The Exercise Of Jurisdiction Does Not Comport With Due Process.

#### 1. Beretta Is Not Subject To Specific Personal Jurisdiction In Massachusetts

As described in Beretta's Opening Brief, this Court's exercise of specific jurisdiction is inconsistent with the Due Process Clause of the United States Constitution because Plaintiff has not alleged (and has proffered no evidence) that its claims arise from or relate to Beretta's forum-based activities.

Mexico cannot dispute that the events giving rise to its claims would still have occurred even if Beretta had never transacted any business in Massachusetts. (Compl. at 194 ("Defendants' dealers that supply criminals in Mexico are not limited to states on the U.S.-Mexico border, or even the Southwest. One study found that from 2014 to 2018 more than 25% of U.S.-origin guns recovered in Mexico were traced to a state other than Texas, California, or Arizona.")) Indeed, if Beretta had never sold a single firearm in the Commonwealth, Plaintiff's alleged injuries would be the same. This is because Plaintiff's claims do not arise out of or relate to Beretta's contacts with Massachusetts but rather relate to what Beretta, a host of other defendants—and then independent third-parties, including multiple criminal actors—did or did not do in other states and other countries. For instance, even if Beretta stopped sales in Massachusetts altogether, the alleged "straw sales" in Texas, Arizona, and Illinois would still presumably continue because Beretta and other gun manufacturers sell their firearms nationally and the third-parties would still have access to guns. (Compl. 181, 194, 198, 202, 434).

For these reasons, Plaintiff's reliance on *Ford v. Montana* is completely misplaced. 141 S. Ct. 1017 (2021). In *Ford v. Montana*, the Supreme Court held that a "strict causal relationship"

6

between a defendant's in-state activity and a plaintiff's cause of cation is not required in every case to exercise specific personal jurisdiction over a defendant. But the Court also emphasized that "the phrase 'relate to' incorporates real limits" and "does not mean anything goes." *Id.* The Court found that specific jurisdiction existed over Ford because Ford sold the exact same car model in the forum that caused plaintiff's *injuries in the forum*. *Id.* at 1031. Here, by contrast, Plaintiff does not identify any Beretta firearm, let alone any specific Beretta firearm, that was sold in Massachusetts, and—as alleged—Plaintiff's injuries did not occur in Massachusetts—they occurred in Mexico. On this basis alone, dismissal is warranted. *See Pajak v. Rohm & Haas Co.*, 387 F. Supp. 3d 138, 145 (D. Mass. 2019) (dismissing case for lack of specific jurisdiction where plaintiff failed "to identify the specific product at issue").

Moreover, there is no demonstrated connection between the forum and Mexico's claims. In *Ford*, by contrast, the "plaintiffs [] were *residents of the forum states*, used the allegedly defective products *in the forum states* and suffered injuries when those products malfunctioned *in the forum states*." *Kingston v AngioDynamics*, No. 21-cv-10234-DJC, 2021 U.S. Dist. LEXIS 133249, at *21 (D. Mass. July 16, 2021) (emphasis added). Here, all of the key events, according to Plaintiff itself, took place *outside* the Commonwealth: (1) the firearms were manufactured *outside the forum*; (2) Beretta's corporate decisions were made in Maryland; (3) the alleged "straw-sales" were made *outside the forum*; (4) firearms were allegedly trafficked *outside the forum;* and (5) Plaintiff's alleged injuries occurred *outside the forum*, in Mexico. Plaintiff has simply not alleged facts sufficient to show any connection between Beretta's lawful sales in Massachusetts and the cartel violence in Mexico. *See Rodriguez v. Samsung Elecs. Co.*, 827 F. Supp. 2d 47, 51 (D. Mass. 2011) (dismissing case where defendant's in forum conduct was not the proximate cause of plaintiff's injuries).

Mexico's attempt to distinguish *Bristol-Myers Squibb*, 137 S. Ct. 1773, 1781 (2017), is equally unpersuasive and relies on a misleading restatement of Plaintiff's inadequate allegations against Beretta. (*See* Opp. at 15, n. 74). Plaintiff pleads no factual allegations that Beretta engaged in any illicit or otherwise improper sales or engaged in any "straw sales" *together with* any distributor, dealer and/or co-defendant. Furthermore, in *Bristol-Myers Squibb*, the court concluded that there was no personal jurisdiction over the manufacturer even though plaintiff's harm resulted from a single identifiable drug, Plavix. Here, Plaintiff does not identify any specific firearm from the forum that caused its alleged injuries. Moreover, the facts here are even more attenuated than in *Bristol-Myers Squibb* because Mexico's injuries—as alleged—have been caused by the intervening acts of dealers and the further intervening criminal acts of unidentified third-persons. *See Ericson v. Conagra Foods, Inc.*, No. 20-CV-11022-ADB, 2020 WL 6912105, at *5 (D. Mass. Nov. 24, 2020) (dismissing case where defendant's forum related conduct did not give rise to plaintiff's claim); *see Rodriguez*, 827 F. Supp. 2d at 51 ("While the contract between Axcelis-Korea and Axcelis-US may have precipitated [plaintiff's] trip to Korea, it was not the proximate cause of his back injury.")

Finally, Plaintiff's contrived argument that the Due Process "relatedness" prong is met because "Beretta imposed its policies and practices on distributors nationwide," (Opp. at 15), would subject Beretta to specific personal jurisdiction in all states where it sells to distributors, *based on the activity of unrelated third persons* and, thus, must be rejected. *See Daimler v. Bauman*, 134 S. Ct. 746, 761-762, 187 L. Ed.2d 624 (2014) (criticizing "exorbitant exercises" of personal jurisdiction that preclude business from structuring their primary activities).

### 2. The Exercise of Jurisdiction is Unreasonable

Plaintiff falsely claims that "Beretta does not challenge this Court's jurisdiction based on reasonableness." (Opp. at p. 16, n.81). That is simply not the case. The second "*Gestalt*" factor

8

concerns the forum's interest in adjudicating the dispute. In a futile effort to satisfy this factor, Plaintiff argues that "Massachusetts has a strong interest in assuring that in state wholesalers and dealers are properly monitored." (Opp. at 17). But Beretta is not an "in state wholesaler and dealer." Further, Mexico concedes that forum interests are diminished if the plaintiff is a non-resident but then contends that this factor does not "proscribe" a finding of reasonableness. (Opp. at 18.) But, of course, Plaintiff does not cite a single authority for this proposition. Furthermore, Plaintiff fails to refute the argument that a forum's interest is *diminished* when the injury occurs outside the forum. And Plaintiff's cases are easily distinguished because those cases involved plaintiffs who resided *within* the forum. Accordingly, Massachusetts's interests here are negligible, and the factor weighs in Beretta's favor. *See Ticketmaster-New York v. Alioto*, 26 F.3d 201, 211 (1st Cir. 1994) (explaining that Massachusetts has a "lessened" and "milder than usual interest" in adjudicating a tort case arising from defendant's conduct outside the forum); *see Merced v. JLG Indus., Inc.*, 193 F. Supp. 2d 290, 295 (D. Mass. 2001) ("Massachusetts has no compelling interest" in a claim "arising from a sale that occurred entirely outside of its borders by an entity that transacts no business within them") (citation omitted).

With respect to the third "*Gestalt*" factor—a plaintiff's interest in obtaining effective relief—Mexico advances no interest related to Massachusetts beyond its own desire to sue all of the Defendants in one court, an interest that is irrelevant and could be advanced in every multi-defendant case. Plaintiff has not rebutted Beretta's argument that Plaintiff could obtain effective relief in other states, including Maryland, where Beretta would be subject to general jurisdiction. Plaintiff could attempt to pursue its claims against Beretta there. And Plaintiff's reliance on *Katz v. Spiniello Companies*, 244 F. Supp. 3d 237, 251 (D. Mass. 2017), is misplaced because there the plaintiff's injury occurred within the Commonwealth.

Plaintiff also falls short in its effort to satisfy the fourth "*Gestalt*" factor—the administration of justice. Mexico claims that "a substantial number of witnesses from the Massachusetts manufacturers and distributors will likely be in Massachusetts." (Opp. at 21). But, whether that is true or not, Plaintiff fails to address the fact that almost all of the parties' witnesses are from outside the Commonwealth and Plaintiff fails to identify *any* non-party witnesses located in Massachusetts. Furthermore, all of the cases that Plaintiff relies upon are unavailing. What is evident in each of these cases, (Opp. at 21), but absent from the Complaint, is that the injury occurred in the forum and/or involved a resident of the forum.

The fifth and final "*Gestalt*" factor "considers the common interests of all sovereigns in promoting substantive social policies." *Id.* at 13. Plaintiff does not identify any particular policy interests that Massachusetts has in this matter, other than a generic interest in the lawsuit. (Opp. at 22-3.) Whatever interest Massachusetts may have in providing a forum for the government of Mexico does not trump the interests of the other states where each defendant is located.

The "Gestalt" factors weigh heavily against finding jurisdiction over Beretta.

**C.      Jurisdictional Discovery Should Be Denied**

Mexico makes a request (in the alternative) for jurisdictional discovery. This should be rejected. Plaintiffs are not automatically entitled to jurisdictional discovery. *See Ericson v. Conagra Foods, Inc.*, No. 1:20-CV-11022-ADB, 2020 WL 6912105, at *8 (D. Mass. Nov. 24, 2020). And jurisdictional discovery is only appropriate when a plaintiff has "ma[de] a colorable claim" as to jurisdiction and "present[ed] facts to the court which show why jurisdiction would be found if discovery were permitted." *Negron-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 27 (1st Cir. 2007).

In support of its discovery request, Plaintiff states that it seeks "information regarding ATF traces, the Defendant's sales to distributors, those distributors' sales to dealers throughout the

nation, and similar information." (Opp. at 23). But the additional information Plaintiff seeks is irrelevant to the jurisdictional question.[1] Beretta can be subject to specific jurisdiction only if Plaintiff's claims arise from Beretta's contacts in Massachusetts. *See supra* § A (1). In fact, unrelated sales are not sufficient to establish specific jurisdiction in this case. And Plaintiff does not allege that Beretta's unrelated sales in Massachusetts are sufficient to render Beretta "at home" in the state for purposes of general jurisdiction. (Compl. at 44). For these reasons, jurisdictional discovery is entirely unwarranted. *See Negron-Torres,* 478 F.3d at 27 (upholding denial of jurisdictional discovery where plaintiff failed to make a colorable claim for personal jurisdiction); *see also Harrell v. Repp*, 759 F. Supp. 2d 128, 132 (D. Mass. 2010) (denying request for jurisdictional discovery because the discovery sought by plaintiffs would not establish the requisite minimum contacts).

Even assuming, *arguendo*, that Mexico has been a diligent plaintiff and has made out a colorable case—it has not—this Court "still has 'broad discretion to decide whether discovery is required.'" *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 625 (1st Cir. 2001) (quoting *Crocker v. Hilton Int'l Barb., Ltd.*, 976 F.2d 797, 801 (1st Cir. 1992)). Here, Plaintiff filed an extensive complaint and opposition, retained an expert, who then wrote a report to attempt to bolster Plaintiff's nonexistent jurisdictional claim, and cited additional research articles and media reports—all outside of the Complaint. Furthermore, the investigation materials

---

[1] Any additional information regarding ATF traces will reveal nothing about how a firearm ended up in Mexico or show any wrongdoing by either the manufacturer or its retail purchaser. Indeed, ATF has repeatedly emphasized:

> [T]he appearance of [an FFL] or a first unlicensed purchaser of record in association with a crime gun or in association with multiple crime guns in no way suggests that either the FFL or the first purchaser has committed criminal acts. Rather, such information may provide a starting point for further and more detailed investigation.

*See Hamilton v. Beretta Corp.*, 750 N.E. 2d 1055, 1065, n.8 (N.Y. Ct. App. 2001) (citations and quotations omitted); *see also People ex rel Spitzer v. Sturm, Ruger & Co. Inc.*, 761 N.Y.S. 2d 192, 199 (N.Y. App. Div. 2003) (rejecting argument that ATF trace requests put firearm manufacturers on notice of how criminals acquire firearms).

relating to the criminal activities and the guns recovered in Mexico are presumably readily available to Plaintiff—*the Government of Mexico*—nonetheless, the Complaint does not link a single Beretta firearm sold in Massachusetts to Plaintiff's alleged harm in Mexico. Jurisdictional discovery here would be tantamount to "a fishing expedition" and should be denied. *See Sun Life Assurance Co. of Canada v. Sun Bancorp, Inc.*, 946 F. Supp. 2d 182, 193 (D. Mass. 2012).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Beretta should be dismissed for failure for lack of personal jurisdiction. Although the analysis should end here, to the extent that the Court determines that additional discovery is necessary to resolve Beretta's Motion to Dismiss, the discovery should be narrowly tailored to the single issue of whether Beretta sold or supplied the specific firearms in Massachusetts that caused Plaintiff's injuries in Mexico.

Dated: March 14, 2022                    Respectfully submitted,

                                         COZEN O'CONNOR

                                         By: _____

                                         Michael B. de Leeuw, Esq. (admitted *pro hac vice*)
                                         3 WTC, 175 Greenwich Street, 55th Floor
                                         New York, New York 10007
                                         Phone - (212) 908-1233
                                         MdeLeeuw@cozen.com

                                         -and-

                                         Wendy Venoit, Esq.
                                         101 Arch Street, 8th floor
                                         Boston, MA 02110
                                         Phone – (617) 849-5002
                                         WVenoit@cozen.com

-and-

John K. McDonald, Esq. (*pro hac vice* admission pending)
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Phone - (215) 864-8046
JMcDonald@cozen.com

*Attorneys for Beretta U.S.A. Corp.*

## CERTIFICATE OF SERVICE

    I, Wendy Venoit, attorney for defendant Beretta U.S.A. Corp. hereby certify that, on the 14th day of March, 2022, a true copy of the foregoing was filed through the ECF System and sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be served by first-class mail, postage prepaid, upon anyone indicated as a non-registered participant.

_____

Michael B. de Leeuw, Esq. (admitted *pro hac vice*)