UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| ESTADOS UNIDOS MEXICANOS,<br>*Plaintiff,*<br><br>v.<br><br>SMITH & WESSON BRANDS, INC., et al.,<br>*Defendants.* | Civil Action No. 1:21-cv-11269-FDS<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE LIMITED SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |

    Pursuant to Local R. 7.1(b)(3), Plaintiff Estados Unidos Mexicanos ("the Government") seeks leave to file the attached [Proposed] Plaintiff's Sur-Reply Memorandum of Law in Opposition to Defendants' Motions to Dismiss.

    The Complaint alleges that the Government's claims are governed by "the substantive law of Mexico, including its tort law." Compl. ¶ 21; *see also id*. ¶¶ 22, 29, 60-62.  Yet Defendants' initial memoranda of law in support of their motions to dismiss offered no choice of law analysis arguing that Mexican tort law was inapplicable.  In the Government's opposition, the Government pointed this out and, along with an expert report on Mexican law, briefly argued—since Defendants had foregone the issue—that Massachusetts choice of law rules dictated the application of Mexican law.  In their reply briefs, Defendants argue for the first time, and extensively, that Massachusetts choice of law rules do require the application of U.S. law. *See* Defendants' Joint Reply in Support of Defendants' Motions to Dismiss, ECF No. 140, at 5-11, and Defendant Witmer Public Safety Group, Inc.'s Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, ECF No. 142, at 2-8.

    To the extent the Court considers Defendants' belated arguments, the Government

1

should be permitted the opportunity to respond. *See U.S. v. Tsarnaev*, CRIM. 13-10200-GAO, 2015 WL 45879 (D. Mass. Jan. 2, 2015) (granting leave to file sur-reply "[i]n order to permit the government to respond to the matter raised for the first time in the defendant's reply") (internal quotation marks omitted). Furthermore, "a district court has great leeway in the application and enforcement of its local rules" *Gauthier v. U.S.*, CIV.A. 4:10-40116, 2011 WL 3902770, at *11 (D. Mass. Sept. 2, 2011) (Saylor, J.).

Plainly there is good cause to permit the sur-reply because the Defendants omitted any choice of law analysis in their opening brief and the Government "would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Staggers v. Becerra*, No. ELH-21-21-0231, 2021 WL 5989212, at *1 (D. Md. 2021); *see, e.g., Connecticut v. U.S. Dept. of the Interior*, 344 F. Supp. 3d 279, 308 n.24 (D.D.C. 2018) (allowing plaintiff to file sur-reply to respond to defendant's *Chevron* deference arguments raised in their reply brief where plaintiff had maintained in its opposition brief that *Chevron* deference did not apply to agency's litigating position).

The attached proposed sur-reply addresses only the choice of law arguments raised in Defendants' replies in support of their motions to dismiss. The Defendants collectively devoted ten pages to the choice of law issues. The Government's proposed sur-reply is limited to ten pages. Defendants declined the Government's request that they assent to this motion.

WHEREFORE, the Court should allow Plaintiff's Motion for Leave to File Limited Sur-Reply in Opposition to Defendants' Motions to Dismiss.

Dated: March 23, 2022

Respectfully submitted,

/s/ *Steve D. Shadowen*
Steve D. Shadowen (pro hac vice)
Richard M. Brunell (BBO# 544236)
Tina Miranda (pro hac vice pending)
Nicholas W. Shadowen (pro hac vice)
SHADOWEN PLLC
1135 W. 6th Street, Suite 125
Austin, TX 78703
Phone: 855-344-3298
sshadowen@shadowenpllc.com
rbrunell@shadowenpllc.com
nshadowen@shadowenpllc.com

Jonathan E. Lowy (pro hac vice)
BRADY
840 First Street, N.E. Suite 400
Washington, DC 20002
Phone: 202-370-8104
jlowy@bradyunited.org

**CERTIFICATE OF SERVICE**

      I, Steve D. Shadowen, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing systems may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.

                                                     /s/ *Steve D. Shadowen*
                                                     Steve D. Shadowen

Dated: March 23, 2022