UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ESTADOS UNIDOS MEXICANOS,<br><br>       Plaintiff,<br><br>    v.<br><br>SMITH & WESSON BRANDS, INC.; BARRETT FIREARMS MANUFACTURING, INC.; BERETTA U.S.A. CORP.; BERETTA HOLDINGS S.P.A.; CENTURY INTERNATIONAL ARMS, INC.; COLT'S MANUFACTURING COMPANY LLC; GLOCK, INC.; GLOCK GES M.B.H.; STURM, RUGER & CO., INC.; WITMER PUBLIC SAFETY GROUP, INC. D/B/A INTERSTATE ARMS,<br><br>       Defendants. | Civil Action No. 1:21-cv-11269-FDS |

### DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants write to oppose Mexico's recently-filed notice of *National Shooting Sports Foundation, Inc. v. James*, No. 1:21-cv-1348 MAD/CFH, 2022 WL 1659192 (S.D.N.Y. May 25, 2022) ("*NSSF*"). It was filed without leave of court, in violation of Local Rule 7.1(b)(3), and offers no new support for any of Mexico's theories of liability.

The key question raised in *NSSF* is whether the PLCAA expressly or impliedly preempts a New York statute that "imposes liability *exclusively* on gun manufacturers." Op. 4 (emphasis added). Because Mexico identifies no state statute specifically pertaining to firearms commerce, *NSSF*'s core holding is simply irrelevant. If anything, the opinion's favorable citation of *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 403 (2d Cir. 2008), Op. 6-8, reinforces the

1

obvious point that statutes of general applicability—including Chapter 93A and CUTPA—do not qualify as PLCAA predicates. *See* Joint Br. 21-22.

Ignoring that fact, Mexico erroneously claims that *NSSF* supports its reading of the PLCAA as inapplicable to foreign sovereigns. Mexico Notice at *1-2. *NSSF,* however, holds only that, at least for purposes of a pre-enforcement challenge, the New York statute does not violate the Dormant Commerce Clause or the principle of implied conflict preemption. *See* Op. 4-18. Those doctrines play no part in this litigation. And while *NSSF* does caution against "freewheeling judicial inquir[ies]," Op. 11, it is Mexico that invited just such an inquiry by asking the Court to inject itself into a live diplomatic dispute concerning U.S. domestic and international firearms policy. As Mexico concedes, "Congress alone has the facilities necessary to make fairly such an important policy decision where the possibilities of international discord are so evident." Mexico Notice at *2 (cleaned up).

Mexico's other observations about *NSSF* are similarly unhelpful to it. Defendants have never contested that States have *some* "legitimate interest in protecting residents from in-state effects of [corporations'] out-of-state conduct." *Id.* Rather, they have argued that foreign sovereigns must satisfy the usual requirements of Article III standing, legal duty, and proximate causation when they try to wield the U.S. legal system as a cudgel against U.S. companies in a bid to evade responsibility for their own failed policy choices. *See* Joint Br. 6-44. As for the First and Second Amendments, *NSSF* batted down only *a pre-enforcement facial vagueness challenge* to the New York statute. *See* Op. 18-25. That is far afield from this case, where Mexico seeks to punish Defendants for protected speech and, contrary to PLCAA, saddle them with crushing liability for harms they did not cause. *See* Joint Br. 40; S&W Br. 16-20; Colt Br. 16-19. In short, if anything, the *NSSF* decision supports Defendants' motions to dismiss this case with prejudice.

## CERTIFICATE OF SERVICE

I hereby certify that, on June 9, 2022, the foregoing document was served upon all counsel of record through this Court's electronic filing system as identified in the Notice of Electronic Filing, and paper copies will be sent to those indicated as nonregistered participants.

                         */s/ Andrew E. Lelling*
Andrew E. Lelling (BBO No. 631859)
alelling@jonesday.com
100 High Street
JONES DAY
Boston, MA  02110-1781
Phone: (617) 449-6856
Fax: (617) 449-6999

and

Noel J. Francisco (admitted PHV)
njfrancisco@jonesday.com
Anthony J. Dick (admitted PHV)
ajdick@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700