UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ESTADOS UNIDOS MEXICANOS,<br><br>Plaintiff,<br><br>v.<br><br>SMITH & WESSON BRANDS, INC.; BARRETT FIREARMS MANUFACTURING, INC.; BERETTA U.S.A. CORP.; BERETTA HOLDINGS S.P.A.; CENTURY INTERNATIONAL ARMS, INC.; COLT'S MANUFACTURING COMPANY LLC; GLOCK, INC.; GLOCK GES M.B.H.; STURM, RUGER & CO., INC.; WITMER PUBLIC SAFETY GROUP, INC. D/B/A INTERSTATE ARMS,<br><br>Defendants. | Civil Action No. 1:21-cv-11269-FDS |

### DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants write to oppose Mexico's recently-filed notice of *Gustafson v. Springfield*, 2022 WL 3339488 (Pa. Super. Aug 12, 2022). It was filed without leave of court, in violation of Local Rule 7.1(b)(3),[1] and offers no new support for any of Mexico's theories of liability.

After a Pennsylvania state trial court found that the Protection of Lawful Commerce in Arms Act, 15 U.S.C. §§ 7801-03, ("PLCAA") barred a product liability lawsuit, two questions were at issue on appeal in *Gustafson*: (1) Does the PLCAA bar plaintiffs' claims; and (2) if so, is the PLCAA constitutional. Seven of the nine judges on the *en banc* panel deciding the *Gustafson*

---

[1] *See CarioNet, LLC v. InfoBionic, Inc.*, 2018 WL 1542051, at *4 n .1 (D. Mass. Mar. 29, 2018) (noting that the plaintiff's submission of "Notices of Supplemental Authorities" violated Local Rule 7.1(b)(3) because leave of court was not obtained).

1

case held that plaintiffs' claims constitute a qualified civil liability action prohibited by the PLCAA. In addition, five of the nine judges agreed that the PLCAA is constitutional. Based on the reasoning of a majority of the judges on each of the two issues on appeal, the trial court's decision should have been affirmed.

However, because four of the judges voted to reverse the trial court's decision based on their conclusion that the PLCAA is unconstitutional, and one of the five judges who concluded that the PLCAA is constitutional held that it did not apply to plaintiffs' claims, the per curium order reversed the trial court's decision. In response to defendants' application to correct the August 12, 2022 per curium order to reflect the judges' votes on each of the two separate issues on appeal, the court issued another per curium order on August 19, 2022 (*See* Exhibit A), holding that "all reasoning reflected in the writings attached to the [August 12, 2022 per curium] Order are *dicta* . . . ." Based on the highly unusual August 12, 2022 per curium Order in the *Gustafson* case, coupled with the August 19, 2022 per curium Order explicitly holding that all of the language quoted by Plaintiff is *dicta*, Plaintiff's Notice of supplemental authority should be ignored and given no consideration.

Mexico somehow contends that the *Gustafson dicta* supports its argument that since the "injury" and "misuse" occurred in Mexico, the PLCAA does not apply. However, confusing the extraterritoriality argument with a Commerce Clause or Tenth Amendment constitutional analysis is misplaced. Mexico has no plausible argument for why the PLCAA does not bar this suit. It is simply wrong that applying the PLCAA here would be "extraterritorial;" and the *Gustafson dicta* does not change that calculus. Whether the "local" nature of the events giving rise to the *Gustafson* claims implicates Constitutional inquiries based on the Commerce Clause and the Tenth Amendment is a unique argument adopted by only four of the nine judges on the *Gustafson* court,

not a majority; and it has no implications to the issues currently before this Court raised in Defendants' motions to dismiss. This case falls squarely within the PLCAA's domestic focus of protecting U.S. firearms companies from suit in U.S. courts based on business activities in the U.S.

Finally, while the Notice does not squarely ask this Court to find the PLCAA unconstitutional, the purpose of this filing appears to be an attempt by Plaintiff to interject this new argument. Plaintiff failed to raise any constitutional challenges in its opposition to Defendants' Joint Motion to Dismiss. Furthermore, this late challenge would violate Federal Rule of Civil Procedure 5.1. As such, any argument that the PLCAA is unconstitutional based on the Commerce Clause or the Tenth Amendment was forfeited by Plaintiff by failing to raise it in the opposition to the Defendants' Joint Motion to Dismiss.

Dated: White Plains, New York
September 2, 2022

Respectfully submitted,

*/s/ Peter M. Durney*
Peter M. Durney BBO No. 139260
pdurney@cornellgollub.com
Patricia A. Hartnett BBO No. 568206
phartnett@cornellgollub.com
CORNELL & GOLLUB
88 Broad Street, Sixth Floor
Boston, MA 02110
T: (617) 482-8100

*/s/ Jeffrey Malsch*
John F. Renzulli (phv)
jrenzulli@renzullilaw.com
Christopher Renzulli (phv)
crenzulli@renzullilaw.com
Jeffrey Malsch (phv)
jmalsch@renzullilaw.com
RENZULLI LAW FIRM LLP
One North Broadway, Suite 1005
White Plains, NY 10601
T: (914) 285-0700

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 2, 2022, the foregoing document was served upon all counsel of record through this Court's electronic filing system as identified in the Notice of Electronic Filing, and paper copies will be sent to those indicated as nonregistered participants.

                                                                                                  s/ Jeffrey Malsch
                                                                                                  Jeffrey Malsch (phv)
                                                                                                  jmalsch@renzullilaw.com