J-E02008-21

Filed 08/19/2022

| | | |
|---|---|---|
| MARK AND LEAH GUSTAFSON, INDIVIDUALLY AND AS ADMINISTRATORS AND PERSONAL REPRESENTATIVES OF THE ESTATE OF JAMES ROBERT ("J.R.") GUSTAFSON | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| | : : | No. 207 WDA 2019 |
| v. | : : : | |
| SPRINGFIELD, INC. D/B/A SPRINGFIELD ARMORY AND SALOOM DEPARTMENT STORE AND SALOOM DEPT. STORE, LLC D/B/A SALOOM DEPARTMENT STORE | : : : : : : | |
| Appellees | : : | |
| THE UNITED STATES OF AMERICA | : : | |
| Intervenor | : | |

Appeal from the Order Entered January 15, 2019
In the Court of Common Pleas of Westmoreland County Civil Division at No(s): 1126 of 2018

BEFORE:  PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., OLSON, J., DUBOW, J., KUNSELMAN, J., MURRAY, J., and McCAFFERY, J.

## **ORDER**

Upon consideration of Appellees' application for relief, titled, "Application under Pa.R.A.P. 123 and Pa.R.A.P. 105 for correction of per

curiam order filed August 12, 2022," and the answer thereto filed by Appellants, Appellees' application is hereby **DENIED**.

This Court's *Per Curiam* Order of August 12, 2022, properly reflects the votes of the individual Judges and their separate writings in directing that the PLCAA does not bar the claims at issue, including the dispositions of President Judge Emeritus Bender and Judge Dubow that the PLCAA is not applicable even if constitutional. The *Per Curiam* Order accordingly reflects only this Court's majority agreement to reverse the trial court's order, and all reasoning reflected in the writings attached to the Order are *dicta*. **See Commonwealth v. Grove**, 170 A.3d 1127, 1137-38 (Pa.Super. 2017) (noting that when no *en banc* opinion garnered a majority vote, there continues to be absence of *en banc* resolution of broader legal issue) (citing **Commonwealth v. Gaines**, 127 A.3d 15 (Pa.Super. 2015) (*en banc*)); **Commonwealth v. Tilghman**, 543 Pa. 578, 589, 673 A.2d 898, 904 (1996) ("Court's entry of a *per curiam* order affirming or reversing the final order of a lower tribunal. . . signifies this Court's agreement or disagreement with the lower tribunal's final disposition of the matter on appeal to us."). **Cf. Cunningham v. Ins. Co. of North America**, 515 Pa. 486, 491, 530 A.2d 407, 409 (1987) (noting precedent that courts should not reach constitutional issue if there are non-constitutional grounds for decision (citing **Commonwealth v. Allsup**, 481 Pa. 313, 317, 392 A.2d 1309, 1311 (1978)).

PER CURIAM