1                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
2

3

    ESTADOS UNIDOS MEXICANOS,              )
4                        Plaintiff,        )
                                           )
5                                          )
    vs.                                    )  Civil Action
6                                          )
                                           )  No. 21-11269-FDS
7   SMITH & WESSON BRANDS, INC.;           )
    BARRETT FIREARMS MANUFACTURING,        )
8   INC.; BERETTA U.S.A. CORP.;            )
    CENTURY INTERNATIONAL ARMS,            )
9   INC.; COLT'S MANUFACTURING CO.         )
    LLC; GLOCK, INC.; STURM RUGER &        )
10  CO., INC.; WITMER PUBLIC SAFETY        )
    GROUP, INC. d/b/a INTERSTATE           )
11  ARMS,                                  )
                         Defendants.
12

13

    BEFORE:  CHIEF JUDGE F. DENNIS SAYLOR
14

15              STATUS CONFERENCE HELD BY ZOOM

16

17        John Joseph Moakley United States Courthouse
                     Courtroom No. 10
18                   1 Courthouse Way
                     Boston, MA 02210
19

20                   February 9, 2024
                       11:00 a.m.
21

22

23                   Valerie A. O'Hara
                  Official Court Reporter
24        John Joseph Moakley United States Courthouse
                     1 Courthouse Way
25                   Boston, MA 02210
                 E-mail: vaohara@gmail.com

APPEARANCES:

For the Plaintiffs:

    Shadowen PLLC, by STEVE D. SHADOWEN, ESQ.,
1135 W. 6th St., Suite 125, Austin, TX 78703;

    Global Action on Gun Violence, by JON LOWY, ESQ.,
805 15th Street NW, Suite 601
Washington, D.C. 20005;

For the Defendants:

    Jones Day, by ANDREW E. LELLING,
and ANTHONY DICK, ESQ., 100 High Street, 21st Floor,
Boston, MA 02110;

    Porter, Porter & Hassinger, by JAMES W. PORTER, II, ESQ.,
and Richard W. Kinney, III, ESQ., and
880 Monclair Road, Suite 175, Birmingham, AL 35213;

    Campbell Conroy & O'Neil, P.C., by TREVOR J. KEENAN, ESQ.,
20 City Square, Suite 300, Boston, MA 02129;

    Squre Patton Boggs, LLP, by DANIEL CONNOR HARKINS, ESQ.,
1211 Avenue of the Americas, Suite 26th Floor
New York, NY 10036;

    Pisciotti Lallis Erdreich, by DANNY LALLIS, ESQ.,
30 Columbia Turnpike, Suite 205,
Florham Park, NJ 07932;

    Harrison Law LLC, by MICHAEL L. RICE, ESQ.,
141 West Jackson Boulevard, Suite 2055
Chicago, IL 60604;

    Sugarman, Rogers, Barshak & Cohen, by JOHN G. O'NEILL,
ESQ., 101 Merrimac Street, 9th Floor, Boston, MA 02114;

    Renzulli Law Firm, LLP, by CHRISTOPHER RENZULLI, ESQ.,
81 Main St #508, White Plains, NY 10601;

    Renzulli Law Firm, by JEFFREY M. MALSCH, ESQ.,
One North Broadway, Suite 1005, White Plains, NY 10601;

    Litchfield Cavo LLP, by S. JAN HUEBER, ATTORNEY,
100 Throckmorton Street, Suite 500, Fort Worth, Texas 76102.

PROCEEDINGS

1

2          THE CLERK:  Court is now in session in the matter of

3    Estados Unidos Mexicanos vs. Smith & Wesson, Matter Number

4    21-11269.

5          Participants are reminded that photographing,

6    recording or rebroadcasting of this hearing is prohibited and

7    may result in sanctions.

8          Would counsel please identify themselves for the

9    record, starting with the plaintiff.

11:00AM 10          MR. SHADOWEN:  Good morning, your Honor,

11    Steve Shadowen on behalf of the government and Mexico.

12          THE COURT:  Good morning.

13          MR. LOWY:  Good morning, Jonathan Lowy also for the

14    government.

15          THE COURT:  Good morning.

16          MR. LELLING:  I'm sorry, Smith & Wesson Brands, your

17    Honor, Andrew Lelling and Anthony Dick.

18          THE COURT:  All right.  Good morning.  For Barrett.

19          MR. PORTER:  Jim Porter and Warren Kinney, and I think

11:01AM 20    Trevor Keenan is on as well.

21          THE COURT:  For Berreta.

22          MR. HARKINS:  Good morning.  Daniel Harkins, Squre

23    Patton Boggs, counsel for Berreta and U.S.A. Corporation.

24          THE COURT:  Good morning.  For Century.

25          MR. LALLIS:  Good morning, your Honor, Danny Lallis on

1    behalf of Century.

2             THE COURT:  Good morning.  And Colt's.

3             MR. RICE:  Michael Rice and John O'Neill for Colt's.

4             THE COURT:  For Glock.

5             MR. RENZULLI:  Christopher Renzulli and

6    Jeffrey Malsch.  Good morning, your Honor.

7             THE COURT:  Good morning.  For Sturm.  Sturm, Ruger.

8             MR. RENZULLI:  Should be Jim Vogts.

9             THE COURT:  All right.  Good morning.  And for Witmer.

11:02AM 10             MS. HUEBER:  Jan Hueber.

11             THE COURT:  I'm sorry.

12             MS. HUEBER:  Jan Hueber for Witmer.

13             THE COURT:  All right.  Good morning.

14             MS. HUEBER:  Good morning.

15             THE COURT:  All right.  This is a status conference in

16    this case.  As you know, it's back here from the First Circuit.

17    I don't know that the mandate has issued, which is a

18    technicality.  I'm going to assume that the case is back in

19    front of me, and the question is where do we go from here?

11:02AM 20             And let me put out a proposal.  As I'm sure you know,

21    at the time I issued my opinion, I think six of the eight

22    defendants had moved to dismiss on grounds of lack of personal

23    jurisdiction, which I did not reach.  I did reach standing and

24    then the 12(b)(6) issues, and it seems to me the next logical

25    step is to address those issues and resolve them one way or the

1    other, which depending on how all that comes out, will

2    obviously shape, you know, how the case goes, how many

3    defendants we're going to have going forward, and what, if any,

4    choice of law issues we might have.

5        I don't know whether any party is seeking en banc

6    review or petitioning for cert.  I have some reservations about

7    staying the case waiting for that process to play out,

8    particularly if it's a petition for cert., but I'll hear what

9    you have to say, I guess, and just to put sort of a more

11:04AM 10   concrete proposal on the deck here in case anyone has any

11   better idea, again, I'm happy to hear what you have to say, I

12   would deem the motions for personal jurisdiction to be renewed

13   because it's been a year or two, I think, since that was

14   briefed to give the parties an opportunity for supplemental

15   filings, you know, bring new case law to may attention, if

16   there is any, and set it down for a hearing in some reasonably

17   prompt fashion so we can get those issues resolved and see

18   where this case goes.

19       So that's my thinking such as it is at this point, and

11:04AM 20   why don't I just go around the room metaphorically and see what

21   you have to say in response.  I guess I'll start with the

22   defendants.  Mr. Lelling.

23       MR. LELLING:  Thank you, your Honor.  Allow me to

24   respectfully push back a little bit.  As you suspect, I think,

25   defendants will be filing a petition for writ of certiorari in

6

1      the case.

2              We would ask for a stay while that is pending, and I

3      can go into the some of the details of why we think there is a

4      reasonably good chance that cert. will be granted, but I think

5      more importantly it's worth keeping in mind that unlike every

6      other case that comes back to a District Court on remand and a

7      party says please don't, we're petitioning for cert., this case

8      involves a statute that is specifically designed to allow this

9      specific set of defendants to avoid litigation costs if the

11:05AM 10      case at issue falls within the ambit of the statute.

11              That very question is still the one at issue, and so

12      if we do proceed here, even on the more narrow basis that the

13      Court is suggesting, these defendants will incur costs that if

14      we are correct on the proper parameters of PLCAA, we should not

15      have incurred in the first place, and so I think what I would

16      ask in concrete terms is give us a week or two to submit a

17      brief on this, allow us to file a motion to stay proceedings in

18      full, and, of course, plaintiffs will respond, and have the

19      Court resolve that issue that way because in our view this

11:06AM 20      isn't the usual situation where the case comes back to you and

21      it needs to proceed or not.

22              THE COURT:  So I certainly anticipated that, and I

23      guess one of the things I'm thinking here is the personal

24      jurisdiction issue has already been briefed basically.  It's

25      hard for me to imagine.  There certainly, I think, would be no

1    new facts.  There might be some new cases.

2         To the extent there is work to be done here, you know,

3    95 percent of it, 99 percent of it is on me.  The advantage, I

4    mean, in other words, one thing I could do is stay everything

5    except that personal jurisdiction issue.  I could get that out

6    of the way.  If cert. is granted and then, you know, my

7    dismissal is reinstated, I've certainly wasted my time, but if

8    it's not, if cert. is denied or the circuit has affirmed or

9    whatever, at least we're a few months closer getting the case

11:07AM 10    resolved here on the merits.

11         So that's, again, thinking out loud here, I'm not

12    saying I have it right, I'm just giving you what my view is, I

13    guess, and I'm happy to allow you an opportunity to file a

14    written motion as to why a stay ought to, you know, be proper

15    and let plaintiffs respond to that.

16         I do think that question obviously needs to get turned

17    around quickly, but why don't I just continue, I guess, down

18    the list and get others' reactions.

19         You represent Smith & Wesson, right, so you're one of

11:08AM 20    the nonmoving parties, as I recall?

21         MR. LELLING:  That's true.  So I'm the one designated

22    to speak today.  If your Honor wants to get into the

23    substantive details of the 12(b)(2) motions, I would defer to

24    one of the parties that actually filed one.

25         THE COURT:  I don't want to address the details, and

1    if you're designated to speak on this issue, that is, the issue

2    of whether a stay ought to issue in whole or in part, I guess I

3    don't need to hear from other counsel if they agree unless

4    someone has a wrinkle.

5             MR. LELLING:  I would ask for one clarification, your

6    Honor --

7             THE COURT:  Yes.

8             MR. LELLING:  -- which is that on these personal

9    jurisdiction fights, the issue of jurisdictional discovery

11:09AM 10    always looms in the background.  We'd ask for the clarification

11   that there is no such discovery needed here.  The Court can

12   decide these 12(b)(2) motions on the papers should it choose to

13   proceed.

14            THE COURT:  Okay.  I hadn't thought of that, but that

15   is the wrinkle.

16            Why don't I hear from plaintiffs.  Mr. Shadowen, are

17   you taking the lead?

18            MR. SHADOWEN:  I am, your Honor.  Obviously, as the

19   plaintiffs in the case, and especially given the nature of the

11:09AM 20   injuries claimed here, we are eager to get started on the

21   merits of the case just as soon as we properly can.

22            That said, did I -- am I inferring correctly that your

23   Honor would -- is contemplating staying discovery pending the

24   cert. petition and proceeding only on the personal jurisdiction

25   issues?

1          THE COURT:  Well, I guess what I'm contemplating, at

2     least for the time being, kicking that question down the road,

3     I suppose, at least temporarily staying discovery.  I do

4     think -- I do not want to launch into discovery until I know

5     who the parties are to this lawsuit, let's put it that way.

6          I hadn't thought about jurisdictional discovery, which

7     is maybe its own separate beast, but the broader discovery, I

8     think, needs to await resolution of the personal jurisdiction

9     question.

11:10AM 10          You know, if this is a two-defendant case, it's quite

11     different from an eight-defendant case, and, obviously, some of

12     those non-Massachusetts defendants may have different

13     circumstances.  It could be anywhere in between as well, so I'm

14     being driven here by practicality more than anything, but...

15          MR. SHADOWEN:  Right.  I think we're going to need to

16     consult with our client, if that's going to be the lineup

17     because I, frankly, see some possibility for if discovery on

18     the merits is not going to go forward pending the cert.

19     petition --

11:11AM 20          THE COURT:  Well, I'm not making that decision.

21          MR. SHADOWEN:  Yes.

22          THE COURT:  In other words, I'm putting that -- I'm

23     postponing that decision.  I might get there.  I'm postponing.

24          MR. SHADOWEN:  Yes, right.  I think the bottom line is

25     I'm going to need to consult with the client specifically in

1   response to this sort of proposal, so we would ask time for

2   time to do that.  Of course, we will have time to do that while

3   the other side follows their motion for a stay, and maybe we

4   can meet and confer with the defendants about the shape of

5   things in connection with their filing that motion.

6          THE COURT:  All right.  Let's do this.  I'm sorry,

7   does anyone else want to be heard?  Okay.  Let's do this.

8   Mr. Lelling, you think you can get a motion to stay on file in,

9   what did you say, two weeks?

11:12AM 10        MR. LELLING:  Two weeks would be great, your Honor.

11  Just to clarify, your Honor, in our view, obviously, the Court

12  should stay the whole thing.  Is that the motion you want us to

13  file?

14         THE COURT:  I'm not going to tell you what kind of

15  motion to file, you can file whatever you want, try to convince

16  me whatever you want is appropriate.

17         MR. LELLING:  Understood.

18         THE COURT:  I'm thinking out loud, which is always

19  dangerous, because lawyers tend to overreact when the Judge

11:12AM 20  thinks out loud.  I could be convinced in any direction here.

21  I am convinced that putting this in writing is better than me

22  doing it on the fly, so I do think I'd like to see the motion,

23  but I also am conscious of, you know, how long it's taken to

24  get just to this point, and one way or another, I do want to

25  resolve some of these preliminary issues, but I'll do this:

1    The deadline for filing a motion to stay -- I'll

2    broaden that -- a motion to stay or any other motion concerning

3    how the case ought to proceed so that if plaintiffs want to

4    file something affirmatively, they can do that, shall be filed

5    by February the 23rd, just two weeks from today.

6    Plaintiffs have working days to respond to that,

7    March 8th, and I'd like to reconvene, and we can do this by

8    Zoom on how about March the 12th, it looks like?  Hold on.

9    Let's see, March the 12th at 2:00 eastern time by Zoom, and I

11:13AM 10    would expect to render a decision orally then unless there's

11    some wrinkle that I'm not thinking about, which is, of course,

12    it's certainly possible, and so I could stay everything, I

13    could stay the case other than personal jurisdiction issues.  I

14    could do nothing, you know, everything is on the table at this

15    point, but I do need to resolve this I think reasonably

16    quickly.

17    And if I decide that we're going forward with the

18    personal jurisdictional arguments, I don't see a need for a

19    whole new round of briefing, although I'd give the parties an

11:14AM 20    opportunity to update their briefs, you know, reframe issues,

21    if necessary, in light of my decision, the First Circuit's

22    decision, but I'd want to move on that with reasonable dispatch

23    as well, so, again, this is just my mindset.

24    And I want to be careful about just deeming all those

25    to be renewed and putting them back on the docket because I'll

1   have six motions that it looks like I've been sitting on for

2   two years, and it will make my statistics look bad, so that's

3   what I'm thinking.

4          Mr. Lelling, you can convince me or not in whole or in

5   part, Mr. Shadowen, the same to you, and let's see where we are

6   on March the 12th, and we'll go from there.

7          In terms of substantive discovery, I don't think I'd

8   need to hear from any party now because it's, again, going to

9   make a huge difference how the personal jurisdictional issues

11:15AM 10   play out, and I think that's quite premature at this stage,

11   again, unless I'm missing something.

12          All right.  Does all that work?  Mr. Lelling.

13          MR. LELLING:  Yes, your Honor, thank you.

14          THE COURT:  Mr. Shadowen.

15          MR. SHADOWEN:  Good plan.

16          THE COURT:  All right.  I'll settle on plan, it

17   doesn't even have to be good, that's the plan.  All right.

18   That's what we'll do then, and we will regroup by Zoom on

19   March 12th.  When I say by Zoom, you always have the option of

11:16AM 20   appearing in person.  It literally makes no difference to me,

21   but if you're more comfortable appearing in person, you can do

22   that, just make sure we know because we need to do the hybrid

23   setup in the courtroom.

24          All right.  But I don't think anyone needs get on an

25   airplane, especially from a sunny location in the winter to

1  come to Boston.  I'm assuming it's sunny in Austin, I could be

2  wrong.

3         MR. SHADOWEN:  I played tennis in shorts this morning,

4  your Honor.

5         THE COURT:  Okay.  I did not.  All right.  Thank you,

6  all, and we'll see where we are on March 12th.

7         ALL ATTORNEYS:  Thank you, your Honor.

8         (Whereupon, the hearing was adjourned at 11:16 a.m.)

9               C E R T I F I C A T E

10  UNITED STATES DISTRICT COURT )

11  DISTRICT OF MASSACHUSETTS ) ss.

12  CITY OF BOSTON )

13          I do hereby certify that the foregoing transcript,

14  Pages 1 through 13 inclusive, was recorded by me

15  stenographically at the time and place aforesaid in Civil

16  Action No. 21-11269-FDS, ESTADOS UNIDOS MEXICANOS vs. SMITH &

17  WESSON BRANDS, INC.; BARRETT FIREARMS MANUFACTURING,

18  INC.; BERETTA U.S.A. CORP.; CENTURY INTERNATIONAL ARMS, INC.;

19  COLT'S MANUFACTURING CO. LLC; GLOCK, INC.; STURM RUGER & CO.,

20  INC.; WITMER PUBLIC SAFETY GROUP, INC. d/b/a INTERSTATE ARMS,

21  and thereafter by me reduced to typewriting and is a true and

22  accurate record of the proceedings.

23          Dated February 13, 2024.

24              s/s Valerie A. O'Hara

           _____
25              VALERIE A. O'HARA
                OFFICIAL COURT REPORTER