# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

ESTADOS UNIDOS MEXICANOS,
      *Plaintiff,*

*vs.*

Civil Action No. 1:21-cv-11269-FDS

SMITH & WESSON BRANDS, INC., et al.,
      *Defendants*

# PLAINTIFF'S MEMORANDUM OF LAW IN
# OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

ARGUMENT .............................................................................................................................3

I.     THIS COURT LACKS AUTHORITY TO ENTER A STAY PENDING
DEFENDANTS' PETITION FOR A WRIT OF CERTIORARI .......................................3

     A.     Defendants' Motion Is Precluded by Statute and the Mandate Rule .....................3

     B.     Defendants' Cases Are Inapposite ...........................................................................6

II.     ASSUMING THE DISTRICT COURT HAS THE AUTHORITY TO
GRANT A STAY, DEFENDANTS' MOTION DOES NOT MEET THE
REQUIREMENTS FOR STAYING THE PROCEEDINGS ...............................................9

     A.     Defendants Have Not Shown a Reasonable Probability that the
Supreme Court Will Grant Certiorari and Reverse the First
Circuit's Judgment ..................................................................................................9

     B.     Defendants Have Not Shown They Will Suffer Irreparable Harm
Absent a Stay .........................................................................................................11

     C.     Mexico and the Public Interest Will Be Substantially Prejudiced by
a Stay .....................................................................................................................13

# TABLE OF AUTHORITIES

## Cases

*1st Media, LLC v. doPi Karaoke, Inc.*,
 No. 2:07-CV-1589 JCM (NJK), 2013 WL 1250834 (D. Nev. Mar. 27, 2013) ..........................7

*Ark. Tchr. Ret. Sys. v. State St. Bank & Tr. Co*.,
 527 F. Supp. 3d 40 (D. Mass. 2021) ...................................................................................8

*Barnes v. E–Systems, Inc. Group Hospital Medical & Surgical Ins. Plan*,
 501 U.S. 1301 (1991).........................................................................................................9

*Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*,
 No. 12-2350-SAC, 2018 WL 2020543 (D. Kan. May 1, 2018) ................................................8

*Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*,
 581 U.S. 170 (2017)............................................................................................................12

*Carlson v. General Motors Corp.*,
 No. CIV. A. 2-86-2674-1, 1991 WL 90893 (D.S.C. Mar. 14, 1991)..........................................7

*City of Buffalo v. Smith & Wesson Brands, Inc*.,
 No. 23-CV-6061-FPG, 2023 WL 3901741 (W.D.N.Y. June 8, 2023) .......................................8

*City of New York v. Beretta U.S.A. Corp*.,
 234 F.R.D. 46 (E.D.N.Y. 2006) ...........................................................................................12

*City of New York v. Mickalis Pawn Shop, LLC*,
 645 F.3d 114 (2d Cir. 2011)................................................................................................12

*City of Philadelphia v. Beretta U.S.A. Corp.*,
 277 F.3d 415 (3d Cir. 2002)................................................................................................10

*Cole v. Carson*,
 957 F. 3d 484 (5th Cir. 2020) ............................................................................................12

*Cole v. City of Memphis*,
 No. 2:13-cv-02117 JPM (DKV), 2017 WL 782929 (W.D. Tenn. Feb. 28, 2017).....................4

*Dalton v. Town of Silver City*,
 No. CV 17-1143 WJ/GBW, 2021 WL 3403645 (D.N.M. Aug. 4, 2021)................................12

*Digital Equipment Corp. v. Currie Enterprises.*,
 142 F.R.D. 8 (D. Mass. 1991)...............................................................................................14

*Dist. 4 Lodge of the Int'l Ass'n of Machinists &
 Aerospace Workers Loc. Lodge 207 v. Raimondo*,
 18 F.4th 38 (1st Cir. 2021)....................................................................................................8

*Does 1-6 v. Mills*,
 No. 1:21-cv-00242-JDL, 2022 WL 43893 (D. Me. Jan. 4, 2022) ......................................11, 14

*Doyle v. Combined Sys., Inc.*,
 No. 3:22-CV-01536-K, 2023 WL 5945857 (N.D. Tex. Sep. 11, 2023) ..............................11, 12

*Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*,
   633 F. Supp. 3d 425 (D. Mass. 2022), *rev'd*, 91 F.4th 511 (1st Cir. 2024) .............................12

*Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*,
   91 F. 4th 511 (1st Cir. 2024) ........................................................................................1, 2, 10

*Evans v. Buchanan*,
   435 F. Supp. 832 (D. Del. 1977) ..............................................................................................7

*Fitzmorris v. Weaver*,
   No. 21-cv-25-PB, 2024 WL 231883 (D.N.H. Jan. 22, 2024) ...................................................11

*Harte v. Bd. of Commissioners of the Cnty. of Johnson Cnty., Kansas*,
   No. 13-2586-JWL, 2017 WL 4697506 (D. Kan. Oct. 19, 2017) .........................................9, 13

*In re A.F. Moore & Assocs., Inc.*,
   974 F.3d 836 (7th Cir. 2020) .........................................................................................5, 6, 9

*In re Stumes*,
   681 F.2d 524 (8th Cir. 1982) ....................................................................................................4

*In re Time Warner Cable, Inc.*,
   470 F. App'x 389 (5th Cir. 2012) ..............................................................................................4

*Inclusive Communities Project, Inc. v. Texas Dep't of Hous. & Cmty. Affs.*,
   No. 3:08-CV-0546-D, 2014 WL 2815683 (N.D. Tex. June 23, 2014) .......................................8

*Katz v. Liberty Power Corp., LLC*,
   No. 18-CV-10506-ADB, 2020 WL 3440886 (D. Mass. June 23, 2020) ..................................11

*Kozman v. Trans World Airlines Inc.*,
   145 F. Supp. 140 (S.D.N.Y. 1956)............................................................................................6

*Lefevre v. Five Star Quality Care, Inc.*,
   No. ED15-cv-01305 VAP(SPX), 2018 WL 8786643 (C.D. Cal. Apr. 18, 2018)..................4, 6

*Luxottica Group, S.p.A. v Lee*,
   2021 WL 3116171 (D. Mass. 2021) ........................................................................................15

*Maryland v. King*,
   567 U.S. 1301  (2012).................................................................................................................9

*Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*,
   385 F.3d 72 (1st Cir. 2004) ................................................................................................8, 14

*Mikkelsen Graphic Eng'g, Inc. v. Zund Am., Inc.*
   No. 07-C-0391, 2012 WL 11914943 (E.D. Wis. July 24, 2012) ..............................................8

*Miller v. Gammie*,
   335 F.3d 889 (9th Cir. 2003) ..................................................................................................13

*Moore v. Haviland*,
   607 F. Supp. 2d 867 (N.D. Ohio 2009).....................................................................................7

*Myers v. Brewer*,
   No. 17-2682-CM, 2019 WL 4736946 (D. Kan. Sep. 27, 2019) .........................................8, 13

*NGV Gaming, Ltd. v. Harrah's Operating Co.*,
  No. 04-3955 SC, 2008 WL 4951587 (N.D. Cal. Nov. 18, 2008) ............................................8

*Peaceable Planet, Inc. v. Ty, Inc*.,
  No. 01 C 7350, 2004 WL 1574043 (N.D. Ill. July 13, 2004) .....................................................8

*Philipp v. Fed. Rep. of Germany*,
  436 F. Supp. 3d 61 (D.D.C. 2020) ............................................................................................7

*Promega Corp. v. Life Techs. Corp.*,
  No. 3:10-cv-00281-bbc (W.D. Wisc. July 15, 2015)...................................................................8

*Remington Arms Co., LLC, et al. v. Soto*,
  140 S. Ct. 513 (2019)..................................................................................................................2

*Sanchez v. Hartley*,
  No. 13-CV-01945-WJM-CBS, 2016 WL 7176718 (D. Colo. Apr. 26, 2016)...........................14

*Sec. & Exchg. Comm'n v. BioChemics, Inc.*,
  435 F. Supp. 3d 281 (D. Mass. 2020) ........................................................................................8

*Smith v. Gallegos*,
  No. 06-3061-JTM-DWB, 2009 WL 5217360 (D. Kan. Dec. 30, 2009) .....................................8

*Smithkline Beecham Corp. v. Apotex Corp*.,
  No. 00-CV-1393, 2004 WL 1615307 (E.D. Pa. July 16, 2004)................................................14

*Soto v. Bushmaster Firearms Int'l, LLC*,
  No. FBTCV156048103S, 2016 WL 2602550 (Conn. Super. Ct. Apr. 14, 2016).....................12

*Stoyanov v. Mabus*,
  No. CCB-09-3479, 2023 WL 8614428 (D. Md. Nov. 16, 2023)..................................................4

*Studdard v. Shelby County, Tennessee*,
  No. 17-cv-2517-JPM-TMP, 2019 WL 13414525 (W.D. Tenn. Dec. 12, 2019)...................4, 13

*Studiengesellschaft Kohle, mbH v. Novamont Corp.*,
  578 F. Supp. 78 (S.D.N.Y. 1983).................................................................................................4

*Sunview Condo. Ass'n v. Flexel Int'l*,
  116 F.3d 962 (1st Cir. 1997)......................................................................................................15

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*,
  No. 13-CV-346-BBC, 2015 WL 2248437 (W.D. Wis. May 13, 2015).......................................8

*United States v. Bell*,
  5 F.3d 64 (4th Cir. 1993) ............................................................................................................6

*United States v. Bell*,
  988 F.2d 247 (1st Cir.1993) .......................................................................................................6

*United States v. Kenney*,
  No. CR-07-66-B-W, 2008 WL 3285891 (D. Me. Aug. 5, 2008).............................................7, 9

*United States v. Lee*,
  No. 16-cr-10343-ADB, 2022 WL 1004197 (D. Mass. Apr. 4, 2022)..........................................7

*United States v. Lentz*,
   352 F. Supp. 2d 718 (E.D. Va. 2005) ...............................................................4, 5, 6

*United States v. Rivera-Martinez,*
   931 F.2d 148 (1st Cir. 1991).........................................................................................5

*Vogt v. City of Hays, Kansas*,
   No. 15-1150-JTM-GEB, 2017 WL 1250826 (D. Kan. Apr. 5, 2017) ....................4, 6

*Wald v. Regan*,
   708 F.2d 794 (1st Cir. 1983)........................................................................................9

*Wedgewood Ltd. Partnership I v. Township of Liberty, Ohio*,
   No. C2-04-1069, 2010 WL 4808529 (S.D. Ohio Nov. 16, 2020) .............................14

*Whitehead v. Frawner*,
   No. CV 17-275-MV/KK, 2019 WL 4016334 (D. N.M. Aug. 26, 2019)....................4

**Statutes**

15 U.S.C. § 7901...................................................................................................11, 12

28 U.S.C. § 1604...........................................................................................................12

28 U.S.C. § 2101 ..................................................................................................... passim

**Rules**

Fed. R. App. P. 41.......................................................................................................1, 3

S. Ct. Rule 23 ..................................................................................................................3

**Treatises**

S. Shapiro et al., *Supreme Court Practice* (11th ed. 2019)..........................................10

**INTRODUCTION**

Over two and half years ago, on August 4, 2021, Estados Unidos Mexicanos ("the Government" or "Mexico") brought this action, alleging that Defendants repeatedly, systemically, and knowingly sell and distribute their assault rifles, sniper rifles, and other guns in illegal ways that every day supply a roaring pipeline of crime guns to the cartels in Mexico, and cause violence and criminal activity on both sides of the border. The Government brought suit to stop Defendants, and thereby stop the violence they facilitate. In an erudite and comprehensive opinion, the First Circuit unanimously held that the allegations support the Government's claims, and that under the universally accepted reading of the Protection of Lawful Commerce in Arms Act ("PLCAA"), Defendants' knowing violation of gun laws disentitles them to special protection. *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc*., 91 F. 4th 511 (1st Cir. 2024).  Hence, Defendants must do what every other alleged wrongdoer must do when faced with a legitimate, viable lawsuit: defend themselves in court.  But Defendants continue to claim that they are entitled to immunity from the judicial system that applies to everyone else, notwithstanding their deadly and illegal conduct. In seeking to further delay this case, Defendants do not even mention that every day they are allowed to continue their unlawful, reckless conduct more guns flow across the border, more violence and crime harms Mexico and its people.  If Defendants get their way, it will be at least three years since filing its suit before the Government can even start discovery. If ever a case showed how justice delayed is justice denied, this is it.  The motion for to stay should be denied.

As an initial matter, Defendants' motion is procedurally improper.  Rather than file a motion in the Court of Appeals to stay the Court's mandate, as the rules (Fed. R. App. P. 41(d) and statute (28 U.S.C. § 2101(f)) provide, Defendants seek to bypass what they undoubtedly see

as an unfriendly forum that has ruled against them, to seek relief in this Court which dismissed the complaint (on grounds that Defendants are not planning to take up in their forthcoming certiorari petition).  The Court remanded for "further proceedings consistent with this opinion," 91 F.4th at 538, which is inconsistent with a complete stay and precludes the Court from crediting Defendants' full-scale assault on the opinion's merits.

Moreover, even if the Court had the discretion to halt the proceedings, it should not do so because Defendants have failed to establish the requisites for a stay.  Defendants have failed to show that the Supreme Court will likely grant their yet-to-be-filed certiorari petition and then reverse the First Circuit.  The Supreme Court only accepts about 1% of petitions in civil cases, making the odds of reversal less than 1%.  And the Supreme Court has denied multiple petitions filed after PLCAA rulings, including when similar "sky is falling" arguments were made by gun manufacturers after the Supreme Court of Connecticut found they could be liable for the Sandy Hook elementary school massacre.[1] Perhaps the Supreme Court recognized that while Defendants seek to align themselves with major swathes of U.S. industry who they claim will be subject to liability under these rulings, gun manufacturers' knowing violations of law that predictably facilitate violence sets them apart—and is not entitled to protection under PLCAA.

Defendants have also failed to show they will be irreparably harmed merely by having to *start* discovery while the Supreme Court considers their certiorari petition.  Even if such an expense were cognizable for purposes of a stay (it is not; PLCAA coverage is not analogous to

---

[1] *See* Petition for Writ of Certiorari, *Remington Arms Co., LLC v. Soto*, 2019 WL 3565952 (filed Aug. 1, 2019), denied by *Remington Arms Co., LLC, et al. v. Soto*, 140 S. Ct. 513 (2019) (No. 19-168).

qualified immunity), it is trivial in comparison to Mexico's and the public's interest in a "speedy and just" determination of whether Defendants are unlawfully causing vast death and destruction every day.  Defendants argue that a stay is acceptable because it would simply retain the status quo.  But the status quo—in which Defendants supply and profit from the cartels' crime gun pipeline—is unacceptable.  That's why the Government brought this suit, and why the suit needs to proceed to resolution forthwith.

# ARGUMENT

## I.    THIS COURT LACKS AUTHORITY TO ENTER A STAY PENDING DEFENDANTS' PETITION FOR A WRIT OF CERTIORARI

This Court should not countenance Defendants' gambit to bypass the Court of Appeals in effectively seeking a stay of that Court's judgment or mandate pending the filing of Defendants' petition for certiorari.  Indeed, this Court lacks authority to do so.

### A.    Defendants' Motion Is Precluded by Statute and the Mandate Rule

The procedure for seeking a stay pending disposition of a writ of certiorari is set by 28 U.S.C. § 2101(f):

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the aggrieved party to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court . . . .

Thus, a stay may be granted by a court of appeals (where review of a decision of the court of appeals is sought) pursuant to Fed. R. App. P. 41(d)(1)[2] or by the Supreme Court under S. Ct. Rule 23.  Section "2101(f) does not permit a district court to exercise jurisdiction to stay a

---

[2] Fed. R. App. P. 41(d) provides that "A party may move to stay the mandate pending the filing for a petition for a writ of certiorari in the Supreme Court."

circuit court's final judgment pending filing or resolution of a *certiorari* petition." *United States v. Lentz*, 352 F. Supp. 2d 718, 726 (E.D. Va. 2005) (citing great weight of reasoned authority).[3] And a stay of this court's proceedings is equivalent to a stay of the circuit court's judgment.[4]

"[I]t is simply 'not an appropriate function for this court to pass on the likelihood that the ruling of a higher court will be accepted for review by the Supreme Court'" and ultimately reversed; "rather, that function is properly performed by the court of appeals or the Supreme Court, as contemplated by § 2101(f)." *Lentz*, 352 F. Supp. at 726 (quoting *Studiengesellschaft Kohle, mbH v. Novamont Corp.*, 578 F. Supp. 78, 79-80 (S.D.N.Y. 1983)); *see also Whitehead*, 2019 WL 4016334, at *2 (same); *Studdard*, 2019 WL 13414525, at *2 (same); *Lefevre*, 2018 WL 8786643, at *3 ("As Congress likely anticipated when limiting the authority under § 2101(f) to the court of appeals or a justice of the United States Supreme Court, a district court is not well-positioned to make this type of determination.").

Likewise, the "mandate rule" precludes this court from halting the case or calling into question the First Circuit's rulings, as Defendants would have the Court do.  Under the mandate rule, "the district court is required to comply with the express or implied rulings of the appellate

---

[3] The vast majority of cases interpreting § 2101(f) hold that only the Court of Appeals or a justice of the United States Supreme Court has jurisdiction to issue a stay pending a certiorari petition. In addition to *Lentz*, *see, e.g.*, *In re Time Warner Cable, Inc.*, 470 F. App'x 389, 390 (5th Cir. 2012); *In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982).  Other, recent cases from various district courts include: *Stoyanov v. Mabus*, No. CV CCB-09-3479, 2023 WL 8614428, at *1 (D. Md. Nov. 16, 2023); *Whitehead v. Frawner*, No. CV 17-275-MV/KK, 2019 WL 4016334, at *1 (D. N.M. Aug. 26, 2019) (collecting cases); *Lefevre v. Five Star Quality Care, Inc.*, No. ED15-cv-01305 VAP(SPX), 2018 WL 8786643, at *3 (C.D. Cal. Apr. 18, 2018) (collecting cases); *Vogt v. City of Hays, Kansas*, No. 15-1150-JTM-GEB, 2017 WL 1250826, at *4 (D. Kan. Apr. 5, 2017); *Cole v. City of Memphis*, No. 2:13-cv-02117 JPM (DKV), 2017 WL 782929, at *3 (W.D. Tenn. Feb. 28, 2017) (collecting cases).

[4] *E.g.*, *Stoyanov*, 2023 WL 8614428; *Studdard v. Shelby County, Tennessee*, No. 17-cv-2517-JPM-TMP, 2019 WL 13414525 (W.D. Tenn. Dec. 12, 2019); *Whitehead*, 2019 WL 4016334, at *2; *Lefevre*, 2018 WL 8786643; *Vogt*, 2017 WL 1250826.

court," that is, to "follow the spirit as well as the letter of the mandate." *In re A.F. Moore &*
*Assocs., Inc.*, 974 F.3d 836, 839-40 (7th Cir. 2020) (internal citation omitted).  The First Circuit
remanded the matter "to the district court for [1] ***further proceedings*** [2] ***consistent with the***
***opinion issued this day*.**  Judgment (Jan. 22, 2024) (emphasis added).  It is "clear that a stay of
this case . . .  would violate the 'mandate rule,' as it would contravene the spirit of the [First]
Circuit's mandate in this case." *Lentz*, 352 F. Supp. 2d at 727.

A stay would be inconsistent with holding "further proceedings." *See A.F. Moore,* 974
F.3d at 841 ("the clear spirit of our mandate entailed more than flipping a flag on the docket
sheet from 'closed' to 'reopen.' We presupposed that further proceeding would be had at an
ordinary pace.").  And it would be substantively inconsistent with "the opinion issued this day"
by the First Circuit.  *See United States v. Rivera-Martinez,* 931 F.2d 148, 150 (1st Cir. 1991)
("When a case is appealed and remanded, the decision of the appellate court establishes the law
of the case and it *must* be followed by the trial court on remand.") (emphasis in original) (citation
omitted).

Defendants' entire motion is built on the premise that the First Circuit was wrong and
likely will be reversed.  D. Mem. 2 (invoking "the flaws in the First Circuit's reasoning"), *id.* at 5
("First Circuit's decision is legally incorrect"), *id.* at 7 (Supreme Court "reasonably likely to
reverse"), *id.* at 8 ("First Circuit's holding is also in direct tension with the Supreme Court's own
recent decisions on proximate cause."); *id.* at 9 ("First Circuit's ruling does not jibe with the
Supreme Court's recent decision in *Twitter v. Taamnah*, 598 U.S. 471 (2023)").[5]  Defendants go

---

[5] And their argument that Congress meant to protect gun manufacturers from cases like this—*see*
D. Mem. at 2: "The possibility of imposing liability on an entire industry for harm that is solely
caused by others is an abuse of the legal system."—also expressly presumes that the Court of
Appeals got it wrong.  The Court of Appeals held that the complaint plausibly alleges that this
harm was *not* solely caused by others.

so far as to invoke the Court's now-reversed decision, *see* D. Mem. 3 ("First, Congress has in effect directed trial courts like this one to stand down where, as the Court concluded here, an action falls within PLCAA's parameters."), and predict that the Supreme Court will "vindicate[] the Court's decision to dismiss," *id*. at 2. But the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (citing *United States v. Bell*, 988 F.2d 247, 251 (1st Cir.1993)).

Defendants' motion improperly puts this Court in a "fraught" position. *A.F. Moore*, 974 F.3d at 841. The motion "obligate[s] the district court, which ha[s] been reversed by a reviewing court, to weigh the likelihood that it might be later vindicated by [the court of appeals'] own reversal.  That analysis is only a step removed from a court declaring that it was right all along and entering the judgment just reversed—the most obvious violation of the mandate rule. District courts have routinely refused invitations to engage in this sort of stay calculation for just that reason." *Id.* (citing cases); *see also Lefevre*, 2018 WL 8786643, at *1, *3 (denying stay "since an inferior court has no power or authority to deviate from the mandate issued by an appellate court it would be inappropriate for this Court to undercut the Ninth Circuit by reinstating the stay that was lifted when the Ninth Circuit issued its mandate," and noting there was "no indication in the record that Defendant sought a stay of proceedings from either the Ninth Circuit or the U.S. Supreme Court").

### B.      Defendants' Cases Are Inapposite

Defendants' invocation of the court's inherent power to control its docket is misplaced. D. Mem. 5.  A "district court can exercise its inherent authority only consistent with [the] mandate." *A.F. Moore*, 974 F.3d at 842; *accord Lentz*, 352 F. Supp. 2d at 728; *Lefevre*, 2018 WL 8786643, at *3; *Vogt*, 2017 WL 1250826, at *4; *Kozman v. Trans World Airlines Inc.*, 145 F. Supp. 140, 142 (S.D.N.Y. 1956).

Even courts that have considered a stay under a court's discretionary authority over its docket—without addressing § 2101(f) or the mandate rule—have denied a stay when the movant has failed to seek a stay from the court of appeals. *See United States v. Lee*, No. 16-cr-10343-ADB, 2022 WL 1004197, at *1 (D. Mass. Apr. 4, 2022) ("Lee has not properly moved for a motion to stay pending the filing of a petition for a writ of *certiorari* under Federal Rule of Appellate Procedure 41(d)."); *1st Media, LLC v. doPi Karaoke, Inc.*, No. 2:07-CV-1589 JCM (NJK), 2013 WL 1250834, at *1 (D. Nev. Mar. 27, 2013) (stay not appropriate where "Defendants have neither sought a stay of the mandate under Fed. R. App. P. 41(d) nor a stay from the Supreme Court under Supreme Court Rule 23").

Defendants recognize that "[c]ourts in this circuit have not articulated a specific standard governing stays pending resolution of petitions for writ of certiorari," but contend that they "often look to the more general standard for stays pending appeal to the circuit court," citing a single case from the district of Maine. D. Mem. 5 (citing *United States v. Kenney*, No. CR-07-66-B-W, 2008 WL 3285891, at *2 (D. Me. Aug. 5, 2008)). In fact, neither *Kenney* nor any courts in this circuit have addressed whether § 2101(f) and/or the mandate rule preclude a district court from entering a stay pending a certiorari petition. Nor do Defendants' cases outside the circuit, which are distinguishable on other grounds as well.[6] And Defendants cases (in and

---

[6] *See Carlson v. General Motors Corp.*, No. CIV. A. 2-86-2674-1, 1991 WL 90893, at *1 (D.S.C. Mar. 14, 1991) (noting, without discussion or explanation, that court previously stayed discovery pending cert. petition); *Evans v. Buchanan,* 435 F. Supp. 832 (D. Del. 1977) (staying implementation of part of school desegregation plan where denial of stay would have "very serious" consequences and noting that court of appeals was divided 4-3 and issued its decision prior to the three most recent Supreme Court school desegregation decisions); *Moore v. Haviland*, 607 F. Supp. 2d 867 (N.D. Ohio 2009) (stay of writ of habeas corpus involving defendant with propensity for violent conduct); *Philipp v. Fed. Rep. of Germany*, 436 F. Supp. 3d 61 (D.D.C. 2020) (stay under preliminary injunction standard not applicable in First Circuit); *Inclusive Communities Project, Inc. v. Texas Dep't of Hous. & Cmty. Affs.*, No. 3:08-CV-0546-D,

outside this circuit) involving a stay pending appeal are inapposite.[7]  Whether a district court

should stay proceedings until the appeals court rules is a question very different from whether it

should stay proceedings in defiance of the ruling of the court of appeals.  And if a discretionary

stay is permissible, the appropriate standard is manifestly not the standard for a stay pending

appeal.  The standard for the district court can hardly be less demanding than the standard the

court of appeals or single justice would apply in considering a stay, particularly given the fact

that the likelihood of prevailing on the merits of a certiorari petition is orders of magnitude lower

that prevailing on an ordinary appeal.

Accordingly, if the district court has the authority to issue a stay, it may not do so unless

Defendants demonstrate: "(1) a reasonable probability that [the] Court will grant certiorari, (2) a

---

2014 WL 2815683 (N.D. Tex. June 23, 2014) (granting stay where Supreme Court had recently granted two cert petitions raising the same question as defendants); *Smith v. Gallegos,* No. 06-3061-JTM-DWB, 2009 WL 5217360 (D. Kan. Dec. 30, 2009) (stay unopposed); *NGV Gaming, Ltd. v. Harrah's Operating Co.*, No. 04-3955 SC, 2008 WL 4951587 (N.D. Cal. Nov. 18, 2008) (neither party disputed court's authority to enter stay; appeals court decision was not unanimous, and dissent was supported by subsequent decision by another circuit); *Peaceable Planet, Inc. v. Ty, Inc*., No. 01 C 7350, 2004 WL 1574043 (N.D. Ill. July 13, 2004) (granting stay after filing of cert petition; no analysis); *Promega Corp. v. Life Techs. Corp.,* No. 3:10-cv-00281-bbc, ECF 811 (W.D. Wisc. July 15, 2015) (noting that there was a dissenting opinion in appeals court and that plaintiff had not identified any prejudice from a stay). In *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, No. 12-2350-SAC, 2018 WL 2020543 (D. Kan. May 1, 2018), the court addressed § 2101(f) and the mandate rule and *refused* to completely stay proceedings or the parties' briefing on their "renewed and retooled" cross motions for summary judgment in response to the appeals court ruling.  *See Myers v. Brewer*, No. 17-2682-CM, 2019 WL 4736946, at *1–2 (D. Kan. Sept. 27, 2019) (holding that § 2101(f) precluded stay and citing *Black & Veatch* in support).

[7] *See, e.g.,* D. Mem. 6 (citing *City of Buffalo v. Smith & Wesson Brands, Inc*., No. 23-CV-6061-FPG, 2023 WL 3901741 (W.D.N.Y. June 8, 2023); *id.* at n. 5 (citing *Dist. 4 Lodge of the Int'l Ass'n of Machinists & Aerospace Workers Loc. Lodge 207 v. Raimondo*, 18 F.4th 38, 42 (1st Cir. 2021) and *Ark. Tchr. Ret. Sys. v. State St. Bank & Tr. Co*., 527 F. Supp. 3d 40, 45-46 (D. Mass. 2021)); *id*. at 7 n. 7 (citing *Sec. & Exchg. Comm'n v. BioChemics, Inc.,* 435 F. Supp. 3d 281, 296 (D. Mass. 2020)); *id.* at 12 n. 15 (citing *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-346-BBC, 2015 WL 2248437, at *1 (W.D. Wis. May 13, 2015) and *Mikkelsen Graphic Eng'g, Inc. v. Zund Am., Inc.* No. 07-C-0391, 2012 WL 11914943, at *1 (E.D. Wis. July 24, 2012)). Likewise, *Microfinancial, Inc. v. Premier Holidays Int'l, Inc*., 385 F.3d 72, 77 (1st Cir. 2004), (D. Mem. 5), which involved a stay pending parallel criminal proceedings, is inapposite.

fair prospect that the Court will then reverse the decision below, *and* (3) a likelihood that irreparable harm will result from the denial of a stay." *Maryland v. King*, 567 U.S. 1301, 1302 (2012) (Roberts, C.J., in chambers) (cleaned up) (emphasis added).  These are not merely "factors to be considered."  All three requirements must be satisfied.  Moreover, a stay must be denied if the "balance [of] the equities" does not support it.  *Barnes v. E–Systems, Inc. Group Hospital Medical & Surgical Ins. Plan*, 501 U.S. 1301, 1305 (1991) (Scalia, J., in chambers).

## II.   ASSUMING THE DISTRICT COURT HAS THE AUTHORITY TO GRANT A STAY, DEFENDANTS' MOTION DOES NOT MEET THE REQUIREMENTS FOR STAYING THE PROCEEDINGS

A stay pending certiorari is a "rare exception."  *A.F. Moore*, 974 F.3d at 841. "Ordinarily, where a party has won on appeal after losing in the district court, it is appropriate to put the appellate court decision into effect pending the Supreme Court's ruling.  The winning *appellate* court party has the better claim to the law's support.  It is therefore the practice in this circuit and in the Supreme Court, not to grant stays except in unusual cases."  *Wald v. Regan*, 708 F.2d 794, 803 (1st Cir. 1983) (Breyer, J.), *rev'd on other grounds*, 468 U.S. 222 (1984) (emphasis in original).

### A.   Defendants Have Not Shown a Reasonable Probability that the Supreme Court Will Grant Certiorari and Reverse the First Circuit's Judgment

As Defendants' own cases indicate, "the likelihood that the United States Supreme Court will accept any case on certiorari is remote."  *Kenney*, 2008 WL 3285891, at *2; *see also Harte v. Bd. of Commissioners of the Cnty. of Johnson Cnty., Kansas*, No. 13-2586-JWL, 2017 WL 4697506, at *4 (D. Kan. Oct. 19, 2017) (noting significance of fact that "there is a statistically small chance that the Supreme Court will grant any certiorari petition"); https://www.supreme-

court.gov/about/faq_general.aspx ("The Court receives approximately 7,000-8,000 petitions for a writ of certiorari each Term.  The Court grants and hears oral argument in about 80 cases.").  Defendants have not shown that their petition will defy these odds.

The issues as to which Defendants plan to seek cert—whether the complaint sufficiently alleges aiding abetting liability and proximate cause—are not worthy of the Court's review.  These issues are pedestrian and fact-bound.  Defendants invoke no circuit split implicated by the First Circuit's aiding-and-abetting holding, nor one implicated by the First Circuit's so-called "broad conception of proximate causation based almost entirely on bare foreseeability of diversion and misuse."  D. Mem. 7-8.  And Defendants' purported split over derivative harm is stale; the most recent opinion is from 22 years ago, and all of Defendants' cited opinions predate PLCAA.  In the absence of any real split, Defendants' bid for Supreme Court review boils down to a request that the Supreme Court correct the alleged errors in the First Circuit's decision.  But "the Court generally will not grant certiorari just because the decision below may be erroneous."  S. Shapiro et al., *Supreme Court Practice* § 4.17 (11th ed. 2019).

Even if Defendants could clear all these hurdles—that is, convincing four Justices to grant cert on a case implicating no genuine circuit splits and concerning run-of-the-mill questions about aiding-and-abetting liability and proximate causation—Defendants have not shown a reasonable likelihood that *five* Justices will agree with them on the merits.  After all, the First Circuit's decision was unanimous.  And it was not a close call.  *See, e.g., Estados Unidos Mexicanos*, 91 F. 4th at 530 ("The allegations here are . . . *remarkably analogous* to the facts in *Direct Sales Co. v. United States*, 319 U.S. 703 (1943).") (emphasis added); *id.* at 535 (unlike in *City of Philadelphia v. Beretta U.S.A. Corp.*, 277 F.3d 415 (3d Cir. 2002), "Mexico expressly alleges that the defendants did know which dealers were making illegal sales.").

###### B.  Defendants Have Not Shown They Will Suffer Irreparable Harm Absent a Stay

Defendants contend that they will suffer irreparable harm from a denial of a stay solely on the basis of having to incur litigation costs.  D. Mem. 10-12.  However, it is well settled that, "[i]n the context of evaluating a request for a stay of proceedings, 'litigation expenses, even a substantial and unrecoupable cost' do not give rise to hardship or inequity requiring a stay in proceedings." *Does 1-6 v. Mills*, No. 1:21-cv-00242-JDL, 2022 WL 43893, at *3 (D. Me. Jan. 4, 2022) (quoting *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2020 WL 3440886, at *4 (D. Mass. June 23, 2020)) (denying stay even without considering § 2101(f) or mandate rule); *Fitzmorris v. Weaver*, No. 21-cv-25-PB, 2024 WL 231883, at *3 (D.N.H. Jan. 22, 2024) ("district courts in this circuit have routinely concluded that litigation expenses alone do not constitute irreparable harm") (collecting cases).

Defendants erroneously contend that this rule does not apply because PLCAA was designed to protect defendants from "litigation that falls within the statute's ambit," and the law has been construed as "providing threshold immunity from suit, rather than merely a defense to ultimate liability."  D. Mem. 11.  Of course, the First Circuit held that the complaint does *not* fall within the statute's ambit.  Moreover, while courts sometimes colloquially describe PLCAA as providing immunity, in fact "[t]he text and purpose of the PLCAA support an interpretation of the statute as a defense to individual claims and not entire suits."  *Doyle v. Combined Sys., Inc.*, No. 3:22-CV-01536-K, 2023 WL 5945857, at *6 (N.D. Tex. Sep. 11, 2023).[8]

---

[8] The statute's congressional findings do not speak in terms of "immunity" but in terms of protection against liability in certain circumstances.  *See* 15 U.S.C. § 7901(a)(5) (lawful firearms businesses "are not, and should not, be *liable* for the harm caused by those who criminally or unlawfully misuse firearm products") (emphasis added); 15 U.S.C. § 7901(a)(6) (referring to "imposing *liability* on an entire industry") (emphasis added); 15 U.S.C. § 7901(a)(7) (referring to "expansion of *liability*") (emphasis added).  Likewise, the stated purposes say nothing about

Contrary to Defendants' suggestion (D. Mem. 11), PLCAA is not akin to the Foreign Sovereign Immunities Act (FSIA), which expressly provides foreign states with "immun[ity] from the jurisdiction of the courts." 28 U.S.C. § 1604.[9]  And a stay would be inappropriate even if PLCAA provided FSIA-like immunity, as demonstrated by the very FSIA case cited by Defendants (D. Mem. 11 n.14), in which the courts *refused* to stay the district court proceedings. *See* Br. for Petitioners, *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170 (2017) (No. 15-423), 2016 WL 8222112, at *13-*14 (Aug. 19, 2016) (noting that both court of appeals and Supreme Court denied motions to stay the mandate and that district court granted significant discovery while cert petition was pending).

Likewise, in cases involving the denial of motions to dismiss on grounds of qualified immunity (which are typically automatically appealable under the collateral order doctrine, unlike PLCAA denials[10]) courts routinely *deny* motions to stay pending a certiorari petition.  *See, e.g., Dalton v. Town of Silver City*, No. CV 17-1143 WJ/GBW, 2021 WL 3403645, at *1 (D.N.M. Aug. 4, 2021) (even assuming it had authority to do so, declining stay notwithstanding "the importance of the protections provided by qualified immunity"); *Cole v. Carson*, 957 F. 3d 484, 485 (5th Cir. 2020) (denying motion to stay district court proceedings or recall mandate

---

affording immunity, but rather refer to "prohibit[ing] [certain] causes of action."  15 U.S.C. § 7901(b)(1).

[9] Beyond the fact that PLCAA does not refer to immunity, the weight of authority is that PLCAA is not jurisdictional.  *See Doyle*, 2023 WL 594587, at *4; *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 127 (2d Cir. 2011); *Soto v. Bushmaster Firearms Int'l, LLC*, No. FBTCV156048103S, 2016 WL 2602550, at *5 (Conn. Super. Ct. Apr. 14, 2016).  *Cf. Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 633 F. Supp. 3d 425, 441-42 (D. Mass. 2022), *rev'd*, 91 F.4th 511 (1st Cir. 2024).

[10] *See, e.g., City of New York v. Beretta U.S.A. Corp.*, 234 F.R.D. 46, 52-53 (E.D.N.Y. 2006) (finding that PLCAA does not provide immediate appeal by right of denial of motion to dismiss and that qualified immunity analogy was inapt because, among other reasons, private parties do not warrant the same immunity benefits as public officials).

while Supreme Court considered police officers' certiorari petition challenging en banc court's

denial of qualified immunity) (en banc); *Studdard*, 2019 WL 13414525, at *2 (denying motion

for stay notwithstanding that qualified immunity provides immunity from suit, not just from

liability); *Myers v. Brewer*, No. 17-2682-CM, 2019 WL 4736946, at *2 (D. Kan. Sep. 27, 2019)

(denying motion to stay ); *Harte*, 2017 WL 4697506, at *4 (noting that "defendants have not

alleged any particularized harm in proceeding to trial at this juncture other than the loss of their

right not to stand trial," which does *not* shield "them from trial until they have exhausted all

available avenues of relief, including the filing and resolution of a certiorari petition").[11]

### C.     Mexico and the Public Interest Will Be Substantially Prejudiced by a Stay

The Court must deny a discretionary stay because a delay in these proceedings would

substantially prejudice Mexico.  This matter has already been stalled for two and half years

pending the resolution of Defendants' motions to dismiss.  Meanwhile, the death and destruction

in Mexico caused by the cartels armed with Defendants' trafficked weapons continues to mount.

*See* Compl. ¶ 437 (estimating that "873,000 guns [are] currently trafficked annually into Mexico

from the U.S.").[12]  Defendants argue that any delay likely would be only four to six months.  But

---

[11] *Miller v. Gammie,* 335 F.3d 889 (9th Cir. 2003), cited by Defendants (Mem. 11-12), simply recognizes that mandamus may be appropriate in a qualified or absolute immunity case when an immunity decision is deferred; it has nothing to do with whether, *after* an appeals court has decided that immunity does not apply, a defendant suffers irreparable harm by the court's failure to grant a stay pending a petition for certiorari.  The three Wisconsin cases cited by Defendants (Mem. 12 n. 15) hardly demonstrate that courts routinely stay proceedings in cases involving routine legal claims. Indeed, two of them do not even involve stays pending cert petitions. *See supra* notes 6 & 7.

[12] Defendants contend that mitigating trafficking "depends, not on what happens to Defendants in this case, but on the efforts of U.S. and Mexican law enforcement, coordinated border security efforts, and diplomacy between the two countries." D. Mem. 13. This ignores the allegations in the complaint that reforming Defendants' distribution practices would prevent or reduce the trafficking of their guns into Mexico and resulting death and destruction. *See, e.g*., Compl. ¶ 12 ("The link between Defendants' design, distribution, and marketing practices and the destruction wrought in Mexico is undeniable.").

even if their optimistic scenario holds, *every day* they are allowed to continue their unlawful, reckless conduct more guns flow across the border, more violence and crime harms Mexico and its people.

Further, as one of the cases cited by Defendants makes clear, Plaintiffs "ha[ve] an obvious interest in proceeding expeditiously." *Microfinancial, Inc.*, 385 F.3d at 78; *see Digital Equipment Corp. v. Currie Enterprises.*, 142 F.R.D. 8, 12 (D. Mass. 1991) ("The plaintiff is entitled to a speedy discovery process."). Accordingly, Defendants are just wrong that a delay of discovery is not an articulable harm to be considered. *See, e.g., Wedgewood Ltd. Partnership I v. Township of Liberty, Ohio*, No. C2-04-1069, 2010 WL 4808529, at *2 (S.D. Ohio Nov. 16, 2020) (denying stay pending certiorari where appeal already postponed matter for two years); *Sanchez v. Hartley*, No. 13-CV-01945-WJM-CBS, 2016 WL 7176718, at *8 (D. Colo. Apr. 26, 2016) (denying a motion to stay discovery pending a petition for writ of certiorari in qualified immunity case given private citizen's interest in a "just, speedy, and inexpensive determination of this action"). "[T]he public's interest in the speedy and just determination of civil proceedings, particularly a civil proceeding presenting issues of great public importance, favors the denial of the . . . stay request." *Does 1-6*, 2022 WL 43893, at *3.[13]

Defendants contend that a stay is in the public interest because a "foreign power" "sandbagged" negotiations with the U.S. by suing a domestic industry "undergirding the constitutional right to keep and bear arms, which is why federal law protects that industry from this kind of litigation." D. Mem. 13. This jingoistic charge is baseless. The First Circuit has

---

[13] *Smithkline Beecham Corp. v. Apotex Corp*., No. CIV.A 00-CV-1393, 2004 WL 1615307 (E.D. Pa. July 16, 2004) (*see* D. Mem. 12), involved complicated patent actions and antitrust counterclaims in two separate district courts, where the court issued a stay pending resolution of appeals in the related action (including a petition for rehearing en banc in the Federal Circuit) because it would greatly simplify the actions, which is hardly analogous to the situation here.

determined that Mexico has plausibly alleged that defendants have *violated* U.S. law, and

PLCAA allows *exactly* this type of suit.  The court should allow Mexico to proceed and prove its

case in a U.S. court of law before a U.S. jury, the epitome of comity between nations.

Finally, the Court should reject Defendants' suggestion that, in the alternative to a full

stay, all proceedings except the pending 12(b)(2) motions should be stayed.  Defendants are

wrong that no jurisdictional discovery is needed. The Government seeks jurisdictional discovery

in the event the Court requires additional evidence documenting the extent to which guns sold in

Massachusetts are trafficked into Mexico. *See, e.g.* Plaintiff's Opposition to Century Arms'

Motion to Dismiss, ECF 100, at 21. "[A] diligent plaintiff who sues an out-of-state corporation

and who makes out a colorable case for the existence of in personam jurisdiction may well be

entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional

defense." *Luxottica Group, S.p.A. v Lee*, 2021 WL 3116171, at *3 (D. Mass. 2021) (quoting

*Sunview Condo. Ass'n v. Flexel Int'l*, 116 F.3d 962, 964 (1st Cir. 1997)).

## CONCLUSION

Defendants cannot sidestep the First Circuit in seeking to stay this case pending their

petition for a writ of certiorari.  In any event, they have failed to demonstrate a likelihood that the

Supreme Court will grant certiorari and reverse the First Circuit, failed to demonstrate

irreparable harm if this litigation progresses in accordance with the First Circuit mandate, and

failed to demonstrate that the balance of the equities favors a stay.

Dated: March 8, 2024

Respectfully submitted,

*/s/ Steve D. Shadowen*
Steve D. Shadowen *(pro hac vice)*
Richard M. Brunell (BBO# 544236)
Nicholas W. Shadowen *(pro hac vice)*
SHADOWEN PLLC
1135 W. 6th Street, Suite 125
Austin, TX 78703
Phone: 855-344-3298
sshadowen@shadowenpllc.com
rbrunell@shadowenpllc.com
nshadowen@shadowenpllc.com

*/s/ Jonathan E. Lowy*
Jonathan E. Lowy *(pro hac vice)*
Global Action on Gun Violence
805 15 Street NW, #601
Washington, DC 20005
Phone: (202) 415-0691
jlowy@actiononguns.org

**CERTIFICATE OF SERVICE**

I, Steve D. Shadowen, hereby certify that this document was filed with the Clerk of the

Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing systems

may access this filing through the Court's CM/ECF system, and notice of this filing will be sent

to these parties by operation of the Court's electronic filing system.

Dated: March 8, 2024                                  Respectfully Submitted,

                                                      */s/ Steve D. Shadowen*
                                                      Steve D. Shadowen