UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ESTADOS UNIDOS MEXICANOS,<br><br>        Plaintiff,<br><br>        v.<br><br>SMITH & WESSON BRANDS, INC.; BARRETT FIREARMS MANUFACTURING, INC.; BERETTA U.S.A. CORP.; CENTURY INTERNATIONAL ARMS, INC.; COLT'S MANUFACTURING COMPANY LLC; GLOCK, INC.; STURM, RUGER & CO., INC.; WITMER PUBLIC SAFETY GROUP, INC. D/B/A INTERSTATE ARMS,<br><br>        Defendants. | Civil Action No. 1:21-cv-11269-FDS |

**<u>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS</u>**

Following remand from the First Circuit, Defendants moved for a stay while they petition the U.S. Supreme Court for a writ of certiorari. ECF No. 195 ("Stay Mem."). The Court heard argument on the stay motion on March 12, 2024. During the hearing, the Court signaled that it may choose between a full stay and a partial stay to consider only pending Rule 12(b)(2) motions; underlying this decision is whether the Court has the authority to enter a full stay.

The answer is yes. District courts retain discretion to manage the pace of their own dockets—including staying proceedings in full—after remand and pending resolution of a certiorari petition. Neither 28 U.S.C. § 2101(f) nor the "mandate rule" displaces district courts' general authority to make the most efficient use of litigant and judicial resources. Section 2101(f) addresses the entirely different question of when appellate courts should defer the legal effect of their rulings, while the mandate rule merely requires district courts to honor those rulings. But neither displaces district courts' discretion to manage their dockets efficiently.

1

I. **DISTRICT COURTS CAN MANAGE THEIR DOCKETS IN THE MANNER DEEMED MOST EFFICIENT IN A GIVEN CASE, INCLUDING ON REMAND**

As a baseline rule, district courts have broad discretion to stay proceedings as part of their overall prerogative "to control the disposition of the causes on [their] docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This authority remains intact unless it is "contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (discussing outer bounds of inherent powers).[1] And that baseline rule continues to apply on remand. No court has held that a routine appellate mandate somehow diminishes trial courts' discretion to manage the timing of their cases going forward. Rather, the default is that district courts retain their authority; when appellate courts order otherwise, they say so expressly.

As defendants have explained, district courts commonly exercise their discretion to stay proceedings pending a petition for certiorari after a remand. Stay Mem. at 6.[2] There is broad discretion to issue a stay even when *other* parties seek certiorari on the same issue in *entirely different cases*. This is often just a matter of sound time management: a "stay of a few months' duration pending resolution . . . of a petition for writ of certiorari" might save significant resources for the court and the parties without any meaningful prejudice, and courts exercise their discretion to grant such stays "routinely." *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1054-55 (S.D. Ill. 2006) (citing *Landis*).

---

[1] *See also e.g.*, *In re Atl. Pipe Corp.*, 304 F.3d 135, 143 (1st Cir. 2002) (discussing courts' "substantial inherent power to manage and control their calendars" and corresponding limiting principles); Fed. R. Civ. P. 83(b) (districts courts can "regulate [their] practice in any manner consistent with federal law").

[2] *See also, e.g.*, *Murguia v. Langdon*, 2023 WL 6308325, at *3 (E.D. Cal. Sept. 28, 2023); *Philipp v. Fed. Republic of Germany*, 436 F. Supp. 3d 61, 70 (D.D.C. 2020); *Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, 2014 WL 2815683, at *2 (N.D. Tex. June 23, 2014); *Smith v. Gallegos*, 2009 WL 5217360, at *2 (D. Kan. Dec. 30, 2009); *Moore v. Haviland*, 607 F. Supp. 2d 867, 869-70 (N.D. Ohio 2009); *NGV Gaming, Ltd. v. Harrah's Operating Co.*, 2008 WL 4951587, at *1 (N.D. Cal. Nov. 18, 2008); *Peaceable Planet, Inc. v. Ty, Inc.*, 2004 WL 1574043, at *2 (N.D. Ill. July 13, 2004). Mexico nitpicks these cases on various grounds, *see* ECF No. 197 ("Mexico Mem.") at 6-8, but all concluded they had authority to stay proceedings pending a certiorari petition.

Courts articulate the standard for a stay in this context in various ways.[3] But semantics aside, the inquiry is essentially: (a) how likely is it that certiorari will be granted and (b) how would the parties be affected by a stay. The decision turns on the kind of practical factors trial courts weigh every day in making decisions about timing. District courts vary in how they articulate and exercise that discretion, but they certainly *retain* it.

## II. 28 U.S.C. § 2101 IS IRRELEVANT TO THE DISTRICT COURT'S DISCRETION TO MANAGE ITS DOCKET

Nothing in 28 U.S.C. § 2101(f) divests courts of this inherent authority. That statute—on its face—establishes only a mechanism for staying an appellate court's mandate; that is, for halting *the legal effect* of an appellate decision before it is implemented by the district court, an issue that could be crucial where, *e.g.*, the appeal involved an injunction. But § 2101(f) says nothing about district courts because staying an appellate mandate is analytically distinct from a district court's power to run its own affairs: § 2101's *grant* of authority to other courts to implement a different type of stay says nothing about *retention* of authority in trial courts to manage dockets. Section 2101(f) expresses no "limitation" on this Court's inherent authority. *Dietz*, 579 U.S. at 45. Courts recognizing this distinction find that § 2101 is no bar to staying a case post-remand and pending Supreme Court review. *See Murguia*, 2023 WL 6308325, at *3 (staying case pending petition for certiorari under inherent authority).

Mexico's cases do not upend this. Some specifically recognize this distinction. *See, e.g.*, *In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982) (*upholding* stay but disagreeing with trial court's reliance on § 2101(f)). Others merely reiterate a trial court cannot stay an appellate court's

---

[3] *Compare United States v. Kenney*, 2008 WL 3285891, at *2 (D. Me. Aug. 5, 2008) (Woodcock, J.) (applying standard used when considering stay pending appeal to circuit level); *with Murguia*, 2023 WL 6308325, at *3 (applying "*Landis*" factors articulated by Supreme Court); *with Harte v. Bd. of Comm'rs of Johnson Cnty.*, 2017 WL 4697506, at *3 (D. Kan. Oct. 19, 2017) (considering "several significant factors" related to equites and chances of Supreme Court review).

3

mandate. *See, e.g.*, *In re Time Warner Cable, Inc.*, 470 F. App'x 389, 390 (5th Cir. 2012). But Defendants did not ask the First Circuit to stay its mandate, and do not ask this Court to do so.

### III. THE "MANDATE RULE" DOES NOT BLOCK THE COURT FROM MANAGING THE PACE OF ITS OWN DOCKET, BUT MERELY REQUIRES FIDELITY TO THE CIRCUIT COURT'S LEGAL RULINGS

All agree that a district court cannot flout a circuit court's mandate on remand. But a three-to-five month stay does none of that. The mandate here says nothing about timing on remand, ECF No. 159, while the judgment merely says, "the matter is remanded to the district court for further proceedings consistent with the opinion," ECF No. 179. The First Circuit knows how to change the routine language in these documents if it wants to. Nothing in them limits this Court's discretion, short of dismissing this case again or staying it in perpetuity.

No case cited by Mexico demands a different result. In *In re A.F. Moore & Assocs., Inc.*, 974 F.3d 836 (7th Cir. 2020), the Seventh Circuit held that parallel state tax proceedings that had been dragging on for a decade were deficient, and ordered the district court to take up the plaintiffs' constitutional claims to ensure the "speedy and efficient remedy" to which they were entitled by statute. *Id.* at 838 (quoting 28 U.S.C. § 1341). The County unsuccessfully sought rehearing from the Seventh Circuit and then, two months later, belatedly tried for a stay by asking the Seventh Circuit to recall the mandate it had just issued and also asking the trial court for a stay on the same day. *Id.* The Seventh Circuit refused, but the district court granted the stay, thus creating even more delay and flouting the appellate court's order for a "speedy" remedy. *Id.* at 840. Invoking the "mandate rule," the Seventh Circuit granted mandamus and faulted the district court for effectively "grant[ing] the stay that we had already denied." *Id.* at 842.

This case is nothing like that one. First, the key piece of *A.F. Moore* is that the grant of a stay in the trial court directly undermined the Seventh Circuit's ruling that the plaintiffs were

4

entitled to a "speedy and efficient remedy" on remand after they "had already spent a decade trying to litigate these claims in state court." *Id.* at 840. The trial court's grant of a stay imposing *yet more* delay clashed with the specific relief ordered in the panel's prior ruling. Second, the unusual timing in *A.F. Moore* made clear that the trial court effectively granted the same relief the appellate court had just denied. *See id.* at 840-42. The County sought a recall of the mandate and a trial-court stay on the "same day," thus "implicitly acknowledg[ing] the nature of the relief [it] sought—a stay of the mandate, not an ordinary stay of district court proceedings." *Id.* at 841. Since the mandate specifically contemplated "speedy" action on remand, imposing a stay in the trial court was no different than staying the appellate mandate. And since the Seventh Circuit *refused* a stay of the mandate, the trial court could not *grant* it.

While rare cases like *A.F. Moore* exist, where the Court of Appeals has made clear that time is of the essence and so a trial-court stay would undermine the appellate mandate, this is not one of those cases. Moreover, granting a stay here would not materially prejudice Mexico in any way: waiting three to five months to find out if the Supreme Court grants review will harm no one. But it could save substantial amount of time and resources for the parties if certiorari is granted, which is unusually likely here for the reasons Defendants explained in their stay motion. The First Circuit's issuance of a routine mandate does not suddenly preclude the Court from considering these realities. A contrary rule makes no sense, which is why other district courts have rejected it.[4]

---

[4] *See e.g.*, *Waithaka v. Amazon.com, Inc.*, 2020 WL 7028945, at *3 (W.D. Wash. Nov. 30, 2020); *Citibank, N.A. v. Stok & Assocs., P.A.*, 2010 WL 11553382, at *1 n.1 (S.D. Fla. Dec. 15, 2010); *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, 2018 WL 2020543, at *2 (D. Kan. May 1, 2018); *Harte*, 2017 WL 4697506, at *3; *Fletcher v. Losh*, 2019 WL 4453703, at *2-3 (D. Idaho Sept. 17, 2019).

## CONCLUSION

The Court should stay these proceedings pending the Supreme Court's resolution of Defendants' certiorari petition or, in the alternative, stay all proceedings except consideration, on the papers, of motions to dismiss pending under Rule 12(b)(2).

Respectfully submitted,

Date: March 19, 2024

| Defendant | Defendant |
|---|---|
| Smith & Wesson Brands, Inc., <br> By its attorneys, | Glock, Inc., <br> By its attorneys, |
|     /s/ *Andrew E. Lelling* <br> Andrew E. Lelling (BBO No. 631859) <br> alelling@jonesday.com <br> 100 High Street <br> JONES DAY <br> Boston, MA 02110-1781 <br> Phone: (617) 449-6856 <br> Fax: (617) 449-6999 <br><br> and <br><br> Noel J. Francisco (admitted PHV) <br> njfrancisco@jonesday.com <br> Anthony J. Dick (admitted PHV) <br> ajdick@jonesday.com <br> JONES DAY <br> 51 Louisiana Avenue, N.W. <br> Washington, D.C. 20001 <br> Phone: (202) 879-3939 <br> Fax: (202) 626-1700 |     /s/ *Peter M. Durney* <br> Peter M. Durney (BBO No. 139260) <br> pdurney@smithduggan.com <br> Patricia A. Hartnett (BBO No. 568206) <br> phartnett@smithduggan.com <br> SMITH DUGGAN <br> 101 Arch. Street, Suite 1100 <br> Boston, MA 02110 <br> Phone: (617) 482-8100 <br> Fax: (617) 482-3917 <br><br> and <br><br> John F. Renzulli (admitted PHV) <br> Christopher Renzulli (admitted PHV) <br> Jeffrey Malsch (admitted PHV) <br> RENZULLI LAW FIRM LLP <br> One North Broadway, Suite 1005 <br> White Plains, NY 10601 <br> Phone: (914) 285-0700 <br> Fax: (914) 285-1213 |

| Defendant | Defendant |
|---|---|
| Barrett Firearms Manufacturing, Inc., By its attorneys, | Beretta U.S.A. Corp., By its attorneys, |

<table>
<tr><td>

    */s/ James W. Porter*  
James W. Porter (admitted PHV)  
jwporterii@pphlaw.net  
Warren Kinney (admitted PHV)  
wkinney@pphlaw.net  
PORTER PORTER & HASSINGER, P.C.  
880 Montclair Road  
Suite 175  
Birmingham, Alabama 35213  
Phone: (205) 322-1744  

and  

James M. Campbell (BBO No. 541882)  
jmcampbell@Campbell-trial-lawyers.com  
Trevor J. Keenan (BBO No. 652508)  
keenan@Campbell-trial-lawyers.com  
CAMPBELL CONROY & O'NEIL, P.C.  
1 Constitution Wharf, Suite 310  
Boston, MA 02129

</td><td>

    */s/ Mark D. Sheridan*  
Mark D. Sheridan (admitted PHV)  
mark.sheridan@squirepb.com  
SQUIRE PATTON BOGGS (US) LLP  
382 Springfield Avenue  
Suite 300  
Summit, NJ 07901  
Phone: (973) 848-5600  
Fax: (973) 848-5601  

and  

Daniel C. Harkins (admitted PHV)  
daniel.harkins@squirepb.com  
SQUIRE PATTON BOGGS (US) LLP  
1211 Avenue of the Americas, 26th Floor  
New York, NY 10036  
Phone: (212) 872-9800  
Fax: (212) 872-9815  

and  

Michael T. Mullaly (B.B.O. # 672908)  
michael.mullaly@squirepb.com  
SQUIRE PATTON BOGGS (US) LLP  
2000 Huntington Center  
41 South High Street  
Columbus, OH 43215  
Phone: (614) 365-2700  
Fax: (614) 365-2499

</td></tr>
</table>

Defendant

Sturm, Ruger & Co., Inc.,
By its attorneys,

    */s/ Jonathan Handler*
Jonathan I. Handler (BBO No. 561475)
jihandler@daypitney.com
Keith H. Bensten (BBO No. 568780)
kbensten@daypitney.com
DAY PITNEY LLP
One Federal Street, 29th Floor
Boston, MA 02110
Phone: (617) 345-4600
Fax: (617) 345-4745

and

James Vogts (admitted PHV)
jvogts@smbtrials.com
SWANSON, MARTIN & BELL LLP
330 N. Wabash Suite 3300
Chicago, IL 60611
Phone: (312) 222-8517
Cell: (630) 258-3987

Defendant

Colt's Manufacturing Company LLC,
By its attorneys,

    */s/ Mike Rice*
Mike Rice (admitted PHV)
mikerice@hlawllc.com
Harrison Law LLC
141 West Jackson Boulevard
Suite 2055
Chicago, IL 60604
Phone: (312) 638-8776

and

John G. O'Neill (BBO No. 630272)
john.oneill@mgclaw.com
MCANGUS, GOUDELOCK & COURIE LLC
53 State Street, Suite 1305
Boston, MA 02109
(617) 830-7424

Defendant

Witmer Public Safety Group, Inc.,
By its attorneys,

    */s/ S. Jan Hueber*
S. Jan Hueber (admitted PHV)
hueber@litchfieldcavo.com
LITCHFIELD CAVO LLP
100 Throckmorton St., Ste. 500
Fort Worth, Texas 76102
Phone: (817) 945-8025

and

Nora R. Adukonis (BBO No. 675932)
adukonis@litchfieldcavo.com
LITCHFIELD CAVO LLP

Defendant

Century International Arms, Inc.,
By its attorneys,

    */s/ Joseph Yannetti*
Joseph G. Yannetti (BBO No. 669008)
jyannetti@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street, Boston, MA 02210
Phone: (617) 439-7585

and

Anthony Pisciotti (admitted PHV))
apisciotti@pisciotti.com
Danny Lallis (admitted PHV)
dlallis@pisciotti.com

8

6 Kimball Lane, Suite 200  
Lynnfield, MA  01940-2682  
Phone: (781) 309-1500

Ryan Erdreich (admitted PHV)  
rerdreich@pisciotti.com  
PISCIOTTI LALLIS ERDREICH  
30 Columbia Turnpike, Suite 205  
Florham Park, NJ 07932  
Phone: (973) 245-8100

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 19, 2024, the foregoing document was served upon all counsel of record through this Court's electronic filing system as identified in the Notice of Electronic Filing, and paper copies will be sent to those indicated as nonregistered participants.

                                                    */s/ Jenna L. LaPointe*
                                        Jenna L. LaPointe (BBO No. 699045)
                                        jlapointe@jonesday.com
                                        100 High Street
                                        JONES DAY
                                        Boston, MA  02110-1781
                                        Phone: (617) 449-6910
                                        Fax: (617) 449-6999