UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ESTADOS UNIDOS MEXICANOS,
    *Plaintiff,*

*vs.*

SMITH & WESSON BRANDS, INC., et al.,
    *Defendants*

Civil Action No. 1:21-cv-11269-FDS

# PLAINTIFF'S SURREPLY IN OPPOSITION TO
# DEFENDANTS' MOTION TO STAY PROCEEDINGS

1. Defendants maintain that 28 U.S.C. § 2101(f) "expresses no 'limitation' on this Court's inherent authority" to stay its own proceedings, which is "analytically distinct" from "§ 2101(f)'s *grant* of authority to other courts to implement a different type of stay." D. Reply 3 (emphasis in original).[1] However, "the great weight of recent, reasoned authority" rejects this argument. *United States v. Lentz*, 352 F. Supp. 2d 718, 726 (E.D. Va. 2005). As one court has explained:

> With respect to this Court's jurisdiction, 28 U.S.C. § 2101(f) does not expressly divest jurisdiction from a district court to grant a stay pending certiorari; however, the statute has been interpreted by many courts as only authorizing the circuit court issuing the mandate or the Supreme Court to issue such a stay.

*Empire Health Found. for Valley Hosp. Med. Ctr. v. Azar*, No. 2:16-cv-209-RMP, 2020 WL 10731242, at *2 (E.D. Wash. Dec. 16, 2020). Cases to the contrary are the outliers. *Id.* (referring to Defendants' case, *Waithaka v. Amazon.com, Inc.*, No. C19-01320-RSM, 2020 WL 7028945 (W.D. Wash. Nov. 30, 2020), as an "outlier," and explaining "Section 2101(f) only authorizes the Ninth Circuit or a justice of the Supreme Court to issue the requested stay and 'virtually every court to have considered this question has reached the same conclusion.'") (quoting *Whitehead v. Frawner*, No. CV 17-275 MV/KK, 2019 WL 4016334, at *1 (D.N.M. Aug. 26, 2019) (collecting cases)).[2]

---

[1] There is no requirement, and Defendants cite none, that a statutory limitation on the district court's inherent authority must be express. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("implicit limitation" would suffice); *cf. Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 81 (2002) (*expressio unius est exclusio alterius* supports "inference that the term left out must have been meant to be excluded"). "[T]he Supreme Court long ago warned that inherent power 'ought to be exercised with great caution.'" *In re Petition for Order Directing Release of Records*, 27 F. 4th 84, 89 (1st Cir. 2022) (quoting *Ex parte Burr*, 22 U.S. 529, 531 (1824)); *see Degen v. U.S.*, 517 U.S. 820, 823 (1996) ("Principles of deference counsel restraint in resorting to inherent power.").

[2] Defendants' other new cases are easily distinguishable. Most do not address whether § 2101(f) and/or the mandate rule limit a district court's authority to stay its proceedings. *E.g., Walker v.*

Defendants cannot avoid the import of § 2101(f) by simplistically saying they are not asking this Court to stay the First Circuit's mandate or judgment. D. Reply 4. *Effectively*, that is exactly what they are requesting.[3]  And that is why most courts hold that "[t]he proper avenue to this relief is not a motion to stay filed in the district court, but rather a request for this relief in the Court of Appeals or Supreme Court." *Snowden v. Henning*, No. 19-cv-01322-JPG, 2024 WL 128735, at *2 (S.D. Ill. Jan. 11, 2024) (denying motion to stay district court proceedings).

2.  Defendants also erroneously argue that a stay would be consistent with the mandate or judgment because "remand[ing] . . . for further proceedings consistent with the opinion" is "routine language" and says "nothing about timing on remand." D. Reply 4.  This ignores both the spirit of the mandate and the substance of the First Circuit's opinion, which declined to dismiss the complaint alleging continuing and massive harm caused by Defendants' conduct. *See Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1483 (Fed. Cir. 1998) ("[T]he nature of the district court's remaining tasks is discerned not simply from the language

---

*Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053 (S.D. Ill. 2006); *Fletcher v. Losh*, No. 1:15-CV-00029-REB, 2019 WL 4453703 (D. Idaho Sept. 17, 2019) (*denying* motion to stay in qualified immunity case); *Murguia v. Langdon*, No. 1:19-cv-00942-ADA-BAM, 2023 WL 6308325 (E.D. Cal. Sep. 28, 2023) (authority not contested).  *Citibank, N.A. v. Stok & Assocs., P.A.*, No. 09-20770-MC, 2010 WL 11553382, at *1 & n. 1 (S.D. Fla. Dec. 15, 2010), involved an apparent "stay" of only 3 weeks and the absence of rebutting case law.  In *Harte v. Bd. of Comm'rs of the Cnty. of Johnson Cnty., Kansas*, No. 13-2586-JWL, 2017 WL 4697506 (D. Kan. Oct. 19, 2017), the court *denied* defendants' request for a stay and refused to delay the scheduled trial while defendants sought certiorari petition on the denial of their qualified-immunity defense.

[3] *See, e.g., Empire Health Found.*, 2020 WL 10731242, at *2 ("Although the Secretary's request is only for a stay of briefing, it is effectively a request 'to stay an appellate mandate or enforcement of a judgment'" (quoting 28 U.S.C. § 2101(f))); *Whitehead*, 2019 WL 4016334, at *2 (rejecting argument that § 2101(f) does not apply because plaintiff "seeks to stay an order of this Court rather than of the" court of appeals); *Hamer v. City of Trinidad*, No. 16-CV-02545-NYW, 2019 WL 12070292, at *2 (D. Colo. Aug. 14, 2019) ("*In effect*, the defendant wants this court to stay the Tenth Circuit's mandate.") (quoting *Brinkman v. Dep't of Corr. of State of Kan.*, 857 F. Supp. 775, 777 (D. Kan. 1994)) (emphasis added); *Merchant v. Fairfax Cty., Virginia*, No. 1:10CV376, 2012 WL 12830388 (E.D. Va. Sept. 18, 2012) (treating request for stay of trial as equivalent to stay of mandate; *see also* P. Mem. 4 n.4 (citing other similar cases).

of the judgment, but from the judgment in combination with the accompanying opinion."). And the argument is contrary to the case law.

The cases finding a stay pending certiorari to violate the mandate rule are neither "rare" nor require that "the Court of Appeals has made clear that time is of the essence." *Contra* D. Reply 5. In *In re A.F. Moore & Assocs., Inc.*, 974 F. 3d 836 (7th Cir. 2020), the Seventh Circuit went to the extraordinary length of granting mandamus reversing the district court's stay (likely to last only "a few months") where the "mandate did not obligate the court to rush to final judgment"; rather, the Court of Appeals merely "*presupposed that further proceeding would be had at an ordinary pace*." *A.F. Moore*, 974 F. 3d at 841-42 (emphasis added).[4] Significantly, the Seventh Circuit relied on the "fraught" position of the district court weighing the likelihood not only that the Supreme Court would grant certiorari, but that the court of appeals would be reversed (and the district court vindicated), noting that "[d]istrict courts have routinely refused invitations to engage in this sort of stay calculation for just that reason." *Id.* at 841 (citing cases).[5] Defendants have nothing to say about this widely accepted, powerful rationale for concluding that § 2101(f) and/or the mandate rule limit the Court's authority to halt all proceedings pending certiorari.

---

[4] Other cases have found that a stay would violate the mandate where the judgment simply "reverse[d]" dismissal of the complaint, *Snowden*, 2024 WL 128735, at *2, "affirm[ed]" denial of qualified immunity, *Merchant*, 2012 WL 12830388, at *1, "remanded the case for further consideration of certain issues," *Jones v. Singing River Health Sys.*, No. 1:14CV447-LG-RHW, 2017 WL 4099500, at *1 (S.D. Miss. Sep. 15, 2017), ordered resentencing, *U.S. v. Foster*, No. 2:09CR00017, 2012 WL 1259166, at *1 (W.D. Va. Apr. 16, 2012), or remanded for the determination of damages, *Mister v. Ill. Cent. Gulf R. Co.*, 680 F. Supp. 297, 298 (S.D. Ill. 1988). In none of these cases did the appeals court suggest that time was of the essence.

[5] *See also* P. Mem. 4 (in first full paragraph, citing cases to same effect). To be sure, in *A.F. Moore*, the Seventh Circuit had previously denied the County's motion to stay (or recall) the mandate. But that was merely "an additional factor [which] dispelled any doubt about whether the district court could go down this road." 974 F.3d at 841. Defendants cannot avoid this almost-certain result by bypassing the First Circuit in the first instance.

3

Dated: March 22, 2024                    Respectfully submitted,

*/s/ Steve D. Shadowen*
Steve D. Shadowen *(pro hac vice)*
Richard M. Brunell (BBO# 544236)
Nicholas W. Shadowen *(pro hac vice)*
SHADOWEN PLLC
1135 W. 6th Street, Suite 125
Austin, TX 78703
Phone: 855-344-3298
sshadowen@shadowenpllc.com
rbrunell@shadowenpllc.com
nshadowen@shadowenpllc.com

*/s/ Jonathan E. Lowy*
Jonathan E. Lowy *(pro hac vice)*
Global Action on Gun Violence
805 15 Street NW, #601
Washington, DC 20005
Phone: (202) 415-0691
jlowy@actiononguns.org

## CERTIFICATE OF SERVICE

      I, Steve D. Shadowen, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing systems may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filing system.

Dated: March 22, 2024	Respectfully Submitted,

                                                      */s/ Steve D. Shadowen*
                                                      Steve D. Shadowen