UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ESTADOS UNIDOS MEXICANOS, )<br>)<br>Plaintiff, )<br>) Civil Action No.<br>v. ) 21-11269-FDS<br>)<br>SMITH & WESSON BRANDS, INC., et al., )<br>)<br>Defendants. )<br>) | |

# MEMORANDUM AND ORDER ON
# DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS

**SAYLOR, C.J.**

This lawsuit involves claims against seven firearms manufacturers and one wholesaler alleging the illegal trafficking of guns into Mexico. The plaintiff is the government of Mexico. A threshold issue in the case is the application of the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. §§ 7901-03 *et seq.*—a statute that shields the firearm industry from certain types of civil liability.

On September 30, 2022, this Court granted defendants' motions to dismiss the complaint, principally on the ground that the PLCAA barred Mexico's claims. On appeal, the First Circuit reversed that decision, holding that the complaint plausibly alleges a claim that is not barred by the PLCAA, and thus dismissal based on the statute was in error. *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 91 F.4th 511, 526-32, 538 (1st Cir. 2024). On February 14, 2024, the First Circuit issued the mandate returning jurisdiction to this court.

Defendants have moved to stay further proceedings pending the disposition of a petition for *certiorari* in the U.S. Supreme Court. For the following reasons, that motion will be denied.

I.      **Analysis**

In general, applications for a stay pending a writ of *certiorari* are governed by 28 U.S.C. § 2101(f). As relevant here, that statute reads as follows:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court[.]

28 U.S.C. § 2101(f). The statute thus allows for a party seeking a writ of *certiorari* to obtain a stay either from the circuit court from which they are appealing or directly from the Supreme Court itself.[1] In addition, Fed. R. App. P. 41(d) permits a party to move for a stay of the appellate court's issuance of the mandate after judgment has entered.[2]

It is true that the district court has certain inherent powers, including "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). Nonetheless, "the mandate rule requires that the trial court conform with the directions of the appellate court on remand." *United States v. Dávila-Félix*, 763 F.3d 105, 109 (1st Cir. 2014). That rule ensures the orderly function of the appellate process, because it does not leave a district court free to operate based on a disagreement with its supervising court. Put another way, a recently reversed district court may not effectively disobey the edict of a Court of Appeals because it determines that the Supreme Court would likely agree with its original view. *See*

---

[1] An application for a stay to the Supreme Court must be made to the justice assigned to supervise the circuit court in question, who may then either refer the application to the full court, if they are in session, or act on it directly during the summer recess. *See* U.S. S. Ct. Rs. 22 and 23.

[2] Defendants here had the opportunity to request a stay in the First Circuit after it entered judgment, but elected not to do so.

*In re A.F. Moore & Assocs.*, 974 F.3d 836, 840 (7th Cir. 2020) ("The [district] court may believe and even express its belief that our reasoning was flawed, yet it must execute our mandate nevertheless."); *Studiengesellschaft Kohle, mbH v. Novamont Corp.*, 578 F. Supp. 78, 79 (S.D.N.Y. 1983) ("It is not an appropriate function for this court to pass on the likelihood that the ruling of a higher court will be accepted for review by the Supreme Court.").

In *A.F. Moore v. Pappas*, the Seventh Circuit reversed a district court's grant of a defendant's motion to dismiss on the ground that it lacked jurisdiction under the Tax Injunction Act. 948 F.3d 889, 896 (7th Cir. 2020). The defendants requested a stay of the mandate from that court, which was denied. *In re A.F. Moore & Assocs.*, 974 F.3d at 838. On remand, however, the district court granted defendants' request to stay further proceedings while they petitioned for a writ of *certiorari*. *Id.* The Seventh Circuit issued a writ of mandamus vacating the stay, concluding that the district court had violated the mandate rule by declining to proceed in the case based on the defendants' future petition. *Id.* In particular, it rejected the justification that the district court had only exercised its inherent power to control its own docket, and had not sought to stay the circuit court's mandate, because the stay violated "the clear spirit" of the reversal. *Id.* at 841.

Defendants' requested relief is essentially identical to that rejected by the Seventh Circuit—namely, that this court use its broad discretion to countermand the appellate court's mandate. Such relief would undermine the proper functioning of the courts, as well as circumvent the provisions of 28 U.S.C. § 2101 and Fed. R. App. P. 41(d). The proper avenue for the requested relief is not to seek a stay from this Court, but rather filing a request to the First Circuit to recall its mandate, or a petition for a stay in the Supreme Court itself. Accordingly, the motion will be denied.

## II.     Conclusion

For the foregoing reasons, defendants' Motion to Stay Proceedings Pending Review of Petition for Writ of Certiorari is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV

Dated: April 5, 2024                        Chief Judge, United States District Court