# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

ESTADOS UNIDOS MEXICANOS,

*Plaintiff,*

v.

SMITH & WESSON BRANDS, INC., et al.,

*Defendants.*

Civil Action No.
1:21-cv-11269-FDS

## PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)

Since this Court has determined that it lacks personal jurisdiction over six of the eight named defendants, final judgment should be entered against these six defendants under Fed. R. Civ. P. 54(b). The requirements of Fed. R. Civ. P. 54(b) are satisfied and there is no "just reason for delay" in entering judgment.

### Procedural Background

The government of Mexico ("Mexico" or the "Government") filed this case on August 4, 2021, naming as defendants seven firearms manufacturers and one wholesaler. ECF No. 1. The complaint alleges that defendants unlawfully participated in firearms trafficking to cartels in Mexico.

In November 2021, all defendants filed motions to dismiss on multiple grounds. ECF Nos. 56, 58, 60, 62, 64, 66, 69, 70, 73. Six of the defendants—Strum, Ruger & Company; Barrett Firearms Manufacturing, Inc.; Glock Inc. Colt's Manufacturing Company LLC; Century International Arms, Inc.; and Beretta U.S.A. Corp.—raised lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). ECF Nos. 56, 58, 62, 64, 70, 73.

On September 22, 2022, the Court dismissed the claims against all defendants under Fed. R. Civ. P. 12(b)(6), finding that the Government's claims were barred by the application of the Protection of Lawful

Commerce in Arms Act ("PLCAA"), 15 U.S.C. § 7901-03 et seq. ECF Nos. 163-171. In those same orders, the motions of the six defendants asserting lack of personal jurisdiction were denied as moot. ECF No. 163-171.

Following entry of final judgment based on the ruling under Fed. R. Civ. P. 12(b)(6), the Government appealed. ECF No. 175. On January 22, 2024, the First Circuit issued its decision reversing this Court's dismissal of the case, and remanding "for further proceedings consistent with this opinion." *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 91 F.4th 511 (1st Cir. 2024).

On April 5, 2024, the Court issued an order deeming the motions to dismiss for lack of personal jurisdiction to be renewed. ECF No. 206.

On April 18, 2024, all defendants petitioned the United States Supreme Court for a writ of certiorari. The Supreme Court issued an order granting that petition on October 4, 2024.

On August 7, 2024, while the petition for certiorari remained pending, this Court issued a decision on the renewed motions for dismissal based on personal jurisdiction, finding that the Court lacked personal jurisdiction over any of the six defendants who had moved to dismiss on this ground. ECF No. 220.

## Argument

### I.    Legal Standard

Rule 54(b) of the Federal Rules of Civil Procedure provides as follows:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

"[A] district court entering a Rule 54(b) judgment must go through two steps: it must determine that it is dealing with a final judgment . . . and it must determine whether there is any just reason for delay."

*Boston Prop. Exch. Transf. Co. v. Iantosca*, 720 F.3d 1, 7 (1st Cir. 2013) (internal quotation marks omitted) (citing and quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).

In assessing whether a decision is a "final judgment", the Supreme Court has instructed district courts to look at whether there is a "judgment" "in the sense that it is a decision upon a cognizable claim for relief," and whether it is "final" "in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp.*, 446 U.S. at 7 (internal quotation marks omitted) (citing and quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

In deciding whether there are no just reasons to delay, "a district court must take into account judicial administrative interests as well as the equities involved." *Id.* at 8. In addition, the First Circuit has cited with approval the list of factors set out in *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360 (3d Cir. 1975) for assessing whether Rule 54(b)'s requirement of "no just reason for delay" has been met. *See Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 & n.3 (1st Cir. 1988).

In *Allis Chalmers*, the Third Circuit identified the following factors as relevant to a determination of "no just reason for delay": (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." 521 F.2d at 364 (footnotes omitted).

## II. THE AUGUST 7TH ORDER IS A FINAL JUDGMENT

Here, the ruling at issue is an order dismissing six out of eight defendants for lack of personal jurisdiction. ECF No. 220.

A ruling that dismisses all claims against a particular defendant for lack of personal jurisdiction

"clearly disposes of all the rights and liabilities of at least one party as to at least one claim and so satisfies Rule 54(b)'s finality requirement." *Fed. Home Loan Bank of Boston v. Moody's Corp.*, 821 F.3d 102, 107 & n.3 (1st Cir. 2016) (citing and quoting *State St. Bank & Trust Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1489 (1st Cir. 1996)), *abrogated on other grounds by Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82 (2017).

Other courts have observed the "virtual unanimity" with which district courts grant Rule 54(b) certification after dismissing a party for lack of personal jurisdiction. *Animale Group, Inc. v. Sunny's Perfume, Inc.*, 2007 WL 2010476 (S.D. Tex. 2007) (collecting cases); *see also Hinkle v. Continental Motors, Inc.*, 2018 WL 10096593, *2 (M.D. Fla. Jan. 8, 2018) (collecting cases).

**III. THERE IS NO JUST REASON TO DELAY**

Judicial administrative interests and the balancing of the equities weigh in favor of entering final judgment.

As the First Circuit has observed in the context of assessing a grant of final judgment under Rule 54(b), "judicial economy weighs in favor of prompt resolution of . . . jurisdictional issues . . . so that the parties can potentially proceed to the merits in an appropriate venue." *Fed. Home Loan*, 821 F.3d at 107 & n.3.

In addition, the fact that a dismissal on lack of personal jurisdiction is a wholly separate and independent ground from dismissal based on the PLCAA weighs in favor of entering judgment now. *See Nat'l Gypsum Co. v. Continental Brands Corp.*, 895 F. Supp. 328, 344 (D. Mass. 1995) (applying the *Allis-Chalmers* factors and finding no just reason for delay "since the claims were dismissed for lack of personal jurisdiction, an issue which is not present in any of the remaining claims").

Balancing the equities produces the same result: there is no just reason for delay in entering judgment. "[W]here some, but not all, defendants are dismissed for lack of personal jurisdiction and the jurisdictional questions are independent of the merits of the underlying claims, courts have routinely found no just reason for delay of entering final judgment in favor of those dismissed defendants." *Hinkle,* 2018 WL

10096593, *2 (collecting cases from the 9th Circuit, the Central District of California, the Eastern District of Pennsylvania and the Southern District of New York, as affirmed by the Second Circuit).

Nor do the implications of the Supreme Court's grant of certiorari change this conclusion. If this Court declined to enter final judgment as to the dismissed defendants, and the Supreme Court were to affirm the First Circuit's decision, the Government would have to try the entire case against the remaining two defendants, without an appellate determination as to who are the proper parties to the suit. On the other hand, if the Supreme Court were to reverse the First Circuit and order a dismissal of the case on the merits, the six defendants over whom this Court has no jurisdiction could not benefit from that ruling, whether or not there is a final judgment entered under Rule 54(b). *See generally Ruhrgas v. Marathon Oil Co*., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication.") (cleaned up).

Under the particular circumstances of this case, there is no just reason for delay, and proceeding to enter judgment under Rule 54(b) is proper as to the six defendants who have been dismissed for lack of personal jurisdiction.

## CONCLUSION

The Government respectfully requests that the Court grant this Motion for Rule 54(b) Certification of Final Judgment.

Dated: October 15, 2024

Respectfully submitted,

/s/ Steve D. Shadowen
Steve D. Shadowen (*pro hac vice*)
Richard M. Brunell, BBO# 544236
Tina J. Miranda (*pro hac vice*)
Nicholas W. Shadowen (*pro hac vice*)
SHADOWEN PLLC

1717 W. 6th Street, Suite 290
Austin, TX 78703
Phone: 855-344-3298
sshadowen@shadowenpllc.com
rbrunell@shadowenpllc.com
tmiranda@shadowenpllc.com
nshadowen@shadowenpllc.com

/s/ Jonathan E. Lowy
Jonathan E. Lowy (*pro hac vice*)
Yaacov (Jake) Meiseles (*pro hac vice*)
Global Action on Gun Violence
805 15th Street NW
#601
Washington, DC 20005
Phone: (202) 415-0691
jlowy@actiononguns.org
jmeiseles@actiononguns.org

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.1(a)(2), I, Steve Shadowen, hereby certify that from September 4, 2024 through October 11, 2024, I conferred with counsel for Defendants over email, attempting to reach agreement on a proposed stipulation to be presented to the Court for entry of judgment against those defendants that are subject to the Court's August 7, 2024 order (ECF No. 220) under Fed. R. Civ. P. 54(b). On October 11, 2024, I received an email from counsel for those defendants declining to agree to the proposed stipulation and stating that their clients would instead be seeking to stay further proceedings as to those defendants.

Dated: October 15, 2024

/s/ Steve D. Shadowen
Steve D. Shadowen
Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, Steve D. Shadowen, hereby certify that this document was filed with the Clerk of the Court via CM/ECF. Those attorneys who are registered with the Court's electronic filing systems may access this filing through the Court's CM/ECF system, and notice of this filing will be sent to these parties by operation of the Court's electronic filings system.

Dated: October 15, 2024                                /s/ Steve D. Shadowen
                                                       Steve D. Shadowen
                                                       Admitted *Pro Hac Vice*