IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ESTADOS UNIDOS MEXICANOS,<br><br>*Plaintiff,*<br><br>v.<br><br>SMITH & WESSON BRANDS, INC., et al.,<br><br>*Defendants.* | Civil Action No.<br>1:21-cv-11269 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF DISMISSING THE DEFENDANTS OVER WHOM THIS COURT LACKS PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(b)(2)**

Plaintiff Estados Unidos Mexicanos submits this memorandum at the Court's request to explain why the dismissal of claims against Defendants Sturm, Ruger & Company; Barrett Firearms Manufacturing, Inc.; Glock Inc.; Colt's Manufacturing Company LLC; Century International Arms, Inc.; and Beretta U.S.A. Corp. should be without prejudice for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and not with prejudice for failure to state a claim under Rule 12(b)(6).

**I.   BACKGROUND**

On August 7, 2024, while Defendants' petition for a writ of certiorari was pending before the Supreme Court, this Court granted motions to dismiss, for lack of personal jurisdiction under Rule 12(b)(2), as to Defendants Sturm, Ruger & Company; Barrett Firearms Manufacturing, Inc.; Glock Inc.; Colt's Manufacturing Company LLC; Century International Arms, Inc.; and Beretta U.S.A. Corp. (collectively: the non-Massachusetts Defendants). *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, No. 21-11269-FDS, 2024 U.S. Dist. LEXIS 140194 (D. Mass. Aug. 7, 2024).

Plaintiff then moved for entry of final judgment against the non-Massachusetts Defendants. *See* ECF 225. The Court then stayed the case. *See* ECF 228. In the parties' Supreme Court briefs, both Defendants and Plaintiffs acknowledged that the non-Massachusetts Defendants had been dismissed for lack of personal jurisdiction. *See* Brief for Petitioner at 12; Brief for Respondent at 8 n.2, *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos,* 145 S. Ct. 1556 (2025) (No. 23-1141).

About ten months after this Court held that it lacked personal jurisdiction over the non-Massachusetts Defendants, on June 5, 2025, the Supreme Court held that the allegations in Plaintiff's complaint did not sufficiently allege aiding and abetting liability to satisfy the predicate exception in the Protection of Lawful Commerce in Arms Act, 15 U.S.C. §§ 7901-7903 (2005). *See Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 145 S. Ct. 1556 (2025).

## II. SUPREME COURT AND FIRST CIRCUIT CASE LAW ESTABLISH THAT COURTS SHOULD NOT REACH THE MERITS WHEN THEY LACK PERSONAL JURISDICTION

The Supreme Court has dictated that "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over . . . the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). This is because "[p]ersonal jurisdiction is an essential element of the jurisdiction of a district court without which the court is powerless to proceed to an adjudication." *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (cleaned up); *see also Sikhs v. Badal*, 736 F.3d 743, 751 (7th Cir. 2013) (Posner, J.) ("For without personal jurisdiction, a court has no authority to adjudicate a case on the merits."). Indeed, it is a "cardinal principle that the district court is powerless to proceed in the absence of personal jurisdiction." *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, No. 15-cv-13488-FDS, 2016 U.S. Dist. LEXIS 97401, at *26 (D. Mass. July 26, 2016) (citation omitted) (Saylor, J.).

When trial courts have—like in this case—dismissed claims for both personal jurisdiction and on the merits, the First Circuit has reversed the merits dismissal, since the court can go no further

if it has no personal jurisdiction. In *Rodriguez-Rivera v. Allscripts Healthcare Sols., Inc.*, 43 F.4th 150 (1st Cir. 2022), for example, the district court held that (1) it lacked personal jurisdiction over the defendants; (2) the dispute had to be arbitrated; and (3) the complaint failed to state a claim on the merits. *See id.* at 158. On appeal, the First Circuit explained that the district court improperly "reach[ed] the merits of [the plaintiff's] claims" against a defendant (AHS) over whom there was no personal jurisdiction because "a federal court generally may not rule on the merits of a case without first determining that it has . . . personal jurisdiction." *Id.* at 162 n.8 (quoting *Sinochem*, 549 U.S. at 430-31). Thus, for the defendant over whom the court held there was no personal jurisdiction, the First Circuit affirmed the personal jurisdiction ruling, but vacated the remainder of the judgment. *Id.* at 172.

Similarly, the Eleventh Circuit in *Madara v. Hall*, 916 F.2d 1510 (11th Cir. 1990), affirmed a trial court's dismissal for lack of personal jurisdiction, but vacated the merits holding "because [the defendant] was not subject to the jurisdiction of the court, and therefore could not be personally bound by its rulings. Therefore, the issue should not have been reached." *Id.* at 1514; *see also Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 204-05 (3rd Cir. 2021) ("The District Court did not resolve this dispute [regarding whether there was jurisdiction or standing] and instead chose to dismiss the SAC on the merits. This was error because a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over . . . the parties (personal jurisdiction)" (internal quotations omitted)); *Intera Corp. v. Henderson*, 428 F.3d 605, 621 (6th Cir. 2005) ("upon a determination that personal jurisdiction is lacking, a court should not dismiss a case on the merits"); *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 623 n.2 (5th Cir. 1999) ("Personal jurisdiction is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication.").

Here, this Court ruled over a year ago that it lacks personal jurisdiction over the non-Massachusetts Defendants. Although the Supreme Court has now issued a ruling on the sufficiency of the allegations in the complaint, this Court's jurisdictional holding means that the Court lacks the personal jurisdiction needed to dismiss on the merits. The proper disposition as to the non-Massachusetts Defendants is therefore dismissal solely under Rule 12(b)(2) for lack of personal jurisdiction.

Finally, dismissal of the non-Massachusetts Defendants for lack of personal jurisdiction should be without prejudice. The First Circuit has made clear that "a dismissal on jurisdictional grounds, as opposed to a merits dismissal, should ordinarily be made without prejudice." *United States v. González-Rivera*, 111 F.4th 150, 156 (1st Cir. 2024) (quoting *Rodriguez-Rivera v. Allscripts Healthcare Sols., Inc.*, 43 F.4th 150, 162 (1st Cir. 2022))); *see also N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009) (same).

### III.  CONCLUSION

Given this Court's ruling that it lacks personal jurisdiction over the non-Massachusetts Defendants, Plaintiff respectfully requests that the non-Massachusetts defendants be dismissed under Rule 12(b)(2) without prejudice based on a lack of personal jurisdiction.

Dated: August 13, 2025

Respectfully submitted,

/s/ Steve D. Shadowen
Steve D. Shadowen (*pro hac vice*)
Tina J. Miranda (*pro hac vice*)
Nicholas W. Shadowen (*pro hac vice*)
SHADOWEN PLLC
1135 W. 6th Street, Suite 125
Austin, TX 78703
Phone: 855-344-3298
sshadowen@shadowenpllc.com
tmiranda@shadowenpllc.com
nshadowen@shadowenpllc.com

4

        /s/ Jonathan E. Lowy
Jonathan E. Lowy (*pro hac vice*)
Yaacov (Jake) Meiseles (*pro hac vice*)
Global Action on Gun Violence
805 15th Street NW
#601
Washington, DC 20005
Phone: (202) 415-0691
jlowy@actiononguns.org
jmeiseles@actiononguns.org

## CERTIFICATE OF SERVICE

    I, Steve D. Shadowen, hereby certify that this document was filed with the Clerk of the Court via CM/ECF, which will forward copies to Counsel of Record.

Dated: August 13, 2025                                                        Respectfully Submitted,

                                                                          *s/ Steve D. Shadowen*
                                                                          Admitted *Pro Hac Vice*