**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| **ESTADOS UNIDOS MEXICANOS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **21-11269-FDS** |
| ) | |
| **SMITH & WESSON BRANDS, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## <u>ORDER CONCERNING JUDGMENT</u>

**SAYLOR, J.**

On September 30, 2022, the Court issued an order dismissing the claims against all defendants under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Court found that the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. §§ 7901-7903 *et seq.* barred Mexico's common-law tort claims. The Court assumed, without deciding, that the state statutory claims fell within the predicate exception to the PLCAA and went on to dismiss those counts for failure to state a claim as well. Several defendants had also moved to dismiss for lack of personal jurisdiction; in light of the dismissal for failure to state a claim, the Court denied those motions without prejudice as moot.

Defendants appealed the Court's finding that the PLCAA barred Mexico's tort claims. On January 22, 2024, the First Circuit issued its opinion, reversing "the [Court's] conclusion" on that issue and "remand[ing] . . . for further proceedings consistent" with its opinion. *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 91 F.4th 511, 538 (1st Cir. 2024).

On August 7, 2024, on remand from the Court of Appeals, the Court granted renewed motions to dismiss for lack of personal jurisdiction as to six defendants.  On October 4, 2024, the Supreme Court granted defendants' petition for a writ of certiorari.  On October 15, 2024, Mexico moved under Fed. R. Civ. P. 54(b) for entry of separate judgment as to the defendants whose motions to dismiss for lack of personal jurisdiction had been granted.  In light of the granting of the petition for a writ of certiorari, the Court stayed the proceedings and did not resolve the motion for a separate judgment.

On June 5, 2025, the Supreme Court issued its opinion, reversing the First Circuit's judgment and remanding the case to the circuit.  *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos,* 605 U.S. 280, 298-99 (2025).  On July 8, 2025, the First Circuit entered a judgment "affirm[ing] the district court's decision and remand[ing] the case for further proceedings consistent with the Supreme Court's opinion."  (Dkt No. 237).

The question now before the Court is whether (1) the claims of all defendants should be dismissed under Rule 12(b)(6) for failure to state a claim or (2) a subset of those claims should instead be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.  The ruling that was initially appealed, then reversed, and finally affirmed, was the dismissal of the tort claims against all defendants for failure to state a claim under Rule 12(b)(6).[1]  "The mandate rule requires that the trial court conform with the directions of the appellate court on remand."  *United States v. Davila-Felix*, 763 F.3d 105, 109 (1st Cir. 2014).  In the most recent remand order, the First Circuit stated that it was affirming the Court's decision dismissing the claims under Rule 12(b)(6).  Thus, to dismiss on other grounds would be inconsistent with the mandate.

---

[1] The Court also dismissed Mexico's claim against Colt for violation of the Connecticut Unfair Trade Practices Act and its claim against Smith & Wesson for violation of Mass. Gen. Laws ch. 93A, both for failure to state a claim.  Those rulings were not challenged on appeal.  *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 91 F.4th 511, 518 n.3 (1st Cir. 2024).

Furthermore, and in any event, PLCAA immunity is a threshold ground for dismissal that may be considered before determining the issue of personal jurisdiction.  The statute provides that "[a] qualified civil liability action may not be brought in any Federal or State court," and that any such action pending on the date of enactment must "be immediately dismissed by the court." 15 U.S.C. § 7902.  The PLCAA thus sets limits on the availability of the district court as a forum, independent of the merits of the underlying claims.  "A federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'"  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).[2]  Here, where the Supreme Court and First Circuit have remanded the case, expressly affirming the dismissal of plaintiff's claims on the basis of PLCAA immunity, it is appropriate to enter judgment on that basis even if the Court in the meantime had concluded that it lacked personal jurisdiction over a subset of defendants.[3]

For the foregoing reasons, and in light of the Supreme Court's ruling in *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280 (2025), the Court hereby directs the clerk to enter judgment dismissing all of plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[2] While those cases dealt with the sequencing of jurisdictional issues, PLCAA immunity is similar in that it is a basis for dismissal that does not address the merits of the underlying claims.

[3] Even if PLCAA immunity is more appropriately treated as a non-threshold merits question, the case might nonetheless be resolved on immunity grounds prior to resolving the issue of personal jurisdiction.  Where a jurisdictional question is "statutory, not constitutional," and "the outcome on the merits is foreordained," a federal court may "bypass the jurisdictional question."  *Royal Siam Corp. v. Chertoff*, 484 F.3d 139, 144 (1st Cir. 2007). Here, the personal-jurisdiction question is both statutory and constitutional, but the "outcome on the merits" is certainly "foreordained" given the Supreme Court's ruling that defendants are entitled to immunity.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  August 19, 2025                      United States District Judge